UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN SWIENCINSKI,<br>SCOTT BREIMEISTER,<br>VLADIMIR REDKO, M.D.,<br>CHRISTOPHER INCE, M.D., AND<br>RONNIE MCADA, JR. | Cr. No. 18-CR-368 |

<u>**REPLY REGARDING MOTION TO QUASH RULE 17 SUBPOENA**</u>

<u>/s/ Samy Khalil</u>
Samy Khalil
Texas Bar No. 24038997
samy@khalil.law
Joshua Lake
Texas Bar No. 24129249
joshua@khalil.law
**KHALIL LAW PLLC**
4200 Montrose Blvd., Suite 440
Houston, Texas 77006
713.904.4477 – Telephone
713.565.9915 – Fax

*Attorneys for non-party Pharms, LLC*

Pharms, LLC, moved to quash a Government Rule 17 subpoena requesting a broad array of privileged materials from a five-year span. Mtn. to Quash (Oct. 11, 2022), Dkt. 317. The Government asks the Court to deny that motion, but its arguments fail for at least four reasons. Gov't Resp. (Oct. 19, 2022), Dkt. 322.

### 1. Pharms is not a Party

The Government writes that a party waives attorney-client privilege when it asserts an advice-of-counsel defense. Gov't Resp. at 8–9, Dkt. 322. Whatever the merits of that legal principle, it has no application here. Pharms is not a party and has asserted no defenses, including advice of counsel. So Pharms has not waived its privilege by any such defense.

This is not the first time the Government has improperly sought to invade Pharms' attorney-client privilege. *See* Mtn. to Quash at 9 (Feb. 28, 2019), Dkt. 52 ("When Underwood met with company counsel, he was a paid consultant for Pharms and continued to be a paid consultant until mid-2018. The prosecution team knew this and intentionally injected themselves into Pharms' privileged conversations, exposing themselves to both attorney-client privileged materials under *Upjohn* and attorney work product.").[1] During that earlier stage of litigation, the Government opposed a motion to quash by emphasizing that Pharms is "a non-party to this matter." Gov't Resp. at 1 (Mar. 21, 2019), Dkt. 57; *id.* at 3 ("Though not a party to this case, Pharms now seeks extraordinary relief…"); *id.* at 9 (Pharms is not part of "the defense").[2]

---

[1] As of this filing, the prosecution team still has not offered *any* explanation as to why it agreed to accept from its "filter team" a recording of an interview of Erik Underwood by company counsel. Underwood had been the Government's informant since mid-2017, and the prosecution team knew that company counsel's October 23, 2017 interview of Underwood contained Pharms' privileged conversations under *Upjohn Co. v. United States*, 449 U.S. 383 (1981), and its attorney work product.

[2] *See also* Gov't Resp. at 9 n.10, Dkt. 57 (Pharms is an "uncharged company"); *id.* at 16 ("Pharms is not now, nor is likely to become, a party."); *see also* Gov't Supp. at 1 (May 6, 2019),

2

Crucially, the Government argued that the individual defendants in this case cannot claim attorney-client privilege for Pharms "because they are not the corporation." Gov't Supp. at 7 (May 6, 2019), Dkt. 70. The Government explained:

> ***Federal case law clearly holds that a corporation's attorney-client privilege belongs to the corporation, not to the corporation's officers and directors or shareholders.***

*Id.* (quoting *In re PWK Timberland, LLC*, 549 B.R. 366, 370–71 (W.D. La. 2015)). The Government now argues the exact opposite — that the individual defendants have waived *the corporation's* attorney-client privilege — without even attempting to reconcile that novel claim with its earlier arguments. Gov't Resp. at 8–9, Dkt. 322.

The Government now seeks again to invade Pharms' attorney-client privilege by conflating the company with the individual defendants. *See* Gov't Resp. at 6, Dkt. 322 ("Pharms and Defendants … waived privilege as to … all the documents listed on *their* exhibit lists"), 7 ("To illustrate: Breimeister lists as an exhibit…"), 8 ("Swiencinski also lists additional communications…"), 8–9 (when a *party* asserts reliance on counsel as a defense, that *party* waives privilege), 10 ("communications from counsel to Pharms and its agents" are "admissible as non-hearsay statements of agents" *of a party*) (emphases added). Pharms has not presented *any* defense because it is not a party to this litigation. Nevertheless, the Government asserts that individual defendants have waived *Pharms'* attorney-client privilege by their decisions in this litigation. *Id.* at 8–9. It cites no authority for that claim. As the Government said before, "a corporation's

---

Dkt. 70 ("Pharms, LLC … is not a party to this case"); *id.* at 2 ("Though not a party to this litigation, Pharms sought discovery and an evidentiary hearing"); *id.* at 5 ("Pharms, as a non-party, is not entitled to … an evidentiary hearing"); Gov't Resp. at 1 (May 22, 2019), Dkt. 86 ("Pharms is an uncharged third party"); *id.* at 2 ("Pharms is not a party"); *id.* at 3 ("Pharms is not a party"), *id.* at 6 ("Pharms [is] a non-party").

3

attorney-client privilege belongs to the corporation, not to the corporation's officers and directors or shareholders." Gov't Supp. at 7 (May 6, 2019), Dkt. 70. The Court should reject the Government's unsupported, newly raised argument to the contrary.

### 2. No Party Has Asserted an Advice-of-Counsel Defense

Even if the individual defendants could waive Pharms' attorney-client privilege, they have not asserted an advice-of-counsel defense, so privilege has not been waived on that basis. The Government concedes that defense counsel said "it is impossible" at this stage to know whether they will rely on such a defense. Gov't Resp. at 4, Dkt. 322. That is why the Government asked for "notice of whether [the defendants intend] to rely, as part of any defense during trial, on any [legal] advice" from certain attorneys. *Id.* at 5–6. The defendants have not, at this point, asserted any such defense. Thus, there is no merit to the Government's reliance on the principle that a party waives privilege when it "asserts reliance on advice of counsel as an essential element of his defense." *Id.* at 8.

### 3. Subject-Matter Waiver Does Not Apply

The Government also asserts that "[t]he law is clear" as to subject-matter waiver, *id.* at 9, but it fails to cite the governing rule. Instead, the Government relies primarily on cases that predate Federal Rule of Evidence 502, which became effective in 2008. Under that rule, when a party waives attorney-client privilege or work-product protection by disclosing certain materials to a federal office or federal agency, that waiver will *only* extend to undisclosed communications and information if three conditions are met. Fed. R. Evid. 502(a). First, the waiver must have been intentional; second, "the disclosed and undisclosed communications or information [must] concern the same subject matter"; and third, those materials "ought in fairness to be considered together." *Id.* The third requirement resolves this issue. "[S]ubject matter waiver … is reserved for those

*unusual situations* in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of *the adversary*." Fed. R. Evid. 502 Advisory Committee notes (emphasis added). Most courts have agreed that subject-matter waiver is only appropriate in rare cases when *a party* uses disclosure for an advantage in litigation.³ *A party* may not use privilege as both a sword and a shield.

This is not one of the "unusual situations" justifying subject-matter waiver of privilege. As the Government has repeatedly emphasized, Pharms is not a party to this case; and Pharms has not made *any* use of privileged material, much less a "selective or misleading" use for the purpose of gaining a litigation advantage. Absent those two factors, subject-matter waiver does not apply.

### 4. THE SUBPOENA FAILS TO SATISFY THE *NIXON* FACTORS

Finally, the Government has not satisfied the three-part test for subpoenas, established in *United States v. Nixon*, 418 U.S. 683, 698–99 (1974). *See* Mtn. to Quash at 5–8.

*First*, as for relevance, the Government offers no factual support, or even argument, to satisfy its burden. The Government only asserts that the requested materials "relate to the operation and management of Pharms and its pharmacies." Gov't Resp. at 9. Relevance, however, requires more than a relation to case-specific facts. *See* Fed. R. Evid. 401 (evidence is relevant if it would make a fact more or less probable *and* that fact is of consequence in determining the case).

---

³ *See, e.g.*, *McCullough v. Hanley*, No. 17-CV-50116, 2019 WL 3776962, at *12 (N.D. Ill. Aug. 12, 2019) ("subject matter waiver is reserved for rare cases in which a party attempts to use privileged information as both a sword and a shield in litigation"); *Freedman v. Weatherford Int'l Ltd.*, 12 Civ. 2121 (LAK) (JCF), at *8 (S.D.N.Y. July 25, 2014) ("Subject matter waiver is reserved for the rare case where a party either places privileged information affirmatively at issue, or attempts to use privileged information as both a sword and a shield in litigation."); *Theranos, Inc. v. Fuisz Techs., Ltd.*, Case No. C 11-5236 PSG, at **8–9 (N.D. Cal. May 16, 2013) (ordering additional disclosures because the defendant "appears primed to employ the favorable communications as a sword while guarding possibly damaging emails with the shield of the privilege, and that position undoubtedly creates an unfair prejudice to" the plaintiff).

The Government's blanket demand for five years of privileged material does not limit itself only to items "of consequence" in deciding this case. The subpoena fails the relevance test.

*Second*, regarding admissibility, the Government takes the surprising position that five years' worth of "all records," "all memoranda, legal opinions, [and] reports," and "notes or memoranda" would be admissible at trial. Gov't Resp. at 10 (referring to Subpoena at 3–4, Dkt. 317-1). Contrary to the Government's assertion that the subpoena requests only communications with attorneys, *id.* ("The subpoenaed materials fall into two categories: communications from" and to counsel), its subpoena demands "all records" and any "notes or memoranda" in multiple categories. Subpoena at 3–4. Neither of those demands is limited to communications only. As a result, the subpoena demands large quantities of inadmissible material.

Further erring, the Government asserts that any communications from attorneys to their client, Pharms, would be admissible against the individual defendants. Gov't Resp. at 10. The law may, as the Government says, create a hearsay exception for statements by an attorney in a representational capacity, but these attorneys did not represent the individual defendants — they represented Pharms, not its employees. Mtn. to Quash at 3 (the attorneys "previously served as counsel to Pharms"). For the same reason, the Government errs by relying on a hearsay exception for statements made by "an opposing party's agent [or] employee." Gov't Resp. at 10. The relevant attorneys were not agents or employees of the individual defendants.[4]

*Third*, as to specificity, the Government asserts that its subpoena is "narrowly tailored," but it does not point to any limiting language in the subpoena itself. As Pharms showed in its

---

[4] The Government also says Pharms needs to assert privilege. Gov't Resp. at 11. Pharms has. *E.g.*, Mtn. to Quash at 10–11. By requesting what it labels "communications from counsel to" and from clients, Gov't Resp. at 10, the Government has sought only privileged material, and the Government has failed to establish any relevant waiver of that privilege, as discussed above.

6

Motion to Quash, the subpoena demands five years of "all records," "all memoranda, legal opinions, or reports," "all factual information, records or communications," and "any attorney retention letter." Subpoena at 3–4.[5] Little wonder, given that expansive language, that the Government can identify no meaningful limiting language in the subpoena itself.[6]

### REQUESTED RELIEF

Accordingly, the Court should quash the Government's Rule 17 subpoena in its entirety.

Respectfully submitted,

/s/ Samy Khalil
Samy Khalil
Texas Bar No. 24038997
samy@khalil.law
Joshua Lake
Texas Bar No. 24129249
joshua@khalil.law
**KHALIL LAW PLLC**
4200 Montrose Blvd., Suite 440
Houston, Texas 77006
713.904.4477 – Telephone
713.565.9915 – Fax

*Attorneys for non-party Pharms, LLC*

---

[5] To be sure, the subpoena suggests a few minimal limitations based on whether a document relates to "the Client," which it defines to include 12 entities, 6 individuals, and all their agents and employees. Subpoena at 3. That perhaps aids the Government's relevance argument, but it does little to *specify* which documents Pharms must produce. Courts routinely quash subpoenas like this one, which demand "all" documents, *see* Mtn. to Quash at 6–7 (collecting cases), and there is no authority for the Government's atextual suggestion that Rule 17 applies different standards depending on whether a subpoena was issued by the Government or a defendant. *Contrast* Gov't Resp. at 10–11 ("skepticism is typically directed at subpoenas requested by defendants") *with* Fed. R. Crim. P. 17(c) (applicable to any subpoena).

[6] The Government is also wrong that Pharms must review five years' worth of attorney-client communications and assert privilege over every document individually. Gov't Resp. at 11. The subpoena specifically demands communications between attorneys and their clients, and it makes no effort to distinguish between privileged and non-privileged material. As a result, the subpoena should be quashed as overbroad. *See* Mtn. to Quash at 10.

## **CERTIFICATE OF SERVICE**

    I certify that on October 25, 2022, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record on the day of filing.

                                            /s/ Samy Khalil
                                            Samy Khalil