UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §  Criminal No. 18-CR-368 |
| | § |
| BRIAN SWIENCINSKI, | § |
| SCOTT BREIMEISTER, | § |
| VLADIMIR REDKO, M.D., | § |
| CHRISTOPHER INCE, MD, and | § |
| RONNIE MCADA, JR., | § |
| | § |
| Defendants. | § |

**UNITED STATES' OPPOSED MOTION *IN LIMINE* TO EXCLUDE UNFOUNDED ALLEGATIONS OF GOVERNMENT MISCONDUCT**

The United States of America respectfully moves this Court for an Order *in limine* precluding Defendants from arguing, eliciting on direct or cross-examination, or offering any evidence at trial regarding purportedly improperly obtained evidence or "invasion of the defense camp" by the government in this case, or purported impropriety or misconduct by a government witness, Mr. Erik Underwood, related to the same allegations. These allegations have repeatedly been proven baseless through prior briefing, affidavits, and hearings. As such, the Court denied defendants' prior requests for relief related to these allegations. Reference to these allegations should therefore be excluded as irrelevant, as they have no bearing on any elements or defenses in this case. *See* Fed. R. Evid. 401. Moreover, assuming such evidence were deemed relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, as introduction of this evidence would serve no purpose other than to confuse the issues, unfairly invoke sympathy of the jury, and encourage jury nullification. *See* Fed. R. Evid. 403.

1

## RELEVANT BACKGROUND

On September 7, 2022, the Court held a pretrial conference, during which it addressed at length defendants Swiencinski and Breimeister's Motion for a *Kastigar*-Like Evidentiary Hearing, To Suppress Illegally Obtained Evidence, or To Dismiss the Superseding Indictment. Dkt. No. 200. The defendants' motion centered on allegations related to the government's service of a subpoena; evidence obtained by the government from the defendants' company, Pharms LLC ("Pharms"), in response to that subpoena; and recordings made by a former Pharms employee and contractor whom the government intends to call as a witness during trial. During the hearing and in its opposition to that motion, Dkt. No. 205, the government detailed the defendants' repeated prior assertions of the same allegations despite having received information from the government and sworn affidavits from Mr. Underwood and his counsel debunking their claims of misconduct. During the pretrial conference, defense counsel continued to make demonstrably false assertions, which the government addressed and refuted in real-time.

At the hearing, the Court denied the defendants' requested relief finding that they failed to "put sufficient evidence in front of the Court" regarding their allegations of misconduct. (Sept. 7, 2022 Tr. 112:8-9.) No further evidence has been proffered by the defendants since the hearing. To the contrary, the day after the hearing, the government provided further information to counsel for defendant Swiencinski, which showed that a disputed screenshot was obtained from the Pharms production and which Swiencinski's counsel acknowledged in a September 8, 2022 response email "close[d] out [their] continued pursuit of that specific question."

There has been no showing of misconduct. The Court has ruled on the matter. Further insinuations or allegations of impropriety have no place before the jury. While the government cannot predict with certainty the defendants' trial strategy, their repeated assertion of these

unfounded allegations and their opposition to this motion inform the government's suspicion that they may try to avoid criminal liability for the charged offenses by shifting the blame to law enforcement through unfounded and irrelevant claims of law enforcement misconduct.

## LAW AND ANALYSIS

Evidence or argument regarding purported misconduct by the government is irrelevant to the crimes charged in the Superseding Indictment. *See* Fed. R. Evid. 401. The quality of the government's pretrial investigation does not make any fact of consequence in this case "more probable or less probable than it would be without the evidence." *Id.*; *see also United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998) ("Under our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty. The jury is not asked to render judgment about non-parties, nor is it normally asked to render a verdict on the government's investigation."); *United States v. Petters*, No. 08-364, 2009 U.S. Dist. LEXIS 100336, at *4-5 (D. Minn. Oct. 27, 2009) (granting government motion in limine regarding purported government misconduct and finding that arguments the government had not "worn a white hat" throughout were irrelevant to the issues in the case and likely to confuse the jury). "Governmental misconduct is relevant to a criminal trial only if it was so prejudicial that had it not occurred an acquittal would have been the likely result. Otherwise, governmental misconduct is a matter for independent investigation and action, if warranted." *United States v. West*, 672 F.2d 796, 801 (10th Cir. 1982). Here, particularly where there is no evidentiary support for such accusations, they are clearly irrelevant and inadmissible.

Even if such evidence were deemed relevant, the probative value is substantially outweighed by the danger of unfair prejudice and misleading the jury. Fed. R. Evid. 403. Any evidence introduced by the defendants relating to (disproven) misconduct allegations would be

designed to inflame and prejudice the jury in the hope that it would nullify a guilty verdict. Federal courts have roundly rejected jury nullification arguments. Indeed, since the Supreme Court's decision in *Hansen v. United States,* 156 U.S. 51 (1895), "federal courts have uniformly recognized the right and the duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed." *United States v. Drefke*, 707 F.2d 978, 982 (8th Cir. 1983); *see also, United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008) (district court properly instructed jury to disregard counsel's "blatant jury nullification arguments"); *United States v. Carr,* 424 F.3d 213, 220 (2d Cir. 2005) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, *17 (5th Cir. Apr. 9, 2001) (holding that counsel may not encourage the jury to "use its de facto power to refuse to apply the law as instructed by the court [and] exercise . . . such power in dereliction of the jury's sworn duty" (alterations in original and internal quotation marks omitted)).

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court preclude Defendants from arguing, eliciting on direct or cross-examination, or offering any evidence at trial regarding purportedly improperly obtained evidence or "invasion of the defense camp" by the government in this case, or purported impropriety or misconduct by a government witness, Mr. Erik Underwood, related to the same allegations, as any such evidence is irrelevant, inadmissible, and designed only to inflame, distract, and confuse the jury, and invite jury nullification.

Respectfully submitted,

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By: */s/ Katherine Raut*
    Aleza Remis
    Assistant Chief
    Devon Helfmeyer
    Katherine Raut
    Trial Attorneys
    Fraud Section, Criminal Division
    United States Department of Justice
    1000 Louisiana Street, 23rd Floor
    Houston, Texas 77002
    (713) 567-9406
    Aleza.Remis@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 2, 2022.

                                                  */s/ Katherine Raut*
                                                  Katherine Raut
                                                  Trial Attorney

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 2, 2022, the government conferred with counsel for all Defendants. Defendants Breimeister and Ince OPPOSE the relief sought. At the time of filing, Defendants Swiencinski, Redko, and McAda have not stated their position.

                                                  */s/ Katherine Raut*
                                                  Katherine Raut
                                                  Trial Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § | Criminal No. 18-CR-368 |
| § | |
| BRIAN SWIENCINSKI, § | |
| SCOTT BREIMEISTER, § | |
| VLADIMIR REDKO, M.D., § | |
| CHRISTOPHER INCE, MD, and § | |
| RONNIE MCADA, JR., § § | |
| Defendants. § | |

## ORDER

Upon due consideration, the Government's Motion in Limine to Exclude Unfounded Allegations of Government Misconduct is GRANTED.

It is so ORDERED.

_____                                                      _____
Date                                                                                          The Honorable Alfred H. Bennett
                                                                                                 United States District Judge