UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | Criminal No. 18-CR-368 |
| § | |
| BRIAN SWIENCINSKI, § | |
| SCOTT BREIMEISTER, § | |
| VLADIMIR REDKO, M.D., § | |
| CHRISTOPHER INCE, MD, and § | |
| RONNIE MCADA, JR., § | |
| § | |
| Defendants. § | |

### UNITED STATES' NOTICE REGARDING DEFENDANT BREIMEISTER'S ASSERTION OF AN ADVICE-OF-COUNSEL DEFENSE

The United States of America provides this briefing in response to the Court's November 10, 2022 request for specific citation to Defendant Breimeister's counsel's assertion of an advice-of-counsel defense during his opening statement. The government previously sought timely notice of Defendants' intent to assert an advice-of-counsel defense and related discovery. Dkt. 232.

Defendant Breimeister's counsel made several references to Defendant Breimeister's reliance on the advice of his attorneys in his opening statement, including the following[1]:

- "The evidence will show that Mr. Breimeister is not guilty. He worked with lawyers, Ms. DeBruhl. She's one of the best health care attorneys around." Tr. of Nov. 10, 2022 Trial Proceedings, 39:5-7.

- "Mr. Swiencinski asked Mr. Breimeister to work with lawyers to help create a joint venture for doctors to be part owners in a pharmacy. . . . [W]here did Mr. Breimeister go? He sought help from lawyers." *Id.* at 32:2-8.

- "Mr. Breimeister is working with lawyers to structure the joint venture deal with the doctors." *Id.* at 32:23-24.

---

[1] These citations are being provided from the daily transcript at the Court's request, but the government notes the disclaimer contained therein that it is an unedited transcript not to be relied upon for purposes of verbatim citation of the record as it has not been edited, proofread or corrected.

1

- "[H]e worked with legal counsel to figure out a way to get physicians to invest legally with Omni-One-Med." *Id.* at 33:17-19.

- "I think you heard our gentleman lawyer . . . who is on the second row, that he had known who Ms. DeBruhl was. Mr. Breimeister consulted her on how to run the business. Ms. DeBruhl wrote the lengthy position about the joint venture with the physician owners. He paid DeBruhl's firm thousands of dollars a month. He spent countless hours working with lawyers. He regularly sought their input." *Id.* at 39:8-15.[2]

Counsel's comments were clearly intended to cause the jury to believe that Defendant Breimeister sought the advice of counsel in his operation of the pharmacies and therefore lacked criminal intent. And if they were not for this purpose, then such references to the fact that he "regularly sought [lawyers'] input" or "spent countless hours working with lawyers" are irrelevant, confusing, and misleading, and Defendant Briemeister should therefore be precluded from making such arguments, eliciting testimony, admitting evidence, or otherwise implying that he communicated with or relied on counsel.[3]

---

[2] This quote was followed by a list of other people Mr. Breimeister "believed in," or relied upon – the doctors, the pharmacists, his employees, and his partners. Tr. of Nov. 10, 2022 Trial Proceedings, 39:16-25.

[3] During the cross examination of Mr. Terry Brickman, Defendant Swiencinski's counsel also sought to convey to the jury that defendants relied on the advice of counsel. After Mr. Brickman testified on direct examination that he did not know who Gil Ganucheau was, Defendant Swiencinski's counsel asked, "Gil Ganucheau, isn't it true he was the health care compliance expert and a former prosecutor who was advising the company on this issue?" Mr. Brickman reiterated, "I have no knowledge of that." Tr. of Nov. 10, 2022 Trial Proceedings, 209:7-11. The referenced exhibit, GEX 1049, squarely presents the problem of defense counsel's partial assertion of privilege: The exhibit contains an email from Defendant Breimeister to Gil Ganucheau, which Defendant Breimeister then forwards to Defendant Swiencinski, stating "These are the answers." The "answers" are, as Mr. Brickman has testified, and others will testify, lies that were told to a pharmacy benefit manager. The government is not in possession of the earlier email(s) between Mr. Breimeister and Mr. Ganucheau, if any, that *appear* to have resulted in the email at the bottom of GEX 1049. The government therefore lacks visibility into the context of Mr. Breimeister's sending the "answers" to Mr. Ganucheau or what advice, if any, Mr. Ganucheau provided in relation to this email. Yet, counsel improperly sought to testify through his questioning that the company relied on Mr. Ganucheau's advice.

The government does not believe that the defendants have any basis for a good faith reliance on an advice-of-counsel defense and believes any testimony sought on this issue would likely be inadmissible hearsay and violative of Federal Rule of Evidence 403.  However, to prevent a misleading impression from being conveyed to the jury, the United States respectfully requests that the Court enter an order that the privilege has been waived and that Defendants Breimeister and Swiencinski must provide full reciprocal discovery to the government, unless Defendants Breimeister and Swiencinski disclaim any further reliance on a defense of good faith reliance on advice of counsel.  *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."); *see also United States v. Lindo*, 18 F.3d 353, 356 (6th Cir. 1994) (To receive a jury instruction for an advice-of-counsel defense, a defendant must offer evidence of "(1) full disclosure of all pertinent facts to counsel, and (2) good faith reliance on counsel's advice.").

Fairness requires that if Defendants intend to assert a good faith advice-of-counsel defense, as Defendant Breimeister's opening statement and Defendant Swiencinski's cross examination of the first witness indicate, the government must be permitted to probe the extent to which Defendants disclosed material facts to their attorney(s), advice was provided, and Defendants actually relied on that advice.[4]

---

[4] The government understands that anticipation of this scenario was the basis for the Court's instruction during the October 27, 2022 hearing to counsel for Pharms LLC to segregate these materials in advance of trial. Because Defendants Breimeister and Swiencinski together own eighty percent of the company, the privilege is theirs to waive and they should not be permitted to wield it as both sword and shield.  *See Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 348 (1985) ("[T]he power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors.").  The other twenty percent is held by Leonard Carr, a cooperating defendant who has admitted to conspiring with Defendants in this fraud scheme and has not asserted privilege over these materials.

Respectfully submitted,

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By: */s/ Katherine Raut*
    Aleza Remis
    Assistant Chief
    Devon Helfmeyer
    Katherine Raut
    Trial Attorneys
    Fraud Section, Criminal Division
    United States Department of Justice
    1000 Louisiana Street, 23rd Floor
    Houston, Texas 77002
    (713) 567-9406
    Aleza.Remis@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 11, 2022.

      */s/ Katherine Raut*
      Katherine Raut
      Trial Attorney