UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § § | Criminal No. 18-CR-368 |
| BRIAN SWIENCINSKI, § SCOTT BREIMEISTER, § VLADIMIR REDKO, M.D., § CHRISTOPHER INCE, M.D., and § RONNIE MCADA, JR., § § Defendants. § § § | |

### UNITED STATES' OPPOSED MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT EVIDENCE REGARDING PHARMACY BENEFIT MANAGERS

The United States of America respectfully moves this Court for an order *in limine* pursuant to Federal Rules of Evidence 402 and 403 precluding Defendants from arguing, eliciting on direct or cross-examination, or offering at trial irrelevant, misleading, and unduly prejudicial evidence regarding Pharmacy Benefit Managers ("PBMs"). Such inappropriate topics include:

1. PBMs' relationship with manufacturers and distributors, including the "rebate" system and the "spread," *see* Exhibit A at 4 (Excerpt of Tr. of Nov. 10, 2022 Trial Proceedings);

2. PBMs' perceived abuse of power, including terminology like "bullies," or "choke off," *see id.* at 5, 6; and

3. PBMs' perceived anti-competitive practices, such as purported favored treatment for "their own pharmacies," and purported desire for independent pharmacies to fail, *see id.* at 5.

In his opening statement, counsel for Breimeister repeatedly argued[1] about PBMs before the jury (attached as Exhibit A), as follows:

---

[1] "*" indicates sentence where the Court sustained the government's objection to the opening based on improper argument.

1

- "Mr. Breimeister spent the next two and a half years at war with the PBMs for the very survival of the companies that he was charged with leading . . . I'm going to focus [on] . . . how PBMs control the prescription drug business. They have all the power, and they abuse it." *Id.* at 2.

- "And guess how the manufacturers get their drugs approved by the PBMs. They pay the PBMs money to put their drugs on the formulary. The industry uses a nice little clean word for that: Rebate. That sounds harmless. Let me be clear. It is a kickback. It is a legal kickback, but it is a kickback.*" *Id.* at 4.

- "[The PBMs] also make money by auditing the pharmacies, by going in and trying to choke off the business, by saying we want to look at all these prescriptions and burying the pharmacies in paperwork. These are independent pharmacies. Relatively small. This isn't CVS. This isn't Walgreens. This isn't Walmart. Why do they do this? In addition to making money off of the audits, the PBMs have their own pharmacies and they would rather drive the prescriptions to their own pharmacies so they can make more money. So the PBMs are literally competing with the independent pharmacies, including the ones that Mr. Breimeister oversaw. Who is Express Scripts? They will also be referred to as ESI? They are the biggest, baddest bully PBM on the block.*" *Id.* at 5.

- "Mr. Breimeister and Mr. Carr sold the pharmacies that they ran to valued employees because the PBMs had already marked them for fighting back and bullies will continue to try and—."* *Id.* at 6.

- "Mr. Breimeister was trying to avoid more wrongful terminations by PBMs." *Id.* at 6.

While the jury has already been instructed that opening statements are not evidence, Tr. of Nov. 9, 2022 Trial Proceedings, 261:10-13, the government anticipates that counsel for Breimeister (at least) will seek to elicit similar information from PBM witnesses the government intends to call (as early as Monday, November 14, 2022), fact witnesses, or from its own witnesses. Argument, testimony, or other evidence pertaining to the topics detailed above are inadmissible: (1) they are irrelevant to the case at hand because they have no tendency to make a fact of consequence more or less probable; and (2) are prejudicial, confusing, and misleading. *See* Fed. R. Evid. 401, 403. Specifically, such evidence is intended only to blame the victim of the

defendants' fraud or to seek a verdict based on jury nullification by appealing to emotion—both improper purposes.

Allowing such evidence at trial would be akin to allowing a defendant–borrower in a mortgage fraud trial who lied on mortgage applications to introduce evidence of the sub-prime mortgage crisis and variable-rate mortgages issued to unqualified home buyers. But such evidence would be completely irrelevant, as the bank's practices in offering mortgages to would-be borrowers, however unsavory the defendant may think them to be, does not tend to prove or disprove a material fact regarding the borrower's alleged fraud. Drawing the jury's attention to the mortgage crisis would serve only to distract the jury from the defendant's conduct and appeal to their emotions. It is little more than a red herring.

Similarly here, while reasonable people can disagree about health care policy and the drug industry, this case is not the appropriate venue for such a debate.[2] Analogous arguments about broader public policies have been excluded in other cases. *See, e.g., United States v. Chugay*, 2022 WL 1782583, at *3 (S.D. Fla. June 1, 2022) (precluding defendant in an immigration case from arguing that United States' immigration policies are unjust); *United States v. $114,700.00 in United States Currency*, 2019 WL 6130804, *3 (D. Colo. Nov. 19, 2019) (granting motion in limine to exclude testimony or argument regarding marijuana policy in a drug case and pointing out that "it is improper to present legal arguments—or policy arguments about what the law ought to be—to the jury").

Here, the Defendants are accused of engaging in a scheme to defraud government and private insurance (administered through the PBMs), based on their operation and management of

---

[2] Nor is this an appropriate venue to relitigate one of the pharmacy's 2014 lawsuit against Express Scripts, one of the PBMs. The government has already agreed it would not elicit the results of that trial.

a group of pharmacies. The scheme to defraud involved fraudulent claims and lies to PBMs. Evidence of the PBMs' relationship with manufacturers and distributors, their business practices, and their perceived outsized role in the industry is unrelated to the questions the jury will need to answer during their deliberations.

To be clear, the government is not requesting that the defendants be precluded from offering relevant and admissible evidence relating to the PBMs. For example, the government does not object to evidence regarding the PBMs' role in setting prices for prescription drugs, regarding the contract terms between PBMs and the Defendants' pharmacies, or the written agreement themselves.

Accordingly, the United States respectfully requests that this Court preclude Defendants from arguing, eliciting on direct or cross-examination, or offering any evidence at trial regarding the topics described above, as any such evidence is irrelevant, misleading, and designed only to inflame, distract, and confuse the jury, and to improperly invite jury nullification.

Respectfully submitted,

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By:  /s/ Devon Helfmeyer
     Aleza Remis
     Assistant Chief
     Devon Helfmeyer
     Katherine Raut
     Trial Attorneys
     Fraud Section, Criminal Division
     United States Department of Justice
     1000 Louisiana Street, 23rd Floor
     Houston, Texas 77002
     (713) 567-9513
     Devon.Helfmeyer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 13, 2022.

         */s/ Devon Helfmeyer*
         Devon Helfmeyer
         Trial Attorney

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 13, 2022, the government conferred with counsel for all defendants. Counsel for Breimeister opposes. At the time of filing, counsel for other defendants had not yet responded (likely due to the government's requested quick turnaround).

         */s/ Devon Helfmeyer*
         Devon Helfmeyer
         Trial Attorney