Exhibit C

| | |
|---|---|
| **From:** | Remis, Aleza (CRM) |
| **To:** | Goodman, Arianna G. |
| **Cc:** | Helfmeyer, Devon (CRM); Raut, Katherine (CRM); Ansley, Jeffrey J.; Ahmed, Ridwan (CRM); Devlin, Katherine M.; Deau, Samuel M. |
| **Subject:** | RE: [EXT] Pretrial Motions Meet & Confer RE McAda [VED-VP.FID4887601] |
| **Date:** | Monday, August 8, 2022 6:50:17 PM |



Arianna,

See below in BOLD this time.

Best,

Aleza

**From:** Goodman, Arianna G. <agoodman@vedderprice.com>
**Sent:** Monday, August 8, 2022 5:06 PM
**To:** Helfmeyer, Devon (CRM) <Devon.Helfmeyer@usdoj.gov>; Remis, Aleza (CRM) <Aleza.Remis@usdoj.gov>; Ahmed, Ridwan (CRM) <Ridwan.Ahmed@usdoj.gov>; Raut, Katherine (CRM) <Katherine.Raut@usdoj.gov>
**Cc:** Ansley, Jeffrey J. <jansley@vedderprice.com>; Devlin, Katherine M. <kdevlin@vedderprice.com>; Deau, Samuel M. <sdeau@vedderprice.com>
**Subject:** [EXTERNAL] RE: [EXT] Pretrial Motions Meet & Confer RE McAda [VED-VP.FID4887601]

Thank you, Devon. I made some notes in yellow. I think I have two additional questions for you below, but otherwise if I've misstated your position on anything, please let me know.

**From:** Helfmeyer, Devon (CRM) <Devon.Helfmeyer@usdoj.gov>
**Sent:** Monday, August 8, 2022 4:36 PM
**To:** Goodman, Arianna G. <agoodman@vedderprice.com>; Remis, Aleza (CRM) <Aleza.Remis@usdoj.gov>; Ahmed, Ridwan (CRM) <Ridwan.Ahmed@usdoj.gov>; Raut, Katherine (CRM) <Katherine.Raut@usdoj.gov>
**Cc:** Ansley, Jeffrey J. <jansley@vedderprice.com>
**Subject:** [EXT] RE: Pretrial Motions Meet & Confer RE McAda [VED-VP.FID4887601]


Good afternoon Arianna,
Our positions are in Red.

Sincerely,

**Devon Helfmeyer**
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
202-262-6576

**From:** Goodman, Arianna G. <agoodman@vedderprice.com>
**Sent:** Monday, August 8, 2022 2:43 PM
**To:** Remis, Aleza (CRM) <Aleza.Remis@usdoj.gov>; Ahmed, Ridwan (CRM) <Ridwan.Ahmed@usdoj.gov>; Helfmeyer, Devon (CRM) <Devon.Helfmeyer@usdoj.gov>; Raut, Katherine (CRM) <Katherine.Raut@usdoj.gov>
**Cc:** Ansley, Jeffrey J. <jansley@vedderprice.com>
**Subject:** [EXTERNAL] Pretrial Motions Meet & Confer RE McAda [VED-VP.FID4887601]

Aleza,

Here is an overview of what we're filing. I can give you more info on any of the below if that would be helpful. Please let me know your position on the six motions below.

1. Motion for Notice of Alleged Co-Conspirator Statements – Opposed to the extent this request goes beyond the Government's obligations under Rule 16, *Brady*, and *Giglio*. We do plan to provide notice of individuals who we anticipate we will be offering as non-testifying co-conspirators for the purposes of Rule 801(d)(2)(E). Additionally, the exhibit list should satisfy much of this request. Based on the government's agreement to provide notice, we will not file this motion. What is the government's proposed timeframe for that notice? **We will likely have a more firm response when we have exhibits ready.**
2. Motion for Production of Information Favorable to the Accused Pursuant to Brady – Opposed to the extent this request goes beyond the Government's obligations under *Brady* and *Giglio*.
3. Motion to Disclose all Evidence Government Intends to Offer Pursuant to 404(b) Evidence – We just sent around our filing and do not believe any of the categories of evidence we are seeking to admit is 404(b). Please let me know if this resolves your Motion. I understand your statement to mean the categories you noticed are intrinsic to the offenses. But let me know if that's incorrect. And also, just to confirm, you don't have any purported 404(b) related to McAda? If your representation is that there is no 404(b) on McAda, then we will not file. **We do not anticipate any 404(b) with respect to McAda.**
4. Motion to Produce Arrangements Made or Extended to Gov witnesses and Grants of Immunity – Opposed to the extent this request goes beyond the Government's obligations under *Brady* and *Giglio*.
5. McAda's Waiver of Attendance at PTC – No position.
6. On behalf of all defendants - Joint Motion for Additional Peremptory Challenges (requesting 15 total for the defense) – We may be able to agree to this, but need more information from the Court relating to the size of the pool, etc. So, you can list us as opposed for now.

Four Questions:

1. Can you tell us your plan regarding Jencks materials? We would generally file a motion asking for it a week in advance of trial given the length of this trial and the number of anticipated witnesses to try to cut down on any delay. We have been providing you with Jencks material on an ongoing basis, and will continue to do so. We will go ahead and file a Jencks motion

which will request materials be provided at least a week prior to testimony. I will summarize our response in our cert. of conference. **Ok.**

2. Can you confirm we've received all the electronically or video recorded material in this case? We normally file a motion on that to be safe, but we don't want to inundate you with motions to respond to if you can confirm we have everything. I believe you have everything, though as we prepare for trial we continue to check and double check, and will provide you any additional discoverable electronically/video recorded materials. This resolves it - will not file a motion. **Ok.**

3. We intended to file a motion in limine regarding Kennedy's indictment and the Texas Medical Board Administrative proceeding and order. However, I believe the government's motions may cover everything we were seeking to exclude.

    1. Kennedy's indictment and the fact that she has been charged - I read your 12:54 email, section 2(c) to exclude any reference to those topics. We do not intend to elicit (and would object to) evidence that she has been charged (unless she were to testify or someone otherwise opens the door).
    2. The referral of the CVS/Caremark audit to the TMB and the TMB's proceeding and agreed order with Dr. Kennedy- Based on section 3(b) of your email, is the government going to reference the TMB investigation and ultimate findings? We do not intend to elicit testimony/admit evidence regarding the subject matter or results of the TMB audit. We may admit evidence (likely through Mr. McAda's recorded statement) that he paid Dr. Kennedy's fine. Any mention of the TMB, therefore, would be as background, if that. Think in an abundance of caution we're going to file a motion in limine on both of these points. We'll include as to section (1) (Kennedy) ou're unopposed subject to opening the door, but as for section (2) I will summarize our response. **Ok.**

**REDACTED PURSUANT TO FRE 408**

Thank you,
Arianna

**Arianna G. Goodman,** Shareholder

# VedderPrice

T 469 895 4780
M 662 394 9566
100 Crescent Court Suite 350, Dallas, TX 75201

web | email | offices | biography

CONFIDENTIALl1Y NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure

under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 609-5038 and also indicate the sender's name. Thank you.

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, with Vedder Price (CA), LLP which operates in California and with Vedder Price Pte. Ltd. which operates in Singapore.