# EXHIBIT 2

```
                     IN THE UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION


_____
                                   )
UNITED STATES OF AMERICA            )
                                    ) CRIMINAL ACTION NO.
VS.                                 ) 4:18-CR-368
                                    )
BRIAN SWIENCINSKI,                  )
SCOTT BREIMEISTER,                  )
VLADIMIR REDKO, M.D.,               )
CHRISTOPHER INCE, M.D., AND         )
RONNIE MCADA, JR.                   ) 9:05 A.M.
_____)


         MISCELLANEOUS HEARING AND PRETRIAL CONFERENCE
            BEFORE THE HONORABLE ALFRED H. BENNETT
                UNITED STATES DISTRICT JUDGE
                     SEPTEMBER 7, 2022

APPEARANCES:
```

**FOR PLAINTIFF:**
MS. ALEZA SIMONE REMIS
MR. DEVON MOREL HELFMEYER
MS. KATHERINE RAUT
Department of Justice
Department of Justice
1400 New York Ave NW
Washington, DC  20005
(202)674-5541

**FOR DEFENDANT SWIENCINSKI:**
MR. BRANDON NELSON MCCARTHY
Katten Muchin Rosenman, LLP
2121 North Pearl Street, Suite 1100
Dallas, Texas  75201
(214)765-3680

MS. MARY C. FLEMING
Katten Muchin Rosenman, LLP
2900 K Street NW, Suite 200
Washington, DC  20007
(202)625-3754

Proceedings recorded by mechanical stenography, transcript produced by computer.

```
 1  APPEARANCES CONTINUED:

 2  FOR DEFENDANT BREIMEISTER:
    MR. DAN LAMAR COGDELL
 3  Jones Walker LLP
    811 Main Street, Suite 2900
 4  Houston, Texas  77002
    (713)437-1869
 5
    MR. JOSH BARRETT SCHAFFER
 6  Schaffer Law Offices
    1021 Main Street, Suite 1440
 7  Houston, Texas  77002
    (713)951-9555
 8
    FOR DEFENDANT REDKO:
 9  MR. JIM E. LAVINE
    Zimmermann Lavine & Zimmermann P.C.
10  770 South Post Oak Lane, Suite 620
    Houston, Texas  77056
11  (713)552-0300

12  MR. BRENT EVAN NEWTON
    Gerger Hennessy & Martin LLP
13  700 Louisiana, Suite 2300
    Houston, Texas  77002
14  (713)224-4400

15  FOR DEFENDANT INCE:
    MR. SAMUEL LOUIS
16  MR. JUSTO A. MENDEZ
    Holland & Knight
17  811 Main Street, Suite 2500
    Houston, Texas  77002
18  (713)821-7000

19  FOR DEFENDANT MCADA:
    MR. JEFFREY J. ANSLEY
20  MS. ARIANNA G. GOODMAN
    MR. SAMUEL M. DEAU
21  Vedder Price P.C.
    100 Crescent Court, Suite 350
22  Dallas, Texas  75201
    (469)895-4800
23
    ALSO PRESENT:
24  MR. RIDWAN AHMED

25
```

1  APPEARANCES CONTINUED:

2  **COURT REPORTER:**
   Heather Alcaraz, CSR, FCRR, RMR
3  Official Court Reporter
   515 Rusk, Suite 8004
4  Houston, Texas  77002
   (713)250-5584

| | |
|---|---|
| 1 | committing tax fraud -- |
| 13:59:02  2 | **THE COURT:** I'm unclear as to what you're asking me. |
| 13:59:04  3 | **MS. REMIS:** I suppose we were overbroad in our notice |
| 4 | of intrinsic evidence, and we should probably not have been so |
| 5 | overbroad, and maybe the Court can just take this up at the time |
| 6 | with more context.  I mean, I'm happy to wait it out. |
| 13:59:16  7 | **THE COURT:** Let's do that. |
| 13:59:17  8 | **MS. REMIS:** Yeah. |
| 13:59:18  9 | **THE COURT:** What's next? |
| 13:59:21 10 | **MS. REMIS:** I believe that's all from the government, |
| 11 | Your Honor. |
| 13:59:24 12 | **THE COURT:** Very well.  Turning my attention now to |
| 13 | defense counsel, are there pretrial items that you -- needs the |
| 14 | Court's attention that would impact anyone on either voir dire, |
| 15 | opening statement, or the prosecution's case in chief, assuming |
| 16 | we get started next week? |
| 13:59:41 17 | **MR. MCCARTHY:** Yes, Your Honor.  The first one is the |
| 18 | -- it's really what I referred to earlier as the 404(b) that we |
| 19 | are seeing popping up and she's referred to some of in the |
| 20 | exhibits, as well as the witnesses.  I'll give you a specific |
| 21 | example.  State's -- or Government's Exhibit 529 to 533 involves |
| 22 | a man named Homer -- it's Zucally [sic], and I'll spell that. |
| 23 | It's Z-U-L-A-I-C-A. |
| 14:00:05 24 | The reason he's important, Judge, is because the |
| 25 | government at least -- |

14:00:10  1      **THE COURT:** Well, let me stop you just -- and maybe
          2  this is an issue.  You're arguing an objection to an exhibit
          3  that has not yet been offered.  Am I miss- --
14:00:26  4      **MR. MCCARTHY:** That's correct.  I'm objecting to this
          5  being mentioned in opening statement.  That's specifically what
          6  I'm objecting to.
14:00:32  7      **MS. REMIS:** We're not going to.
14:00:33  8      **THE COURT:** Yeah.  I mean, by way of opening
          9  statement, if there are exhibits that you wish to have admitted
         10  that you wish to refer to, I'm happy to deal with that, but I'm
         11  entertaining respectfully, if I'm hearing you correctly, an
         12  objection to an exhibit that has not yet been offered.
14:00:52 13      **MR. MCCARTHY:** And what I would like, because I don't
         14  want to throw the skunk in the jury box right out of the gate --
14:00:57 15      **THE COURT:** I think counsel just said that she will
         16  not be mentioning that exhibit during opening statement.
14:01:03 17      **MR. MCCARTHY:** Or that witness.
14:01:04 18      **MS. REMIS:** Sorry.  May I just say, Your Honor, we --
         19  because of the volume of exhibits, we haven't had a chance to
         20  actually confer about the objections on the exhibits.  I think
         21  we can do that, and -- if everybody's okay with that on your
         22  end.
14:01:16 23          We just -- I would be able to do that.
14:01:19 24      **THE COURT:** This is a good point to kind
         25  of -- this -- I know that for you to be efficient at what you

```
 1   do, there are certain exhibits that you, perhaps, would like to
 2   mention in your opening statement.  I also know that there are
 3   certain exhibits that there are going to be no objections to.
 4            I would suggest that you meet and confer and have
 5   those exhibits indicated as no objection or admitted by consent.
 6   I will then sign off on that prior to opening statements
 7   starting.  Then those exhibits are actually in evidence, and
 8   then just leaving for the Court's determination at a later time
 9   those exhibits which actually have objections, are in
10   contention, and I'll take those up as needed either prior to
11   opening statement, if you say, "This is an exhibit I need a
12   ruling on because I had hoped to mention it in opening
13   statement," or perhaps when a witness is coming to the stand,
14   and we can do it over a break or the day before and get that
15   resolved.
16            But I think, by way of efficiency, if you meet and
17   confer on exhibits that you don't have objections to, we can get
18   those admitted, and then you'll know what's in play for purposes
19   of your opening statement.
20            And I keep a running list on paper as to what's in
21   evidence.  And, of course, if it's in evidence, you can pop it
22   up on the screen during opening statement, whatever you like,
23   but it has to be in evidence.  Exhibits or any other evidence
24   that is not in evidence, that's not to be discussed in opening
25   statement.
```

14:03:20  1        Obviously, you're previewing testimony, what you
        2  intend to show, and you can talk about it in that fashion, but
        3  to flash it up on the screen as if it's in evidence, you don't
        4  go that route. So with that being said, we're going to have
        5  some time in here, at a minimum through close of business
        6  tomorrow because the Court will be awaiting certain affidavits
        7  or statements -- I won't call it affidavit -- from a doctor
        8  talking about the medical conditions of two witnesses for which
        9  the Court needs a ruling on the motion for continuance. But I
       10  think that gives you some time to meet and confer about the
       11  exhibits, and then the Court can take those up in due course.
14:04:10 12        So with that being said -- I know I turned to the
       13  defense. Is there anything else that you need by way of --
14:04:17 14        **MR. MCCARTHY:** Judge, it was really not bringing in
       15  evidence of other health care fraud conspiracies not related to
       16  this one in front of the jury in opening, because then it's -- I
       17  mean, it's --
14:04:24 18        **THE COURT:** Just -- just as I've told the prosecution,
       19  we're trying the five-count -- I mean, I'm sorry, five-defendant
       20  case. That's the case we're trying.
14:04:34 21        **MR. MCCARTHY:** Yes, Your Honor.
14:04:37 22        **THE COURT:** Anything else from the defense?
14:04:39 23        **MR. COGDELL:** Judge, and I don't want to be the guy
       24  asking the teacher if they forgot to give us homework, but I
       25  hear you on the affidavits or the physician statements, and