UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Criminal No. 18-CR-368 |
| § | |
| BRIAN SWIENCINSKI, § | |
| SCOTT BREIMEISTER, § | |
| VLADIMIR REDKO, M.D., § | |
| CHRISTOPHER INCE, MD, and § | |
| RONNIE MCADA, JR., § | |
| § | |
| Defendants. § | |

**UNITED STATES' OPPOSITION TO DEFENDANT SWIENCINSKI'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF HOMER ZULAICA, REFERENCES TO WHITE ENVELOPING, AND RELATED EVIDENCE**

Defendant Swiencinski seeks to exclude testimony, recordings, and other evidence relating to payments he made to doctors in the course of the charged conspiracy. This conduct is intrinsic to the scheme and is specifically alleged in the Superseding Indictment. Paragraph 54 alleges that Swiencinski and others "often paid prescribers including Redko, Ince, and others, kickbacks and bribes, in exchange for medically unnecessary prescriptions for compounded and other drugs." Paragraph 54 is incorporated by reference into Count One (*see* Paragraph 68), which charges a conspiracy to commit mail fraud, wire fraud, and health care fraud.

The government anticipates that Brad Madrid, a former employee of Defendant Swiencinski's company, Pharms LLC, will testify that while he worked for Defendant Swiencinski, he expressed to Defendant Swiencinski an interest in becoming a Pharms LLC sales representative. The government expects Mr. Madrid will testify that Defendant Swiencinski's response was that Mr. Madrid did not strike Defendant Swiencinski as the kind of guy to hand an

1

envelope to a doctor. The government anticipates Mr. Madrid will also testify that Defendant Swiencinski gave Mr. Madrid numerous cash payments while Mr. Madrid worked at Pharms LLC.

The government has introduced, and will introduce, other evidence of Defendant's Swiencinski's payments to doctors. For example, bank records reflect payments of more than $1.1 million from Defendant Swiencinski to Defendant Ince during the course of the conspiracy, including while Defendant Ince was signing off on prescriptions to be filled at Defendant Swiencinski's pharmacies for Defendant Swiencinski's friends who Defendant Ince never saw or treated.

The government intends to introduce Defendant Swiencinski's own recorded statements about paying doctors during the charged conspiracy. On a recorded call two days after Defendant Swiencinski was interviewed in his California house by law enforcement, Defendant Swiencinski acknowledged paying a doctor, Matt Thorson, "for scripts written with a PA" and acknowledged that doing so was "stupid." (Government's Exhibit 530.) These statements by the Defendant are corroborated by bank records reflecting dozens of payments by Defendant Swiencinski to Matthew Thorson during the charged conspiracy.

Evidence relating to Defendant Swiencinski's payments to doctors during the charged conspiracy is plainly intrinsic, and such intrinsic evidence is "not prohibited by Rule 404(b), when it is part of the crime charged." *United States v. Barnes*, 803 F.3d 209, 220 (5th Cir. 2015). That is because an "act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged." *Barnes*, 803 F.3d at 220 (quoting *United States v. Miller*, 116 F.3d 641, 682 (2d Cir. 1997)) (alterations in original).

Nor is this evidence unduly prejudicial. This evidence is prejudicial—though not unfairly so—precisely because of its probative value. It is highly relevant and it is admissible. Because "all probative evidence is by its very nature prejudicial" and the Federal Rules of Evidence "embody a strong and undeniable preference" in favor of admitting probative evidence, district courts should exclude evidence under Rule 403 in very few circumstances. *United States v. Curtis*, 635 F.3d 704, 716-17 (5th Cir. 2011) (internal citations omitted); *see also Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir.2006) ("'Unfair prejudice' as used in rule 403 is not to be equated with testimony that is merely adverse to the opposing party. Virtually all evidence is prejudicial; otherwise it would not be material. The prejudice must be 'unfair.'") (internal quotations omitted). The government has charged a conspiracy involving bribes and kickbacks to doctors and must be permitted to introduce admissible evidence of those payments, including evidence of the Defendant's own statements that the Defendant now seeks to exclude.

Respectfully submitted,

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By: */s/ Katherine Raut*
    Aleza Remis
    Assistant Chief
    Devon Helfmeyer
    Katherine Raut
    Trial Attorneys
    Fraud Section, Criminal Division
    United States Department of Justice
    1000 Louisiana Street, 23rd Floor
    Houston, Texas 77002
    (713) 567-9000
    Katherine.Raut@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on December 3, 2022.

                                          */s/ Katherine Raut*
                                          Katherine Raut
                                          Trial Attorney