**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| BRIAN SWIENCINSKI (01) | § | Case No. 4:18-CR-00368 |
| SCOTT BREIMEISTER (02) | § | |
| VLADIMIR REDKO, M.D. (03) | § | |
| CHRISTOPHER INCE, M.D. (04) | § | |
| RONNIE MCADA, JR. (05) | § | |

**DEFENDANTS BRIAN SWIENCINSKI, SCOTT BREIMEISTER, CHRISTOPHER INCE AND RONNIE MCADA'S OBJECTIONS TO GOVERNMENT'S PROPOSED FEDERAL RULE OF 1006 SUMMARY CHARTS AND TESTIMONY**

Defendants Brian Swiencinski, Scott Breimeister, Christopher Ince, and Ronnie McAda, Jr. (collectively, "defendants") file these preliminary objections to certain proposed Federal Rule of Evidence 1006 government summary charts and the anticipated summary testimony the government is expected to elicit in connection with those charts. In support, defendants state as follows:

## I. INTRODUCTION

On December 4, 2022, the government produced around 42 summary charts that it intends to use with certain witnesses on Monday, December 5, 2022. In many cases, the government's proposed charts include information that has not been presented to the jury through any fact witness, exhibit, or discussed by a witness with alleged personal knowledge. Even more troubling, significant portions of these charts and expected summary testimony clearly will be offered by the

government to address issues that go to the heart of its superseding indictment and, specifically, whether defendants' actions amount to criminal conduct.

Based on the content of the charts received from the government, there are case defining issues that it plans to address through this summary evidence, including the following:

- The validity of thousands of compound prescriptions written by numerous physicians and filled at the relevant pharmacies;
- Whether those prescriptions were written and/or signed by those providers or forged, copied, or otherwise improperly obtained;
- Whether appropriate physician-patient relationships existed sufficiently to validate the prescriptions;
- Whether the prescriptions in question and at the heart of this case were medically necessary;
- Whether the applicable pharmacies properly filled prescriptions they received;
- Whether the applicable pharmacies took appropriate steps to collect patient co-pays;
- Whether the actions of sales representatives like Mr. McAda in marketing the prescriptions were appropriate;
- Whether sales representatives who worked for Mr. McAda's and other marketing companies engaged in proper marketing activities; and
- Whether such marketers were paid to receive prescriptions for themselves and/or family members instead of for legitimate marketing activities.

The problems and improprieties in the government's planned approach are numerous. Critically, the summary evidence proposed by the government, if admitted, would violate Defendants' Sixth Amendment right to confrontation of the actual fact witnesses against them.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Evidence 1006 governs the admissibility of summary evidence at trial, it states:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

FED. R. EVID. 1006. This rule does not specifically address summary witnesses or the summarization of trial testimony. *United States v. Fullwood*, 342 F.3d 409, 413 (5th Cir. 2003). This omission is significant—"plainly, the rule does not contemplate summarization of live testimony presented in court." *Id.* (citing *United States v. Castillo*, 77 F.3d 1480, 1499 n. 36 (5th Cir. 1996).

The Fifth Circuit has "repeatedly warned" of the dangers of the admission of summary witness testimony. *United States v. Nguyen*, 504 F.3d 561, 572 (5th Cir. 2007) (stating "[s]ummary witnesses may "not be used as a substitute for, or a supplement to, closing argument."). Further, it is axiomatic that summary witnesses cannot be used to introduce evidence that has not been previously heard by the jury. *See id.* at 573; *see also United States. v. Diez*, 515 F.2d 892, 905 (5th Cir. 1975) (holding summaries are not evidence). A summary witness's testimony is only proper when the testimony comes after the evidence that it is summarizing is presented. *See United States v. Akins*, 746 F.3d 590, 601 (5th Cir. 2014) (reasoning that a summary witness's testimony was proper because it came "only as the evidence was presented.").

Critically, when summaries are based on testimonial hearsay where a defendant did not have the opportunity to cross examine a witness, there is a confrontation clause violation. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). Here, there is a clear confrontation clause issue given that a summary witness will testify to facts that a fact witness has not yet testified.

## III. ARGUMENT

The summary evidence proposed by the government, if admitted, would violate defendants' Sixth Amendment right to confrontation of the actual fact witnesses against them. The government's planned approach permits it to present scores of allegedly fraudulent prescriptions without actually proving them to be fraudulent. The core of this case centers on whether the thousands of prescriptions written by providers, and filled by the pharmacies, were improper for various reasons, including because they were allegedly medically unnecessary, forged, improperly refilled, or obtained through illegal marketing practices.

By necessity, this evidence cannot be presented in summary fashion through summary witnesses and summary exhibits that assume—without knowing or proving—the very fraud for which they are tendered to prove. Instead, this evidence must be presented through actual fact witnesses with factual knowledge of the underlying conduct that the government alleges was fraudulent and the defendants contend was not. To permit otherwise would deprive defendants of the basic right to confront government witnesses with actual, direct knowledge of the conduct on which the government's charges are based and that must be proven.

If the government is permitted to present this evidence, defendants' counsel will be required to ask summary witnesses about complex fact scenarios when they have no personal knowledge. For instance, if asked about the validity of certain marketing activities that summary charts will be offered to prove were invalid—or illegal, as the government alleges—the

government's witnesses will be expected to consistently answer, "I don't know." Indeed, they must. The witnesses lack any personal knowledge of the facts of the underlying activities of defendants about which they would testify. Cross examinations of this nature are redundant, unnecessary, and risks confusing the issues in front of the jury.

Because the fact witnesses themselves are, and have been, available to the government to testify to these central issues and be exposed to genuine cross examination, the Court cannot permit them to be shielded from that examination through the improper use of summary exhibits and testimony. The government chose not to present those witnesses to this point in its case-in-chief (or in some cases, not to ask them the appropriate questions when on the stand). The government must live by that decision now—and in doing so, should not be permitted to do an end-run around the defendants' right to confrontation through a parade of summary witnesses whose case knowledge consists of what the government poured into them in preparation for trial.

Additionally, there are a host of factual issues including assumptions, conclusions, or both, based on hearsay. *See, e.g*., government exhibit 20, 23, 25, 27, 31, 40. To the extent that any of the government's summary charts contain or are based on such assumptions or conclusions, they are improper Rule 1006 charts. Therefore, they should not be testified to or admitted into evidence.

## IV. CONCLUSION

For the foregoing reasons, Defendants object to the introduction of summary witness testimony.

Dated: December 5, 2022.

*/s/ Jeff Ansley*
Jeffrey J. Ansley
Texas Bar No. 00790235
jansley@vedderprice.com
Arianna G. Goodman
Texas Bar No. 24109938
agoodman@vedderprice.com
Samuel M. Deau
S.D. Tex. No. 3791231
sdeau@vedderprice.com
Vedder Price, P.C.
100 Crescent Court, Suite 350
Dallas, Texas 75201
(469) 895-4790

**Attorneys for Ronnie McAda Jr.**

*/s/ Josh Schaffer*
Josh Schaffer
State Bar No. 24037439
1021 Main, Suite 1440
Houston, Texas 77002
(713) 951-9555
(713) 951-9854 (facsimile)
josh@joshschafferlaw.com

Dan Cogdell
State Bar No. 04501500
Jones Walker
811 Main Street, Suite 2900
Houston, TX 77002
(713) 437-1869
(713) 437-1810 (facsimile)
dcogdell@joneswalker.com

**Attorneys for Scott Breimeister**

*/s/ Brandon McCarthy*
Brandon McCarthy (admitted *pro hac vice*)
Attorney-in-Charge
State Bar No. 24027486
Rachel M. Riley
State Bar No. 24093044
S.D. Bar No. 2810706
KATTEN MUCHIN ROSENMAN LLP
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
(214) 765-3600
(214) 765-3602 (facsimile)
brandon.mccarthy@katten.com
rachel.riley@katten.com

Mary C. Fleming (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2900 K Street NW, North Tower - Suite 200
Washington, DC 20007
(202) 625-3754
(202) 298-7570 (facsimile)
mary.fleming@katten.com

Michael A. Villa, Jr.
State Bar No. 24051475
S.D. Federal ID No. 3256126
MEADOWS, COLLIER, REED,
COUSINS, CROUCH & UNGERMAN, LLP
901 Main Street, Suite 370
Dallas, TX 75202
(214) 744-2700
(214) 747-3732 (facsimile)
mvilla@meadowscollier.com

**Attorneys for Brian Swiencinski**

/s/ Samuel J Louis
Samuel J. Louis
Texas Bar No. 12588040
811 Main St., Suite 2500
Houston, Texas 77002
(713) 821-7000 (Telephone)
(713) 821-7001 (Facsimile)
Samuel.louis@hklaw.com
**Attorney for Christopher Ince**

**CERTIFICATE OF CONFERENCE**

I certify that on December 5, 2022, I conferred with Assistant U.S. Attorney Devon Helfmeyer. The government opposes this motion.

*/s/ Jeff Ansley*
Jeffrey J. Ansley

**CERTIFICATE OF SERVICE**

I certify that on December 5, 2022, I electronically transmitted the foregoing document to the Clerk for the U.S. District Court, Southern District of Texas, using the ECF system of the Court.

*/s/ Jeff Ansley*
Jeffrey J. Ansley