UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Criminal No. 18-CR-368 |
| BRIAN SWIENCINSKI, SCOTT BREIMEISTER, VLADIMIR REDKO, M.D., CHRISTOPHER INCE, MD, and RONNIE MCADA, JR., | § § § § § § § | |
| Defendants. | § | |

## NOTICE OF DISCLOSURE OF MEMORANDA OF INTERVIEWS

On the afternoon of December 9, 2022, the government discovered a memorandum of interview of Leonard Carr ("Carr MOI") from July 20, 2022, and a memorandum of interview of Stacey Mayeur ("Mayeur MOI") from August 22, 2022, that had unintentionally not previously been produced.[1] Both were discovered during the process of reviewing agents' rough notes.

With respect to the Carr MOI, the report was emailed to the attorneys on July 29, 2022, but it was inadvertently not added to the case file. With respect to the Mayeur MOI, the attorneys had not received it prior to reviewing the rough notes today.

Upon discovery, the government immediately provided the memoranda of interview along with the rough notes to counsel for the defendants by e-mail.

---

[1] It has been our practice in this case to provide counsel for the defendants with memoranda of interviews. Such memoranda are not subject to disclosure pursuant to Federal Rule of Criminal Procedure 16(a)(2) ("Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."). Nor is a memorandum of interview a statement of the interviewed witness ("Jencks" material) pursuant to Federal Rule of Criminal Procedure 26.2, which defines "statement" as "a written statement that *the witness* makes and signs, or otherwise adopts and approves." *See United States v. Muckenstrum*, 515 F.2d 568, 570 (5th Cir. 1975) (finding that an FBI report was not the witness's statement under *Jencks* when it did not quote directly from the witness, was not signed by the witness, and had not been seen by the witness).

The government is attaching under seal a copy of the Carr MOI and the Mayeur MOI, as well as the correspondence with defense counsel related to the disclosure. Based on a review of the memoranda of interview and the witnesses' testimony, the testimony was not inconsistent.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By: /s/ Aleza Remis
    Aleza Remis
    Assistant Chief
    Devon Helfmeyer
    Katherine Raut
    Trial Attorneys
    Fraud Section, Criminal Division
    United States Department of Justice
    1000 Louisiana Street, 23rd Floor
    Houston, Texas 77002
    (713) 567-9406
    Aleza.remis@usdoj.gov

**CERTIFICATE OF SERVICE**

    I, Aleza Remis, hereby certify that on December 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties of interest.

                                                                                           <u>/s/ Aleza Remis</u>
                                                                                           Aleza Remis
                                                                                           Assistant Chief