UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CAUSE NO. 4:18-CR-00368 |
| § | |
| BRIAN SWIENCINSKI, § | |
| SCOTT BREIMEISTER, § | |
| VLADIMIR REDKO, M.D., § | |
| CHRISTOPHER INCE, M.D., and § | |
| RONNIE McADA, JR. § | |

**DEFENDANT CHRISTOPHER INCE'S MOTION
IN LIMINE TO PRECLUDE THE GOVERNMENT FROM INTRODUCING
SUMMARY EXHIBITS RELATED TO MEDICAL CLAIMS DATA**

Defendant Christopher Ince, M.D. ("Dr. Ince") files this Motion in Limine to preclude the Government from offering or introducing, as evidence, summary exhibits related to medical claims data under Rule 1006 of the Federal Rules of Evidence's through its witness Grace Hinton at trial.

**INTRODUCTION**

On December 5th, 2022, the Government provided notice to Defense counsel that it was making final updates to the "claims-related summaries" listed as GEXs 16-31; 50-56. Government's counsel Devon Helfmeyer stated "As we mentioned last night and earlier this evening, we were making final updates to the claims-related summaries. We are producing a complete updated version of the claims-related summaries (GEXs 16-31; 50-56). The updates relate to the dollar amounts associated with the PBM Optum Rx. The overall difference is a reduction in Total Paid by Optum by approximately $4.6 million, which relates to claims where there was a reversal." In the same communication Mr. Helfmeyer later added "[T]hey are all 1006 summaries of voluminous (and admissible) records. With the exception of the new GEX 54, they're all summaries of the claims data in GEX 1, which was admitted without

1

objection." Attached please find email from DOJ Trial Attorney Devon, dated December 5th, 2022.

On December 7, 2022 the Government provided notice to Defense counsel that the Government intends to introduce these summary exhibits through the testimony of FBI Analyst Grace Hinton. Government's counsel Devon Helfmeyer stated in the Government's notice "[W]ith the exception of GEX 54, all are summaries of GEX 1. As I said in my email last night, GEX 54 is a summary from Prime Therapeutics "A. Pharmacy Claims Data," which was produced on December 21, 2018." Attached please find email from DOJ Trial Attorney Devon, dated December 7th, 2022.

These proposed Government exhibits in the form of summary charts assume facts that are not in evidence; the Government has not introduced witness testimony to authenticate the claims data upon which the summary charts allegedly rely; and by the Government's own representations in reference to "updates", the claims data contained in Government's Exhibit 1 continues to evolve from what had been initially admitted into evidence. The Government's proposed summary charts are argumentative, unreliable, and inadmissible Fed. R. Evid. 1006.

## ARGUMENT & AUTHORITIES

I.   **The Government's summary exhibits assume facts not in evidence.**

Federal Rule of Evidence 1006, provides:

*Rule 1006. Summaries*

The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.
The foundation for a Rule 1006 summary must include a showing that the chart accurately

reflects the underlying records. See *U.S. v. Taylor*, 210 F.3d 311 (5th Cir. 2000). Moreover, the underlying records must be admissible. See *U.S. v. Shorter*, 874 F3d 969 (7th Cir. 2017). Red. R. Evid. 1006 is not a backdoor vehicle for introducing evidence that is otherwise inadmissible.

As noted at the outset, we have made it quite clear that proper use of FRE 1006 requires that there be "*supporting evidence* [that] has been *presented previously* to the jury" to establish any assumptions reflected in the summary. See *U.S. v. Hart*, 295 F.3d 451 (5th Cir. 2002).

Government proposed exhibits 16-31 and 50-56, in the form of summary charts, rely on medical claims data obtained from the pharmacy benefit managers (PBMs) and compiled in Government's Exhibit 1. Defense counsel acquiesced to admit Government's Exhibit 1, in part, in the interest of judicial efficiency, and in part relying on the Government's representations of accuracy. Since then, the Government has stated that the data in Government's Exhibit 1 is inaccurate and is being "updated". Additionally, the Government has presented no witness to authenticate those claims and the data prior to intending to introduce these summary chart exhibits through an analyst, a witness with no personal knowledge of the underlying data.

Recognizing the "powerful impression which charts can make upon a jury, vesting the charts with `an air of credibility' independent of the evidence purported to be summarized," we have repeatedly cautioned that trial judges "must carefully handle their preparation and use." Not only must such "writings, recordings, or photographs" be so "voluminous" that they "cannot [be] conveniently examined in court," as the Rule specifies, but there must be "supporting evidence [that] has been presented previously to the jury" to establish any assumptions reflected in the summary. *Id*.

II. **The Government attempts to prove essential elements of its case through the improper use of Fed. R. Evid. 1006**

The Government has not introduced any witness testimony identifying and/or authenticating any of the prescriptions in Government's Exhibits 400 through 430 as having been issued by Dr. Christopher Ince. The Government simply does not have a witness that can give such testimony. The claims data in Government's Exhibit 1, which the Government already acknowledged is inaccurate, offers no proof that any prescriptions were signed or authorized by Dr. Ince, or that those came from his office. Now the Government intends to prove and argue the origin of the prescriptions through summary charts introduced as part of the testimony of a Government's analyst with no personal knowledge of the facts. Just as in *Hart*, the Government is attempting to prove essential elements of its case against Ince through the improper use of Fed. R. Evid. 1006. They have not established the underlying proof that supports its summary charts.

The offer and admission of the Government's proposed summary exhibits represent a clear and present risk of irreparable harm as (1) the jurors might mistakenly treat the summary as additional, corroborative evidence, thus unduly giving credence to the government's case; (2) the summary could increase the risk of that otherwise inadmissible evidence will be admitted; and (3) the summary evidence could serve as ana extra closing argument because rather than merely summarizing the records' contents, the summary might draw conclusions from the contents. See *U.S. v. Moore*, 651 F.3d 30, 56 (D.C. Cir. 2011).

## **CONCLUSION**

For the reasons stated above, Defendant Christopher Ince, M.D. respectfully requests that the Court enter an order instructing and precluding the Government from offering or introducing, as evidence, summary charts through Grace Hinton as such summaries are inadmissible under Fed. R. Evid. 1006 and the admission of which would cause irreparable harm.

Respectfully submitted,

*/s/ Samuel J. Louis*
Samuel J. Louis
Texas Bar No. 12588040
811 Main St., Suite 2500
HOLLAND & KNIGHT LLP
Houston, TX 77002
(713) 244-6860 (Telephone)
(713) 821-7001 (Facsimile)
samuel.louis@hklaw.com

*/s/ Justo Mendez*
Justo Mendez
State Bar No. 24057616
GREENSPOON MARDER LLP
1318 Crystal Hills Dr
Houston, TX 77077
(281) 757-1305
justo.mendez@gmlaw.com

**ATTORNEYS FOR DEFENDANT CHRISTOPHER INCE**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on December 11, 2022, I conferred with Department of Justice regarding this motion and the Government is opposed.

*/s/ Samuel J. Louis*
**Samuel J. Louis**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2022 the foregoing has been served on counsel of record for the Government by Notice of Electronic Filing via CM/ECF, in accordance with the Federal Rules of Criminal Procedure.

*/s/ Samuel J. Louis*
**SAMUEL J. LOUIS**