IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | Case No. 4:18-CR-00368 |
| § | |
| BRIAN SWIENCINSKI (01) § | |
| SCOTT BREIMEISTER (02) § | |
| CHRISTOPHER INCE, M.D. (04) § | |
| RONNIE MCADA, JR. (05) § | |

**DEFENDANTS' OPPOSED JOINT MOTION FOR AN EVIDENTIARY HEARING**

TO THE HONORABLE ALFRED H. BENNETT:

The defendants file this opposed joint motion for an evidentiary hearing and would show as follows:

I.

At issue before the Court is how to proceed in the aftermath of the mistrial. The Court must determine how the misconduct occurred and who was responsible for it. The defendants are entitled to participate in that inquiry, and due process affords them the right to develop the record on that issue.

The defendants initially moved to depose certain government witnesses to develop the misconduct issue (ECF No. 391). The government opposed that motion by arguing that, among other reasons, an evidentiary hearing was a better procedure to investigate the misconduct (ECF No. 397 at 1 ("In making that determination, the Court may want to make inquiry of witnesses, including the prosecutors and law enforcement agents involved in the prosecution of the Defendants. Any assessment as to the credibility of these witnesses will be made by the Court."); at 4 ("to the extent the Court wishes to elicit testimony from any of these individuals, the Court itself will need to assess their credibility. That is best done though live testimony before the

1

Court.")). Thus, the government requested that the Court conduct an evidentiary hearing instead of allow depositions.

The case manager informed the parties by email on Friday, January 13, 2023, that the Court had denied the defendants' motion to depose witnesses and that the Court would not receive evidence from the defendants at the January 17 hearing.

II.

The defendants now request an evidentiary hearing to present evidence and question witnesses under oath regarding the misconduct that resulted in the mistrial. Mysteriously, the government opposes that request, contrary to its position when opposing depositions.

The government is judicially estopped from opposing an evidentiary hearing after it successfully opposed depositions by arguing that an evidentiary hearing was the appropriate procedure to develop the issue. *See New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001) (under judicial estoppel doctrine, where one party assumes certain position in legal proceeding, and succeeds in maintaining that position, it may not thereafter, simply because its interests have changed, assume a contrary position that prejudices another party). Apparently, the government wants to inoculate its witnesses from examination under oath by defense counsel. That is not a proper basis to oppose an evidentiary hearing, especially where the government previously articulated its preference for such a hearing. If the government's position is that only the Court may question the witnesses, and not the defendants, that would violate the defendants' due process rights to participate in the proceeding and ask questions.

Combined with the government's recently filed bench memorandum (ECF No. 411), its opposition to an evidentiary hearing demonstrates that the government seeks to conceal the misconduct that resulted in a mistrial. The government asserts that all of the conduct was inadvertent and not intentional. The government also has refused to inform defense counsel

2

whether the Department of Justice's Office of Professional Responsibility is investigating this matter. Despite any lip service to the contrary, the government is not taking this matter seriously. The Court's antennae should be raised.

## **CONCLUSION**

The defendants request that the Court grant their request for an evidentiary hearing at which the defendants can present evidence and question witnesses about the misconduct that resulted in the mistrial.

Respectfully submitted,

| | |
|---|---|
| */s/ Josh Schaffer*<br>Josh Schaffer<br>State Bar No. 24037439<br>1021 Main, Suite 1440<br>Houston, Texas 77002<br>(713) 951-9555<br>(713) 951-9854 (facsimile)<br>josh@joshschafferlaw.com<br>Dan Cogdell<br>State Bar No. 04501500<br>Jones Walker<br>811 Main Street, Suite 2900<br>Houston, TX 77002<br>713.437.1869<br>713.437.1810 (facsimile)<br>dcogdell@joneswalker.com<br><br>**Attorneys for Scott Breimeister**<br><br>*/s/ Samuel Louis*<br>Samuel Louis<br>Texas Bar No. 12588040<br>samuel.louis@hklaw.com<br>Holland & Knight LLP<br>811 Main Street, Suite 2500<br>Houston, Texas 77002<br>Phone 713.244.6861<br>713.821.7001<br>*/s/ Justo Mendez*<br>Justo Mendez<br>State Bar No. 24057616<br>Greenspoon Marder | */s/ Jeff Ansley*<br>Jeffrey J. Ansley<br>Texas Bar No. 00790235<br>jansley@vedderprice.com<br>Arianna G. Goodman<br>Texas Bar No. 24109938<br>agoodman@vedderprice.com<br>Samuel M. Deau<br>S.D. Tex. No. 3791231<br>sdeau@vedderprice.com<br>Vedder Price, P.C.<br>300 Crescent Court, Suite 400<br>Dallas, Texas 75201<br>(469) 895-4790<br><br>**Attorneys for Ronnie McAda, Jr.**<br><br>*/s/ Brandon McCarthy*<br>Brandon McCarthy *(admitted pro hac vice)*<br>Attorney-in-Charge<br>State Bar No. 24027486<br>Rachel M. Riley<br>State Bar No. 24093044<br>KATTEN MUCHIN ROSENMAN LLP<br>2121 N. Pearl Street, Suite 1100<br>Dallas, TX 75201<br>Telephone: 214-765-3600<br>Facsimile: 214-765-3602<br>brandon.mccarthy@katten.com<br>rachel.riley@katten.com |

| | |
|---|---|
| 1318 Crystal Hills Dr.<br>Houston TX 77077<br>(281) 757-1305<br>justo.mendez@gmlaw.com<br><br>**Attorneys for Dr. Christopher Ince** | Mary C. Fleming (admitted *pro hac vice*)<br>KATTEN MUCHIN ROSENMAN LLP<br>2900 K Street NW, North Tower - Suite 200<br>Washington, DC 20007-5118<br>Telephone: 202-625-3754<br>Facsimile: 202-298-7570<br>mary.fleming@katten.com<br>Michael A. Villa, Jr.<br>State Bar No. 24051475<br>S.D. Federal ID No. 3256126<br>MEADOWS, COLLIER, REED,<br>COUSINS, CROUCH & UNGERMAN, LLP<br>901 Main Street, Suite 370<br>Dallas, TX 75202<br>Telephone: 214-744-2700<br>Facsimile: 214-747-3732<br>mvilla@meadowscollier.com<br><br>Scottie D. Allen<br>The Allen Law Firm<br>4144 North Central Expressway<br>Suite 650<br>Dallas, Texas 75204<br>Office: (214) 824-7711<br>Fax: (214) 824-7714<br>Email: scottiedallen@scottiedallenlaw.com<br><br>**Attorneys for Brian Swiencinski** |

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for the government, Alexander Kramer and Allan Medina, on January 16, 2023. AUSA Medina stated that the government opposes this motion.

*/s/ Josh Schaffer*
Josh Schaffer

## **CERTIFICATE OF SERVICE**

I certify that I served this motion on counsel of record using the CM/ECF system on January 16, 2023.

*/s/ Josh Schaffer*
Josh Schaffer

4