UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v.  § | **Criminal No. 18-CR-368** |
| § | |
| **BRIAN SWIENCINSKI,** § | |
| **SCOTT BREIMEISTER,** § | |
| **CHRISTOPHER INCE, M.D., and** § | |
| **RONNIE MCADA, JR.,** § | |
| § | |
| **Defendants.** § | |

### UNITED STATES'S OPPOSED MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through the undersigned counsel, respectfully submits this Motion to Exclude Time Under the Speedy Trial Act (the "Motion"). On October 23, 2019, the Defendants identified in the caption above were charged by Superseding Indictment. Trial commenced on November 8, 2022. On December 13, 2022, the Court declared a mistrial as a result of late disclosures of interview reports and rough notes related to those interview reports. Under the Speedy Trial Act, following the declaration of a mistrial, "trial shall commence withing seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e); *see also United States v. Westbrook*, 119 F.3d 1176, 1186 (5th Cir. 1997) ("The remaining question is whether Green's May 1, 1995 trial date was within seventy days of the date 'the action occasioning the retrial becomes final,' which in this case is September 16, 1994, the date the district court declared a mistrial. The starting point for computing this seventy-day period is September 17"). Periods of delay enumerated in section 3161(h) are excluded in computing time limitations. 18 U.S.C. § 3161(e).

1

Here, the Court declared a mistrial on December 13, 2022. The starting point for computing the seventy-day period in this case is December 14, 2022. On December 20, 2022, the Court set a *Brady* hearing for January 17, 2023, to inquire into the reason for the late disclosures that led the Court to declare a mistrial. During that hearing, the Court set another hearing for March 24, 2023, to address the same issues. Between December 14, 2022, and the January 17, 2023, hearing, the Defendants filed various motions under seal and some *ex parte*. The Court has denied some of these motions. Other motions were filed *ex parte* so the government is unable to assess whether the time is appropriately excluded under 18 U.S.C. § 3161(h)(1)(D). Finally, the Defendants filed a Joint Motion for an Evidentiary Hearing related to the issue of late disclosures on January 16, 2023 [DE 413]. During the January 17, 2023, hearing, Defendants argued they should be able to participate in the Court's inquiry via an evidentiary hearing. In setting the next hearing for March 24, 2023, the parties did not request and the Court did not make any specific findings or exclude the relevant time period under the Speed Trial Act.

The government respectfully requests that this Court exclude the resulting time between the entry of an order and a period of time 30 days after the March 24, 2023, hearing under 18 U.S.C. § 3161(h)(7) "on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." See, e.g., *United States v. Matthews*, 112 Fed. Appx. 339, *340 (5th Cir. 2004) (per curiam) (citing *United States v. Bieganowski*, 313 F.3d 264, 283 (5th Cir. 2002)). The government's position is that the time is excusable and in the ends of justice. The government seeks a period to be excluded to extend 30 days after the March 24, 2023, hearing in order to allow the Court to issue any accompanying order from the hearing.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

GLENN S. LEON
CHIEF, FRAUD SECTION
Criminal Division
U.S. Department of Justice


By: /s/ *Alexander Kramer*_____
    Allan Medina
    Senior Deputy Chief
    Alexander Kramer
    Assistant Deputy Chief
    Criminal Division, Fraud Section
    U.S. Department of Justice
    1400 New York Ave. NW
    Washington, DC 20005
    TEL (202) 257-6537
    allan.medina@usdoj.gov
    TEL (202) 768-1919
    alexander.kramer@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 20, 2023, counsel for the United States consulted with counsel for the defendants, who indicated the following responses:

| | |
|---|---|
| Counsel for Brian Swiencinski | No Response |
| Counsel for Scott Breimeister | Opposed |
| Counsel for Christopher Ince, M.D. | Opposed |
| Counsel for Ronnie McAda, Jr. | Opposed |

*/s/ Alexander Kramer*
Alexander Kramer
Assistant Chief

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed via CM/ECF on January 20, 2023.

*/s/ Alexander Kramer*
Alexander Kramer
Assistant Chief