# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

UNITED STATES OF AMERICA,

— v. —

BRIAN SWIENCINSKI,
SCOTT BREIMEISTER,
CHRISTOPHER INCE, M.D.,
RONNIE MCADA, JR.,

       *Defendants*.

**No. 4:18-cr-00368**

## DEFENDANTS' OPPOSED JOINT MOTION TO UNSEAL

Defendants respectfully move this Court to unseal certain documents filed in this action. Specifically, much of the briefing involving the discovery violations and other government misconduct that occurred in this case is currently being maintained under seal. While there might have been valid reasons for initially maintaining these documents under seal (and, in some instances, ex parte), those justifications no longer apply. For example, Defendants filed several documents under seal and ex parte because they revealed confidential defense strategy. But the Defense has since disclosed all or relevant portions of those sealed, ex parte filings to the Department of Justice to facilitate an investigation into the misconduct by trial prosecutors in this matter. Although it is plain that providing these documents to the trial prosecutors would undermine the neutrality of the misconduct investigation, the Department of Justice has not agreed to limit dissemination of those materials among the trial prosecutors and agents, who are fact witnesses to the conduct under investigation.

Judicial records are public documents, and public access is a critical safeguard and cornerstone of the American criminal justice system. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). Among other things, public access holds the government and its

prosecutors accountable for the heavy responsibilities they bear. *United States v. Raybould*, 130 F. Supp. 2d 829, 831-32 (N.D. Tex. 2000).

In recognition of these principles, Defendants move to unseal the following:

- Defendants' Joint Motion for Provisional Relief (Dkt. 378);

- Defendant Christopher Ince's Motion in Support of Defendants' Joint Motion for Provisional Relief (Dkt. 379);

- United States' Response to Defendants' Joint Motion for Provisional Relief, and Exhibits A through E thereto (Dkt. 381);

- Defendant Christopher Ince's Supplemental Response to Court's Request for Government Production Deficiencies, and Attachments A through D thereto (Dkt. 383);

- Defendants Brian Swiencinski, Scott Breimeister, and Ronnie McAda, Jr.'s Omnibus Motion for Relief, and Exhibits A and B thereto (Dkt. 385);

- United States' Supplemental Response to Defendants' Joint Motion for Provisional Relief (Dkt. 386);

- Defendants' Opposed Joint Motion to Depose Witnesses (Dkt. 391);

- United States' Motion to Seal (Dkt. 396);

- United States' Response in Opposition to Defendants' Motion to Depose Witnesses (Dkt. 397);

- Letter regarding Department of Justice policy, and Attachment thereto (Dkt. 408);

- Defendants' Reply to the Government's Response to the Joint Motion to Depose Witnesses (Dkt. 409);

- United States' Motion to Seal (Dkt. 410);

- United States' Bench Memorandum in Advance of January 17, 2023 Hearing (Dkt. 411), and Exhibit 1 thereto; and

- Brian Swiencinski's Ex Parte Supplemental Notice of Government Misconduct, and accompanying Appendix (Dkt. 412).

## ARGUMENT

Sealing information placed in the judicial record is "heavily disfavor[ed]." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). That is because "[j]udicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le*, 990 F.3d at 417. Indeed, the public's right of access to criminal proceedings is grounded in the First Amendment to the United States Constitution. *See Raybould*, 130 F. Supp. 2d at 831 ("Among the guarantees of the First Amendment is the right of the public to attend criminal trials, without which 'important aspects of freedom of speech and of the press could be eviscerated.'" (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980)). Further, "[p]ublic criminal proceedings ensure that 'judge *and prosecutor* carry out their duties responsibly.'" *Id.* at 832 (emphasis added) (quoting *Waller v. Georgia*, 467 U.S. 39, 46 (1984)).

Thus, "[i]n exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020) (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). And there is a presumption in favor of public access that is to be weighed on the public's side of the scales. *Id.*

Here, there is no valid reason to maintain under seal the briefing related to the government misconduct in this case. The Defense filed their briefing under seal for two primary reasons. First, the Defense did so in an abundance of caution, given that the sensitive topic of government misconduct was fast moving and still developing. But with the benefit of time and perspective, it is now apparent that original caution is not a valid reason to continue to maintain the documents under seal. In fact, the opposite is true—public access to judicial proceedings serves to hold prosecutors publicly accountable. *Raybould*, 130 F. Supp. 2d at 832. But the public cannot be

assured that prosecutors are "carry[ing] out their duties responsibly," *id.*, if filings pertaining to discovery violations and other misconduct are maintained under seal for no reason other than that such topics are sensitive in nature.

Second, some of the briefing revealed confidential defense strategy and provided a roadmap as to the Defense's view of the government's errors in investigating and trying this case. For this reason, for example, the Defendants' Omnibus Motion for Relief (Dkt. 385), and Brian Swiencinski's Supplemental Notice of Government Misconduct and accompanying Appendix (Dkt. 412), were filed under seal and ex parte. But the Defense has since produced ex parte filings to Department of Justice representatives in Washington, D.C. The Defense requested that access to these filings be restricted so that trial prosecutors and agents would not be privy to them. *See* Exhibit 1, attached hereto.

Among other things, the Defense was concerned that supplying the trial prosecutors and agents with these filings or relevant portions would enable them to craft and coordinate explanations for the misconduct—essentially supplying the questions and answers to a test before the test is given. *See id.* That practice is contrary to a truly independent investigation. Nonetheless, the Department of Justice refused to restrict access to these filings. *See id.* Thus, there is no legal reason for this Court to continue to maintain the documents ex parte or under seal. *See United States v. Holy Land Found'n for Relief & Develop.*, 624 F.3d 685, 690-91 (5th Cir. 2010) (holding district court abused its discretion in sealing certain documents because "the power to seal court records must be used sparingly in light of the public's right to access, because [third-party organization's] interest in mitigating its reputational injuries favored disclosure, and because there is no countervailing Government interest in nondisclosure").

As to the government's filings, the majority appear to have been filed under seal because the government was responding to a Defense document that had been filed under seal. *See* United States' Response to Defendants' Joint Motion for Provisional Relief, Dkt. 381; United States' Supplemental Response to Defendants' Joint Motion for Provisional Relief, Dkt. 386; United States' Response in Opposition to Defendants' Motion to Depose Witnesses, Dkt. 397; *see also* Motion to Seal, Dkt. 396. As discussed, there is no longer a legally valid reason to maintain the Defense filings under seal, and any responsive filing by the government should likewise be unsealed.

Further, the government's refusal to limit sharing of the contents of the sealed materials with the trial team and case agents whose trial and pretrial conduct is being investigated supports the unsealing of these materials. *See* Exhibit 1. The government's investigative team sees no reason to restrict the dissemination of these materials to fact witnesses who participated in the conduct under investigation and whose actions are described in the sealed materials themselves. *Id.* If these materials can be disclosed to fact witnesses who presumably will be—or already have been—interviewed by the government's investigators who will soon report their findings to the Court, they equally may be disclosed to the public.

The United States' Bench Memorandum in Advance of January 17, 2023 Hearing (Dkt. 411) appears to have been filed under seal because it contains personal identifying information of witnesses and non-parties. *See* Motion to Seal, Dkt. 410. But at most, that personal identifying information should be redacted—it is a not a valid basis to seal the entire filing. To that end, should this Motion be granted, Defendants would not oppose a period of 14 days in which the parties may

confer and propose to the Court agreed redactions to the currently sealed filings before they become unsealed.[1]

In short, there is no legally valid reason to continue maintaining the documents listed herein under seal. Indeed, "[t]he cherished policy of our nation that proceedings be open to the view of the press and the public would be offended" if the sealing were continued in a case such as this. *Raybould*, 130 Supp. 2d at 833.

### **<u>CONCLUSION</u>**

Defendants respectfully request that this Court grant this motion and unseal the filings identified herein.

Dated: March 3, 2023

Respectfully submitted,

*/s/ Samuel Louis*
Samuel Louis
Texas Bar No. 12588040
samuel.louis@hklaw.com
Holland & Knight LLP
811 Main Street, Suite 2500
Houston, Texas 77002
(713) 244-6861
(713) 821-7001 (facsimile)

*/s/ Josh Schaffer*
Josh Schaffer
Texas Bar No. 24037439
1021 Main, Suite 1440
Houston, Texas 77002
(713) 951-9555
(713) 951-9854 (facsimile)
josh@joshschafferlaw.com

Justo Mendez
Texas Bar No. 24057616
Greenspoon Marder
1318 Crystal Hills Dr.
Houston, TX 77077
281-757-1305
justo.mendez@gmlaw.com

Dan Cogdell
State Bar No. 04501500
1000 Main Street, Suite 2300
Houston, TX 77002
(713) 426-2244
dan@cogdell-law.com

**Attorneys for Scott Breimeister**

**Attorneys for Dr. Christopher Ince**

---

[1] Further, the government's motions to seal are themselves filed under seal. *See* Dkts. 396, 410. This practice denies the public access "to any explanation as to why they are denied access to those documents," which is improper. *United States v. Carriles*, 654 F. Supp. 2d 557, 572 (W.D. Tex. 2009).

_/s/ Jeffrey J. Ansley_
Jeffrey J. Ansley
Texas Bar No. 00790235
Arianna G. Goodman
Texas Bar No. 24109938
Samuel M. Deau
Vedder Price, P.C.
300 Crescent Court, Suite 400
Dallas, Texas 75201
(469) 895-4790
jansley@vedderprice.com
agoodman@vedderprice.com
sdeau@vedderprice.com

**Attorneys for Ronnie McAda, Jr.**

_/s/ Brandon McCarthy_
Brandon McCarthy (admitted _pro hac vice_)
Texas Bar No. 24027486
Rachel M. Riley
Texas Bar No. 24093044
Katten Muchin Rosenman LLP
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
(214) 765-3600
brandon.mccarthy@katten.com
rachel.riley@katten.com

Mary C. Fleming (admitted _pro hac vice_)
Katten Muchin Rosenman LLP
2900 K Street NW, North Tower - Suite 200
Washington, DC 20007
(202) 625-3754
(202) 298-7570 (facsimile)
mary.fleming@katten.com

Michael A. Villa, Jr.
Texas Bar No. 24051475
Meadows, Collier, Reed,
Cousins, Crouch & Ungerman, LLP
901 Main Street, Suite 370
Dallas, TX 75202
(214) 744-2700
(214) 747-3732 (facsimile)
mvilla@meadowscollier.com

**Attorneys for Brian Swiencinski**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for the United States, and that they are opposed to this motion.

_/s/ Brandon McCarthy_
Brandon McCarthy

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing Motion to be served on all counsel of record by filing it with the Clerk on March 3, 2023, using the Court's CM/ECF System.

*/s/ Brandon McCarthy*
Brandon McCarthy
