UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | Criminal No. 18-CR-368 |
| § | |
| BRIAN SWIENCINSKI, § | |
| SCOTT BREIMEISTER, § | |
| CHRISTOPHER INCE, M.D., and § | |
| RONNIE MCADA, JR., § | |
| § | |
| Defendants. § | |

## UNITED STATES'S RESPONSE TO DEFENDANTS' JOINT MOTION TO UNSEAL

The United States, by and through the undersigned counsel, respectfully submits this Response to Defendants' Joint Motion to Unseal. On March 3, 2023, the Defendants moved to unseal docket entries 378, 379, 381, 383, 385, 386, 391, 396, 397, 408, 409, 410, 411, and 412, stating the justifications for the documents originally being filed under seal, and in some cases ex parte, no longer exists. The government does not generally oppose the unsealing of these docket entries but does oppose unsealing the documents without first redacting any personally identifiable information or protected health information belonging to individuals who are not parties to the case, as contemplated by the Protective Order this Court entered on February 12, 2020. [DE 156].

The vast majority of the documents Defendants now seek to unseal are documents the Defendants filed under seal and the government's response to those sealed filings. The government filed its Bench Memorandum in Advance of January 17, 2023 Hearing [DE 411] under seal because it contains personal identifying information of witnesses and non-parties.  On February 17, 2023, the Defendants sought the government's position regarding their eventual Motion to Unseal. The same day, the government responded that it objected to the unsealing

1

pursuant to the Protective Order entered in this case [DE 156] as "[a]ny reference to PII of individuals who are not parties to this case should be redacted" and noted some of the Defendants' filings contained references to uncharged third parties. *See* Exhibit A, pg. 2. The government requested that the Defendants share proposed redactions of these materials for consideration. *Id*. Defendants disagreed that any such information in the filings was covered by the protective order and simply marked the current motion as opposed. *See* Exhibit A, pg. 1; DE 423. In their filing, Defendants now state that they do "not oppose a period of 14 days in which the parties may confer and propose to the Court agreed redactions to the currently sealed filings before they become unsealed." [DE 423 at pgs. 5-6].

The government does not oppose unsealing the docket entries listed in the Defendants' Motion to the extent the parties make appropriate redactions. The government does not oppose the Defendants' proposed 14 day period in which the parties may confer to propose to the Court agreed redactions. The government respectfully requests that this Court order the parties to confer regarding proposed redactions of the sealed filings before unsealing any of the filings requested by the Defendants.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

GLENN S. LEON
CHIEF, FRAUD SECTION
Criminal Division
U.S. Department of Justice

By: */s/ Alexander Kramer*
    Allan Medina
    Senior Deputy Chief

        Alexander Kramer
        Assistant Deputy Chief
        Criminal Division, Fraud Section
        U.S. Department of Justice
        1400 New York Ave. NW
        Washington, DC 20005
        TEL (202) 257-6537
        allan.medina@usdoj.gov
        TEL (202) 768-1919
        alexander.kramer@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed via CM/ECF on March 14, 2023.

                                               */s/ Alexander Kramer*
                                               Alexander Kramer
                                               Assistant Chief