## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 18-CR-368** |
| | § | |
| **BRIAN SWIENCINSKI,** | § | |
| **SCOTT BREIMEISTER,** | § | |
| **CHRISTOPHER INCE, M.D., and** | § | |
| **RONNIE MCADA, JR.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENT TO DEFENDANTS' JOINT MOTION FOR AN EVIDENTIARY HEARING

The United States submits this response in opposition to the Defendants' Supplement to their Joint Motion for an Evidentiary Hearing, Dkt. No. 424.  As described more fully below, the United States respectfully requests that this Court deny the Defendants' Motion (and their Supplement) because this Court has capably undertaken a review of the issues that arose in *United States v. Swiencinski, et al.*, and is best positioned, pursuant to its supervisory authority, to conclude that review without an evidentiary hearing.  Further, this Court has already fashioned appropriate remedies for the issues that arose in *Swiencinski* when it granted a mistrial and repeatedly admonished trial counsel.  The government also dismissed a defendant from the case— an extraordinary remedy—and voluntarily removed trial counsel from any potential retrial. Finally, while Defendant Breimeister filed a motion to dismiss on March 22, 2022 (Dkt. No. 428)[1], as to the other three defendants there is no motion pending before this Court that requires an

---

[1] The government opposes Defendant Breimeister's motion and intends to separately file a full response in opposition.

evidentiary hearing, and an evidentiary hearing is not relief in and of itself.  Accordingly, no evidentiary hearing is required.

## **BACKGROUND**

Following mid-trial disclosures by the government, this Court on December 13, 2023 declared a mistrial.  Prior to the Court declaring the mistrial, the government voluntarily dismissed defendant Vladimir Redko with prejudice.  *See* Dkt. No. 384.  The government explained that decision was based on "the strength of the evidence, knowing what we know now and reflecting upon the evidence at trial as well as proffered statements between [the government] and counsel for the defendant."  12/13/22 Trans. 3:18–21.

In coming to the decision to grant a mistrial, this Court explained that either it "would be compelled to recall witnesses to testify to allow the defendants to cross-examine [them] with the information provided," which would have extended the trial further, or it "would have been compelled to tell the jury to . . . ignore certain testimony and exhibits and thereby putting a lot of faith in the jury to do so in regards to the defendants' due [process] rights to have this particular testimony excluded."  1/17/23 Trans. 5:20–6:6; *see also* 1/17/23 Trans. 9:6-12 and 9:18-25. Because "the Court felt that those two options were not acceptable," the Court declared a mistrial on December 13, 2022, without objection from any party.  *Id.* at 6:7–8; 9:12–15.

At the time, the Court explained that it would later determine whether the government's disclosures were the "result of omissions, a lack of due diligence," or "nefarious intent."  *Id.* at 10:5–7.  The Court set a hearing for January 17, 2023, the purpose of which was to "determin[e] whether or not the failure to disclose were simple omissions or if bad faith was attached."  1/17/23 Trans. 6:10–13.  At no time has this Court used the word "misconduct," to describe the

government's conduct, and has been graciously mindful of the "potential impact" of such a finding. 1/17/23 Trans. 10:14–19.

Prior to the January 17, 2023 hearing, the remaining defendants filed a Joint Motion for an Evidentiary Hearing. *See* Dkt. No. 413. Though the Court denied without prejudice the defendant's request to take depositions, Dkt. No. 391; 1/17/23 Trans. 6:24, this Court did not rule on the Motion for an Evidentiary Hearing. Instead, the Court explained that it hoped it could garner "sufficient information to make a decision" regarding the explanation behind the late disclosures through the January 17, 2023 hearing, though it acknowledged additional information may be required. *See* 1/17/23 Trans. 7:4–7. At the January 17, 2023 hearing, this Court heard from counsel for the Department of Justice who reiterated that the Department wished to make no excuses for the government's missteps; and apologized to the Court, the staff, the defendants and their counsel. 1/17/23 Trans. 11:15–12:3. The Court further inquired of the trial prosecutors, and heard argument from counsel for the defendants.

This Court recognized the "significant steps" it had already taken in response to the government's actions, including: "the extraordinary step of first admonishing counsel on the record in the presence of the defendants regarding their shortcomings in this case"; "admonishing the prosecution team again and explaining [the Court's] reasons for declaring the mistrial before the jury came in"; and "explain[ing] to the jury why [the Court] was declaring a mistrial, including a third admonishment of the prosecution team on the record in the presence of the jury"; striking exhibits and testimony; and ultimately declaring a mistrial. *Id.* 53:8–54:16. The defendants, in turn, argued in favor of an evidentiary hearing. Counsel for the Department of Justice opposed such an evidentiary hearing, explained it was unnecessary, and pointed out other ways this Court could obtain the information it sought. *See id.* 117:14–118:21.

3

At the conclusion of the January 17, 2023 hearing, this Court granted additional time so that the review team could continue its review of this matter and report back to the Court on March 24, 2023, after which point the Court could determine whether any additional information would be necessary. 1/17/23 Trans. 124:1–7. On March 22, 2023, the Court granted the government's unopposed request to continue this hearing to April 6, 2023. The review team has continued its review and is prepared to present at the April 6, 2023 hearing. Despite the scheduled status conference, the defendants filed a supplement to their Motion for an Evidentiary Hearing. *See* Dkt. No. 424. The United States now timely responds, and contends that no evidentiary hearing is necessary in this case.

## LAW AND ANALYSIS

### I.   The Court has Discretion to Complete its own Inquiry *Without* an Evidentiary Hearing.

While the decision whether or not to hold an evidentiary hearing is generally within the sound discretion of the trial court, reviewed for an abuse of discretion, *see, e.g.*, *Schriro v. Landrigan*, 550 U.S. 465, 472 (2007) (habeas proceedings); *United States v. Chagra*, 735 F.2d 870, 873 (5th Cir. 1984) (Rule 33); *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) (motion to suppress), no evidentiary hearing is required in this case.

In their January 16, 2023 Motion for an Evidentiary Hearing, Dkt. No. 413, the defendants relied, without authority, on a supposed due process right that would require this Court to hold an evidentiary hearing. At the January 17, 2023 Hearing, this Court pointed out the lack of authority for the defendants' assertions that the defendants were "entitled" to participate in the inquiry, and that due process "affords [the defendants] the right to develop the record on that issue" through, for example, an evidentiary hearing. 1/17/23 Trans. 69:1–15. While the defendants' Supplement to their Motion adds case citations, the authority they cite is factually and procedurally distinct,

4

and nowhere recognizes the "due process right" to participate in an evidentiary hearing they previously argued.

The defendants argue in their Supplement that a "court abuses its discretion by *not* having a hearing where a hearing is necessary to conduct a 'thorough inquiry' into the circumstances of misconduct." Dkt. No. 424 at 4.[2]  This statement relies on cases that arose in the distinct context of post-conviction denials of a motion for a new trial, in which the record was not developed.  *See* Dkt. No. 424 at 4 (citing *United States v. Chagra*, 735 F.2d 870 (5th Cir. 1984); *United States v. Stephenson*, 987 F.2d 772 (5th Cir. 1993) (unpublished); *Richardson v. United States*, 360 F.2d 366 (5th Cir. 1993)).

In *Chagra*, the Fifth Circuit affirmed the denial of the motion for a new trial without an evidentiary hearing, finding that a hearing was unnecessary to assist the judge in conducting a "thorough inquiry," in part because the alleged error and the government's explanation for it were set forth in the record.  735 F.2d at 874.  In *Stephenson*, the Fifth Circuit vacated the district court's denial of a defendant's motion for a new trial, but did not require the district court on remand to conduct an evidentiary hearing.  1993 WL 67139, at *5, 6.  Instead, concluding that the district court "abused its discretion by not allowing [the defendant] to file affidavits in support of his motion for a new trial," the court remanded "with instructions to permit the filing of such affidavits and to rule on [the] motion for new trial with an explanation for such ruling."  *Id.* at *5.

---

[2] The contention oversimplifies the holding in *United States v. Chagra*, in which the Fifth Circuit held there was no abuse of discretion in the district court's decision not to hold a previously scheduled evidentiary hearing because (1) an evidentiary hearing was not necessary to assist the judge in conducting the "requisite 'thorough inquiry,'" and (2) because the defendant's request for a new trial was not "unduly prejudiced" by denial of the motion without an evidentiary hearing. 735 F.2d 870, 874 (5th Cir. 1984) (internal citation omitted).

And although the court in *Richardson* remanded for a hearing "to determine whether the incident . . . occurred as alleged, and if so, was harmful to [the defendant]," that case is further inapposite, as it involved allegations of improper contact with jurors, which relies on a framework not relevant here.[3]  Finally, in *United States v. Hamilton*, another decision the defendants cite that pertains to a denial of a motion for a new trial, the Fifth Circuit pointed out that the case was "particularly suitable for ruling without a hearing," because, as here, the judge who considered the motions "ha[d] presided over th[e] case since its inception." 559 F.2d 1370, 1373–74 (5th Cir. 1977).  While the court in that case noted that when "evidentiary hearings are ordered, it is because of certain unique situations typically involving allegations of jury tampering, prosecutorial misconduct, or third party confession," it is important to contextualize this statement within the framework of Rule 33 Motions, which are by nature post-conviction and are often based on newly discovered evidence that has not been fleshed out in the record in any way.  *See id.* at 1374 (citing *Richardson*, 360 F.2d 366 (improper contact with jurors); *Casias v. United States*, 337 F.2d 354 (10th Cir. 1964) (post-conviction discovery of confession by another party to the crime for which the defendant had been convicted)); *see also Demarco v. United States*, 415 U.S. 449 (1974) (remanding appeal of conviction to district court for hearing to determine whether or not government had made promises to a testifying witness, an issue defendant raised post-conviction without raising previously in district court).

The circumstances of the cited cases are dissimilar to the facts here, in which the issues arose mid-trial, allowing the Court the opportunity to address and develop the record prior to any

---

[3] *See Johnson v. United States*, 207 F.3d 314, 322 (5th Cir. 1953) (holding that "private communications between jurors and third persons, or witnesses, relative to the case on trial are absolutely forbidden and are presumed to be prejudicial.  However, this is a rebuttable presumption which may be overcome by a showing that such communications were harmless and did not in fact prejudice the rights of the defendant").

conviction, which this Court is in the process of doing now.   Importantly, the defendants in this case have already been granted the remedy sought in most of the cases they cite—a new trial.

## II.      An Evidentiary Hearing is Not Necessary.

While the defendants provide the Court with some examples of cases in which courts have (and have not) required evidentiary hearings, those cases demonstrate, if anything, that district courts are best positioned to exercise discretion to determine the appropriate way to develop the record.   Moreover, in addition to the cases cited above, most of the cases the defendants cite in which an evidentiary hearing was held were post-conviction.  *See United States v. Auten*, 632 F.2d 478, 482 (5th Cir. Unit A 1980) (remanding for evidentiary hearing pursuant to 28 U.S.C. § 2255, which required an evidentiary hearing "unless the motion and record as constituted show conclusively that relief is not available"); *United States v. Slayton*, 2019 WL 3892426, at *1 (S.D. Miss. Aug. 19, 2019) (holding evidentiary hearing on Rule 33 Motion that included testimony only from law enforcement officers and owner of home surveillance device used as evidence at trial).

Here, this Court declared a mistrial prior to conviction.  As to three of the four defendants, there is no motion to dismiss pending before this Court that would form the basis for the evidentiary hearing the defendants request, and an evidentiary hearing is not itself relief. *See United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) ("Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief.").   As to the fourth, Defendant Breimeister, dismissal is not warranted.  As the Fifth Circuit has held, dismissal is a "rare result because, even in the face of prosecutorial misconduct, there is a 'public interest in having indictments prosecuted.'" *United States v. Swenson*, 894 F.3d 677, 684 (5th Cir. 2018) (quoting *United States v. Welborn*, 849 F.2d 980, 985 (5th Cir. 1988)).

7

This fact distinguishes the three cases the defendants cite in which the court held an evidentiary hearing on a pending defense motion to dismiss the indictment.[4] And the cases the defendants cite in which the district court conducted its own inquiry into prosecutors' actions did not include evidentiary hearings.  Instead, those courts relied on alternative methods of gathering

---

[4] *See United States v. Jain*, 2020 WL 6047812, at *1, 9 (S.D.N.Y. Oct. 13, 2020) (denying dismissal following evidentiary hearing on pre-trial motion to dismiss based on government's failure to timely produce massive dataset, finding that "[d]ismissal is available only in 'very limited and extreme circumstances . . . to eliminate prejudice to a defendant in a criminal prosecution, where it was impossible to do so by imposition of lesser sanctions, or to deter a pattern of demonstrated and longstanding widespread or continuous official misconduct'" (citation omitted)); *United States v. Lashley*, 2011 WL 5237291, at *5–6 (E.D. Pa. Nov. 3, 2011) (denying post-trial motion to dismiss for prosecutorial misconduct following hearing in which prosecutor deemed to be "disorganized, but not reckless"), *aff'd* 524 F. App'x 843, 846 (3d Cir. 2013) (unpublished) (finding no abuse of discretion in district court's finding no recklessness and reiterating that "dismissal under *Brady* requires a showing of a prosecutor's willful misconduct or a pattern of constitutional violations").

In *United States v. Bundy*, 968 F.3d 1019 (9th Cir. 2020), which is factually distinct from this case in several ways, the Ninth Circuit affirmed the district court's mid-trial dismissal of the indictment. The court of appeals held there was no clear error in the finding that the government acted at least with reckless disregard for the value to the defense of late-disclosed evidence, which included video surveillance (the defendant's request for which the government had stated in an earlier filing was a "fantastical fishing expedition"), reports of surveillance and tactical operations (that referred to government agents as "snipers," despite the government's representation in a prior related trial that there were no snipers at the site, which the court relied upon when it excluded testimony in that trial), a log of tactical operations, and various threat assessments relating to the defendant. Much of the late-disclosed evidence directly contradicted the government's theory of the case, including specific statements it made in opening indicating the defendants' claim that the government had aimed snipers at and surrounded their property "was false." *Id.* at 1026.  Further, the Ninth Circuit highlighted that in affirming the dismissal, "the district court understandably sought a remedy that would reinforce the seriousness of the violations," noting the government's "efforts to minimize" the defendants' discovery requests. *Id.* at 1044–1045 (citing *United States v. Chapman*, 524 F.3d 1073, 1088 (9th Cir. 2008), which highlighted "the prosecutor's 'unwillingness to take responsibility for his conduct'")).

Even with these disclosures, which "undercut[] the government's central theory of mens rea," *see id.* at 1040, it appears from the district court docket, that the witnesses at the district court's hearings on the defendant's motion to dismiss were limited to law enforcement officers and defense fact witnesses.  *See United States v. Bundy*, No. 2:16-cr-00046-GMN-PAL-1 (D. Nev.), Dkt. Nos. 2859, 2886, 2950, 3049, 3122.

8

additional information, including written submissions, declarations, and oral argument. *See United States v. Nejad*, 487 F.Supp.3d 206 (S.D.N.Y. 2020); *United States v. Giacobbe*, 2022 WL 2826382 (W.D.N.Y. July 20, 2022) (deciding not to hold a scheduled evidentiary hearing following defendant's guilty plea and instead relying on Department of Justice's role in taking necessary remedial measures).[5]   Further, the court in *Nejad*, which the government disagrees is "more similar to this case," *see* Dkt. No. 424 at 8 n.4, eventually did "not conclude that any of the prosecutors knowingly withheld exculpatory information or intentionally misrepresented facts to the Court," and "urge[d] a full investigation by DOJ's Office of Professional Responsibility (OPR) of all matters related to prosecutorial misconduct in this case."[6]   *United States v. Nejad*, 18-CR-224 (S.D.N.Y. Feb. 22, 2021), Dkt. No. 399 at 3.

These cases and others demonstrate that the Court can develop the record by means other than an evidentiary hearing.  In *United States v. Brown*, 2010 WL 3359471, at *1 (S.D. Tex. Aug. 23, 2010) (Werlein, J.) (not reported), for example, the court held that no evidentiary hearing was necessary on post-conviction motions for a new trial and motions to dismiss for misconduct and *Brady* violations, pointing out that it had made "an exhaustive study of the motions, responses, and replies, together with the exhibits, and having carefully considered the oral arguments and the

---

[5] The court had originally scheduled an evidentiary hearing when its concerns were not allayed by written submissions/oral argument.  *Id.* at *3.

[6] In support of their request for an evidentiary hearing, the defendants also raise the Department of Justice's OPR and its role of investigating allegations of misconduct, which, they agree, "helps to ensure that any DOJ investigation is independent, thorough, and impartial."  Dkt. No. 424 at 6.  And at least one of the defendants conceded that with respect to professional or ethical sanctions they "have no standing on that matter . . . And [defendant] would not be entitled to an evidentiary hearing and the right to question prosecutors or case agents if the only issue on the table for the court is whether there need to be referrals to investigative agencies, referrals to licensing agencies, that's not my business."  1/17/23 Trans. 74:23–75:6.

applicable law."   And in *United States v. Jozwiak*, 954 F.2d 458, 459 (7th Cir. 1992), the Seventh

Circuit affirmed a district court's decision to deny an evidentiary hearing to determine whether the

prosecutor intended to provoke a defendant into moving for a mistrial.   In rejecting such a

requirement, the Court recognized that the judge "may evaluate the prosecutor's informal

explanation for an action that leads to a mistrial." *Id.* at 459-60.   In doing so, that court reasoned:

> Doubtless every lawyer would like to have his adversary's counsel
> at his mercy.  Put the prosecutor on the stand; ask him why he chose
> one strategy and rejected another; inquire what weakness in the
> evidence led to a given remark.  Attractive to the defense, certainly;
> compelled by the Constitution, certainly not.  To say that intent is
> an element of the constitutional rule is not to say that intent is to be
> proved by testimony and cross-examination.

*Id.* at 459.  Similarly, the Seventh Circuit in that case considered how prosecutorial intent is at

issue during *Batson* inquiries in jury selection, as "[p]rosecutors who take race into account when

exercising peremptory challenges violate the Constitution," but "[i]t does not follow that the

prosecutor must mount the witness stand whenever the defense contests a strike.  Instead the judge

may evaluate the prosecutor's informal explanation in light of the circumstances."  *Id.* at 459-60.

A similar approach is warranted here, and this Court is already in the process of conducting

its inquiry.   The government, through its review team, is prepared to respond to this Court's

questions to ensure the Court can satisfy itself that the issues in this case were indeed *unintentional*

and *not* in bad faith.

## CONCLUSION

Accordingly, the United States respectfully requests that this Court deny the Defendant's

Motion for an Evidentiary Hearing, and conclude its review without an evidentiary hearing.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By:     */s/ Alexander Kramer*
Alexander J. Kramer
Assistant Chief
Allan J. Medina
Senior Deputy Chief
Fraud Section, Criminal Division
U.S. Department of Justice
1000 Louisiana, Suite 2300
Houston, Texas 77002
(202) 768-1919
Alexander.Kramer@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that I served a copy of this Motion on Counsel for Defendants by ECF.

*/s/ Alexander Kramer*
Alexander Kramer