IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> – v. – <br><br> BRIAN SWIENCINSKI, <br> SCOTT BREIMEISTER, <br> CHRISTOPHER INCE, M.D., <br> RONNIE MCADA, JR., <br><br> *Defendants*. | No. 4:18-cr-00368 |

### BRIAN SWIENCINSKI'S OPPOSED MOTION TO DISMISS THE SUPERSEDING INDICTMENT BASED ON DOUBLE JEOPARDY AND OUTRAGEOUS GOVERNMENTAL CONDUCT, AND FOR OTHER RELIEF

Defendant Brian Swiencinski respectfully moves to dismiss the superseding indictment with prejudice. The Double Jeopardy Clause bars a retrial, and the government's outrageous conduct also bars retrial. If the Court denies the request for dismissal with prejudice, then Mr. Swiencinski alternatively requests dismissal of the indictment without prejudice based on the government's outrageous conduct. He also moves for and adopts as to himself the alternative relief listed in Defendant Scott Breimeister's motion to bar a retrial, dismiss the superseding indictment, and for other relief. *See* Dkt. 428 at 10-11. In addition, Mr. Swiencinski requests that the Court refer this matter to the Department of Justice Office of Professional Responsibility.

Mr. Swiencinski believes this motion is premature because the government has not reported on its Court-ordered internal investigation, and the Court has not yet ruled on Defendants' motion for an evidentiary hearing and alternative motion for reconsideration of the motion to depose witnesses. *See* Dkts. 391, 413, 424. Nonetheless, in opposing Defendants' motion for an evidentiary hearing, the government has argued Defendants cannot move for an evidentiary

1

hearing unless a motion to dismiss the indictment is pending. *See* United States' Resp. in Opp. to Defs.' Supp. to Defs.' Joint Mot. For an Evidentiary Hr'g 1-2, 7, Dkt. 432.

Though the government's argument has no legal basis and puts the cart before the horse, Mr. Swiencinski files this motion to dismiss and for other relief in an abundance of caution. Because further factual development of the misconduct in this case will certainly affect Mr. Swiencinski' request for relief herein, he respectfully requests that he have an opportunity to supplement this filing after the government reports on its investigation findings, and the Court rules on Defendants' pending motions for factual development.[1]

As the basis for this motion, Mr. Swiencinski adopts the factual recitation and legal arguments made in Mr. Breimeister's motion requesting the same relief. *See* Dkt. 428. As to the argument that double jeopardy bars a retrial, Mr. Swiencinski adds only the following facts:

Before the Court declared the mistrial, Mr. Swiencinski argued the only appropriate remedy was dismissal of the indictment with prejudice. *See* Omnibus Motion for Relief 23-24, Dkt. 385. To the extent Mr. Swiencinski's request can be construed as moving for a mistrial, he did so only as alternative relief. He made clear that any mistrial would have been "forced by the government's misconduct," and any ruling as to a mistrial should therefore be made *sua sponte*. *Id.* at 26. Indeed, the Court declared the mistrial *sua sponte*.

Given this, double jeopardy bars a retrial. To that end, Mr. Swiencinski adopts as to himself the arguments made in Mr. Breimeister's brief—including, but not limited to, that intentional

---

[1] Mr. Breimeister's motion requesting similar relief states, "The Court instructed counsel to file this pleading before the status hearing scheduled for March 24, 2023 [now scheduled for April 6, 2023]." Dkt. 428 at 1 n.1. Mr. Swiencinski did not understand the Court to require Mr. Swiencinksi to file the instant motion before the upcoming hearing. But if Mr. Swiencinski is mistaken in that understanding, he also files the instant motion in an abundance of caution to ensure compliance with any Court-ordered deadline that might exist.

governmental misconduct that results in the *sua sponte* declaration of a mistrial bars a retrial under the Double Jeopardy Clause, regardless of the test of "manifest necessity"; that even if the "manifest necessity" test did apply, the *sua sponte* declaration of a mistrial was not supported by manifest necessity such that double jeopardy would not apply; and to the extent Mr. Swiencinski is deemed to have moved for a mistrial, double jeopardy bars a retrial because the government forced the mistrial through its conduct (including the abrupt dismissal of Dr. Redko mid-trial).

## CONCLUSION

Mr. Swiencinski requests that the Court grant this motion by dismissing the superseding indictment with prejudice, alternatively dismissing the superseding indictment without prejudice, or in the alternative, ordering the other relief requested and incorporated herein.

Dated: March 31, 2023                     Respectfully submitted,

                                          */s/ Brandon McCarthy*
                                          Brandon McCarthy (admitted *pro hac vice*)
Michael A. Villa, Jr.                     Texas Bar No. 24027486
Texas Bar No. 24051475                    Rachel M. Riley
MEADOWS, COLLIER, REED,                   Texas Bar No. 24093044
COUSINS, CROUCH & UNGERMAN, LLP           KATTEN MUCHIN ROSENMAN LLP
901 Main Street, Suite 370                2121 N. Pearl Street, Suite 1100
Dallas, TX 75202                          Dallas, TX 75201
(214) 744-2700                            (214) 765-3600
mvilla@meadowscollier.com                 brandon.mccarthy@katten.com
                                          rachel.riley@katten.com

                                          Mary C. Fleming (admitted *pro hac vice*)
                                          KATTEN MUCHIN ROSENMAN LLP
                                          2900 K Street NW, North Tower - Suite 200
                                          Washington, DC 20007
                                          (202) 625-3754
                                          mary.fleming@katten.com

**Attorneys for Brian Swiencinski**

## CERTIFICATE OF CONFERENCE

I hereby certify that defense counsel has conferred with counsel for the United States, and that they are opposed to this motion.

*/s/ Brandon McCarthy*
Brandon McCarthy

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Opposed Motion to Dismiss the Superseding Indictment Based on Double Jeopardy and Outrageous Governmental Misconduct, and for Other Relief, to be served on all counsel of record by filing it with the Clerk on March 31, 2023, using the Court's CM/ECF System.

*/s/ Brandon McCarthy*
Brandon McCarthy
