IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> – v. – <br> BRIAN SWIENCINSKI, ET AL., <br> *Defendants*. | No. 4:18-cr-00368 |

**DEFENDANTS' REPLY IN SUPPORT OF SUPPLEMENT TO JOINT MOTION FOR AN EVIDENTIARY HEARING AND, ALTERNATIVELY, MOTION TO RECONSIDER THE DENIAL OF THEIR MOTION TO DEPOSE WITNESSES**

After the government's misconduct forced a mistrial, it now asserts that Defendants face a high burden to request dismissal of the indictment or other relief while simultaneously arguing that Defendants are not entitled to develop any facts to satisfy that burden. Those facts are solely within the government's possession and control. The government wants to hold all the cards, conclude that its misconduct was unintentional, and then retry the Defendants. That approach would violate due process, which at its core requires fundamental fairness in criminal proceedings. *See Martinez v. Beto*, 398 F.2d 542, 543 (5th Cir. 1968).

Initially, the government's response (Dkt. 432) to Defendants' supplement proves that its self-investigation is biased. The government's admitted goal is to "ensure the Court can satisfy itself that the issues in this case were indeed *unintentional* and *not* in bad faith." *Id.* at 10. The government begins with the premise that the "Court has already fashioned appropriate remedies for the issues that arose in this case." *Id.* at 1. This language demonstrates that the government's investigation is not impartial.

Evidentiary hearings in criminal cases—including where prosecutors or agents testify—are not uncommon. *Kastigar* hearings are a well-accepted procedure—in fact, are *required*—"to give the defendant a chance to cross-examine relevant witnesses, to ensure the lack of tainted

1

evidence." *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999).  In the Fourth Amendment context, evidentiary hearings on motions to suppress are required when "necessary to receive evidence on an issue of fact." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983).  Here, in contrast, the government would deprive the Defendants of any fact-finding procedure.[1]

Courts also conduct evidentiary hearings when government misconduct occurred.  Defendants cited several examples in their supplement.  Evidentiary hearings on government misconduct occurred in *United States v. Jain*, *United States v. Lashley*, *United States v. Bundy*, and *United States v. Slayton*.  *See* Supp. 7-9, Dkt. 424.[2]  Courts granted evidentiary hearings, but ultimately did not hold them, in *United States v. Nejad* and *United States v. Morgan* because the cases were resolved before the hearings occurred.  *Id.* at 8.[3]  Indeed, the Fifth Circuit required an evidentiary hearing regarding alleged witness tampering in *Richardson v. United States*, 360 F.2d 366, 369 (5th Cir. 1966).  Similarly, that court held that a district court abused its discretion by not accepting sworn evidence from the defense regarding prosecutorial misconduct in *United States v. Stephenson*, No. 92-3054, 1993 WL 67139, at *6 (5th Cir. 1993).

In response to these cases, the government raises artificial distinctions:

As to *Jain*, *Lashley*, and *Bundy*—where evidentiary hearings occurred—the government

---

[1] The government cites *Harrelson* for the proposition that evidentiary hearings are held in the Fourth Amendment context "only when the defendant alleges sufficient facts which, if proven, would justify relief."  Resp. 7.  Defendants have met that standard by extensively identifying the government's misconduct and their reasoned belief that it was intentional and in bad faith.

[2] *See United States v. Jain*, No. 19-cr-59, 2020 WL 6047812, at *1 (S.D.N.Y. Oct. 13, 2020); *United States v. Lashley*, No. 09-cr-307, 2011 WL 5237291 (E.D. Pa. Nov. 3, 2011), *aff'd*, 524 F. App'x 843 (3d Cir. 2013); *United States v. Bundy*, 968 F.3d 1019 (9th Cir. 2020); *United States v. Slayton*, No. 16-cr-40, 2019 WL 3892426 (S.D. Miss. Aug. 19, 2019).

[3] *United States v. Nejad*, 487 F. Supp. 3d 206 (S.D.N.Y. 2020); *United States v. Morgan*, No. 18-cr-108, 2022 WL 2826382 (W.D.N.Y. July 20, 2022).

argues that they do not apply because motions to dismiss the indictments were pending in those cases. The government cites no support for the proposition that an evidentiary hearing cannot occur unless a motion to dismiss is pending, and it puts the cart before the horse. How are Defendants to move for dismissal based on fact-intensive issues of government misconduct when the government solely possesses the facts necessary to prove the full scope of the misconduct? That is precisely why Defendants require an evidentiary hearing. Regardless, Breimeister has moved to dismiss the superseding indictment; and Swiencinski is filing a motion to dismiss along with this reply to remove all doubt as to the ripeness of an evidentiary hearing.

As to *Nejad* and *Morgan*—where evidentiary hearings were granted but not held—the government claims that the district court chose to "conduct[ ] its own inquiry into prosecutors' actions." Resp. 8. But that did not happen. In those cases, courts scheduled evidentiary hearings but ultimately did not hold them because defendants reached plea agreements or the indictment was dismissed with prejudice. At that point, "it would not be a prudent exercise of [the court's] discretion to investigate on its own." *Morgan*, 2022 WL 2826382, at *4. Had the circumstances been like this case—with no resolution in place—evidentiary hearings would have occurred.[4]

As to *Stephenson* and *Richardson*, the government makes weak distinctions. It argues that the Fifth Circuit in *Stephenson* held only that the defendant should have been permitted to file affidavits supporting his misconduct allegations. But that was because the defendant only asked to file affidavits. *See id.* at *4. The *Stephenson* Court observed that an evidentiary hearing should occur where relevant evidence was not "part of the trial record." *Id.* at *5. In *Richardson*, the

---

[4] As explained in the supplement, in cases involving rampant discovery violations and other misconduct, parties often reach resolutions that moot the need for an evidentiary hearing. *See* Supp. at 7-8. These resolutions have included, for example, no incarceration in a fraud case involving half a billion dollars. *See* Supp. at Ex. 3 (judgments in *United States v. Morgan*, No. 21-cr-32, Dkt. 141).

Fifth Circuit held that the district court erred in refusing to conduct an evidentiary hearing. 360 F.2d at 369. The government argues that *Richardson* is inapposite because "it involved allegations of improper contact with jurors." Resp. 6. That is a distinction without a difference, and the government does not explain why it matters.

The government also tries to distinguish cases where "the evidentiary hearing was held post-conviction." Resp. at 7. As an initial matter, in *Jain* and *Morgan*, evidentiary hearings occurred (or were scheduled, in the case of *Morgan*) before trial. This is another distinction without a difference. As in cases where misconduct was first discovered post-conviction, factual development outside the trial record is necessary to resolve dispositive legal issues.

Notably, the government does not argue that the Court would abuse its discretion in holding an evidentiary hearing. It apparently agrees that a hearing should occur if necessary to conduct a "thorough inquiry" into the misconduct. *United States v. Chagra*, 735 F.2d 870, 874 (5th Cir. 1984). But it asserts that a hearing is not *required* to conduct this thorough inquiry. Resp. 6-7. It emphasizes that in *Chagra*, the Fifth Circuit ultimately held that a hearing was not required. But that was only because "the merit-trial record" was sufficient for the Court to address the issue of government misconduct. *Chagra*, 735 F.2d at 874. By contrast, this Court's order that the government investigate its own misconduct demonstrates that facts need to be found. The Court cannot trust the government to investigate itself without also affording the Defendants a role in that inquiry. The Court would abuse its discretion to deny an evidentiary hearing here.

The government requests a fundamentally unfair process that would yield an unreliable result. Defendants face a potential retrial solely because of government misconduct. In seeking remedies for that misconduct, they may need to prove why it occurred and whether the government acted intentionally. Against this backdrop, the government asserts that Defendants are not entitled

4

to explore these issues in court. Precedent dictates otherwise. The deck is already stacked against Defendants. Before being "forced to 'run the gauntlet'" yet again at a retrial, *Abney v. United States*, 431 U.S. 651, 661 (1977), they are entitled to an evidentiary hearing to assert and protect their rights.

## CONCLUSION

Defendants respectfully request that the Court conduct an evidentiary hearing. Alternatively, they request that the Court reconsider and grant their motion to depose witnesses.

Dated: March 31, 2023                                   Respectfully submitted,

*/s/ Samuel Louis*                                      */s/ Josh Schaffer*
Samuel Louis (Texas Bar No. 12588040)                   Josh Schaffer (Texas Bar No. 24037439)
samuel.louis@hklaw.com                                  1021 Main, Suite 1440
Holland & Knight LLP                                    Houston, Texas 77002
811 Main Street, Suite 2500                             (713) 951-9555
Houston, Texas 77002                                    (713) 951-9854 (facsimile)
(713) 244-6861                                          josh@joshschafferlaw.com
**Attorneys for Dr. Christopher Ince**                  **Attorneys for Scott Breimeister**

*/s/ Jeffrey J. Ansley*                                 */s/ Brandon McCarthy*
Jeffrey J. Ansley (Texas Bar No. 00790235)              Brandon McCarthy (Texas Bar No. 24027486)
Vedder Price, P.C.                                      Katten Muchin Rosenman LLP
300 Crescent Court, Suite 400                           2121 N. Pearl Street, Suite 1100
Dallas, Texas 75201                                     Dallas, TX 75201
(469) 895-4790                                          (214) 765-3600
jansley@vedderprice.com                                 brandon.mccarthy@katten.com
**Attorneys for Ronnie McAda, Jr.**                     **Attorneys for Brian Swiencinski**

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the Reply in Support of Defendants' Motion for Evidentiary Hearing on all counsel of record by filing it with the Clerk on March 31, 2023, using the Court's CM/ECF System.

*/s/ Josh Schaffer*
Josh Schaffer