UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | Criminal No. 18-CR-368 |
| § | |
| BRIAN SWIENCINSKI, SCOTT § | |
| BREIMEISTER, CHRISTOPHER § | |
| INCE, MD, and RONNIE MCADA, JR., § | |
| § | |
| Defendants. § | |

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR *IN CAMERA* REVIEW AND TO INSPECT GRAND JURY MATERIAL**

Defendants Brian Swiencinski, Scott Breimeister, Christopher Ince, M.D., and Ronnie McAda's Motion for *In Camera* Review and To Inspect Grand Jury Material, Dkt. No. 427, should be denied. Defendants request that this Court conduct an *in camera* inspection of the list of witnesses who testified before the grand jury in this matter and, if certain individuals testified, order disclosure of those otherwise secret grand jury transcripts. Defendants fail to overcome their burden of demonstrating a "compelling necessity" for the grand jury material that outweighs the need for continued secrecy.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Defendants Breimeister and Swiencinski was indicted on June 27, 2018. Defendants Ince and McAda were added as defendants in an October 23, 2019 Superseding Indictment. Trial began on November 8, 2022, against these defendants, along with Dr. Vladimir Redko who was later dismissed from the case. Following mid-trial disclosures by the government, this Court on December 13, 2022 declared a mistrial. The Court held a hearing on January 17, 2023 regarding the mid-trial disclosures. At the conclusion of that hearing, the Court granted additional time so that the Department of Justice review team could continue its review of this matter and report back

1

to the Court in a subsequent hearing, after which point the Court could determine whether any additional information would be necessary for the Court to make a decision regarding the explanation for the mid-trial disclosures. 1/17/23 Trans. 124:1–7. That status conference is set for April 4, 2023.

## II. LEGAL AUTHORITY

"Federal courts long have recognized that secrecy is essential to maintain the integrity of the grand jury system." *In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987). The grand jury is an independent body and "the law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 300 (1991). That presumption of legitimacy "generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States v. Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor, J., concurring). "[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 345, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974).

Disclosure of grand jury matters may only be made under the circumstances enumerated in Federal Rule of Criminal Procedure 6(e)(3). Here, Defendants seek access to secret grand jury transcripts pursuant to Rule 6(e)(3)(E)(ii), which provides that a "court may authorize disclosure . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "Caselaw has uniformly held that the burden to obtain a transcript of grand jury proceedings is a high one. A defendant must show that there are grounds to dismiss the indictment and that the defendant's particularized need outweighs society's need to keep grand jury hearings secret." *United States v. Zhengdong Cheng*, No. 4:20-CR-455, 2022 U.S. Dist. LEXIS 6418, at *2-3 (S.D. Tex. Jan. 12, 2022) (*citing United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983)).

### III.   ANALYSIS

Defendants claim their request "is predicated on significant discovery violations and other government misconduct that occurred in this case."  Mot. at 1.  Defendants base their request on "established trial and post-indictment misconduct," although no such finding has been made by the Court.  *See* 1/17/23 Trans. 77:2-23 (Court noting that Defendant Breimeister's "pleadings and filings are replete with allegations" and that it was Defendant Breimeister's position that the government has engaged in misconduct, not a finding of the Court).  Indeed, the Court's stated purpose in holding the January 17, 2023 hearing and April 4, 2023 status conference is to "determin[e] whether or not the failure to disclose were simple omissions or if bad faith was attached."  1/17/23 Trans. 6:10–13.

Defendants assert that "these issues pervaded the trial" and it is therefore "likely these issues also pervaded the grand jury proceedings that led to the indictments in this case."  *Id.*  Defendants make no specific allegations regarding the grand jury process, relying only on the possibility that the witnesses who testified before the grand jury included those as to whom Defendants have made other allegations of bad faith, none of which have been "established" and none of which relate to grand jury proceedings.  Such unsupported allegations are not enough to show grounds to dismiss the Superseding Indictment, to demonstrate a particularized need for the materials sought, or to overcome the presumption of regularity that generally attaches to grand jury proceedings.  *See United States v. Howard*, 433 F.2d 1 (5th Cir. 1970)) ("Appellants' unsubstantiated assertions of improprieties before the grand jury do not approach [a showing or particularized need].");  *United States v. Price*, 582 F. App'x 846, 849 (11th Cir. 2014) (*citing United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985)) ("unsubstantiated allegations of grand jury manipulation" are insufficient to meet a moving party's burden under Rule 6(e)(3)(E)(ii);  *United States v. Burke*, 856 F.2d 1492, 1496 (11th Cir. 1988) ("[A] general allegation that grand

jury materials are necessary for the preparation of a motion to dismiss" the indictment does not satisfy the "particularized need" standard).

In several of the cases cited by Defendants, the courts denied requests for disclosure of grand jury transcripts, recognizing the high burden placed upon a party seeking to obtain secret grand jury materials. The facts here are distinguishable from the few instances Defendants cite where such requests were granted. In *Dennis v. United States*, 384 U.S. 855 (1966), the defendant was provided grand jury transcripts for four key government witnesses who also testified at trial after showing a "particularized need" for the disclosure and a likelihood that the witnesses' testimony at trial was inconsistent with their earlier grand jury testimony.

Similarly, in *In re Corrugated Container Antitrust Litig.*, 687 F.2d 52, 55 (5th Cir. 1982), the court found release of a grand jury transcript appropriate to refresh a witness's recollection after that witness experienced considerable and frequent difficulty recalling events during a deposition. Defendants cite a transcript from trial proceedings in *United States v. Stevens*, No. 08-cr-231 (D.D.C. 2008), in which it appears the Court ordered the government to turn over the grand jury transcript of a testifying witness or witnesses. In the unique circumstances of *United States v. Bullock*, 448 F.2d 728 (5th Cir. 1971), the court held that the defendant should have been accorded the right to inspect the record to determine whether twelve or more grand jurors agreed in the finding and return of the indictment, which was seen and signed only by the grand jury foreman. None of these cases are analogous to the present case. Defendants have not met their high burden to overcome the presumption of legitimacy and secrecy of these grand jury proceedings.

Defendants also point to an internal Department of Justice policy regarding the presentation of exculpatory evidence to the grand jury, which they allege is a basis for dismissal of the

superseding indictment. Mot. at 3 (*citing* Dept. of Justice Manual 9-11.233). That provision sets forth the Department's own internal policy "that when a prosecutor conducting a grand jury inquiry is personally aware of substantial evidence that directly negates the guilt of a subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person." Dept. of Justice Manual 9-11.233. That provision also states that a "failure to follow the Department's policy should not result in dismissal of an indictment," citing *United States v. Williams*, 112 S.Ct. 1735 (1992) for the holding that "the Federal courts' supervisory powers over the grand jury did not include the power to make a rule allowing the dismissal of an otherwise valid indictment where the prosecutor failed to introduce substantial exculpatory evidence to a grand jury." *Id.* Here, there is no evidence that "directly negates the guilt" of any of the defendants. Nor do Defendants point to any, instead citing only "defense counsel['s] belie[f]." Mot. at 3. The policy was not violated and, even if it were, it would not be grounds for dismissal of the superseding indictment.

## IV. CONCLUSION

Because Defendants have not demonstrated a "compelling necessity" for breaking the "indispensable secrecy of grand jury proceedings," *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958), the United States respectfully requests this Court deny their Motion for *In Camera* Review and To Inspect Grand Jury Material.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By:    */s/ Alexander Kramer*
       Alexander J. Kramer
       Assistant Chief

>Allan J. Medina
>Senior Deputy Chief
>Fraud Section, Criminal Division
>U.S. Department of Justice
>1000 Louisiana, Suite 2300
>Houston, Texas 77002
>(202) 768-1919
>Alexander.Kramer@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Alexander Kramer, hereby certify that on April 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties of interest.

/s/ Alexander Kramer
Alexander Kramer
Assistant Chief