IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> – v. – <br> BRIAN SWIENCINSKI, ET AL., <br> *Defendants*. | No. 4:18-cr-00368 |

**DEFENDANTS' REPLY IN SUPPORT OF OPPOSED MOTION FOR
<u>IN CAMERA</u> REVIEW AND TO INSPECT GRAND JURY MATERIAL**

In its response, the government fails to meaningfully address the defendants' showing that "'a particularized need' exists for the [grand jury] materials that outweighs the policy of secrecy." *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993) (quoting *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959)). Instead, the government provides a generic response that does not identify any need for continued secrecy in this case, or address any of the particularized instances of misconduct on which the defendants' request is based. *See generally* United States' Opp., Dkt. 445. It invokes secrecy for secrecy's sake, and advocates for a standard that would require the defense to effectively prove grand jury misconduct before the defense has access to the transcripts it seeks for that very purpose.

But that is not the standard. *Cf. Jencks v. United States*, 353 U.S. 657, 667-68 (1957) ("Requiring the accused first to show conflict between the [FBI] reports and the testimony is actually to deny the accused evidence relevant and material to his defense. The occasion for determining a conflict cannot arise until after the witness has testified, and unless he admits conflict, . . . the accused is helpless to know or discover conflict without inspecting the reports."). Under the correct standard, disclosure is proper because the need for secrecy is diminished, and the defendants have shown a particularized need for the grand jury transcripts they seek.

1

As to the need for secrecy, the government does not dispute that the interest in grand jury secrecy is diminished because the grand jury has ended its activities. *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). Instead, the government invokes the general policy of secrecy, while ignoring that "[g]rand jury secrecy is . . . not an end in itself." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 403 (1959) (Brennan, J., dissenting). The government does not explain why it is important for the transcripts the defendants seek to remain secret long after the end of this grand jury's service.

Indeed, none of the traditional reasons for grand jury secrecy are implicated here. *See Dennis v. United States*, 384 U.S. 855, 872 n.18 (1966) (citing Justice Brennan's dissenting opinion in *Pittsburgh Plate Glass*, 360 U.S. at 405, for discussion of "the reasons traditionally advanced to justify non-disclosure" of grand jury materials). There is no concern that disclosure at this stage would enable the defendants to escape before they are indicted or arrested. *See Pittsburgh Plate Glass*, 360 U.S. at 405 (Brennan, J., dissenting) (identifying reasons that traditionally justify grand jury secrecy). Nor would disclosure discourage the grand juries' investigation and deliberation, as they have concluded their investigations. *See id*.

Further, the government has not argued that the limited disclosures the defendants seek would reveal information about an accused who was not indicted. *See id.* And there is no concern that disclosure of the grand jury transcripts would discourage witnesses from testifying freely before the grand jury, *see id.*, because the material the defendants seek primarily consists of testimony of government agents and one consultant (William Chan) as part of their job duties. Indeed, the defense seeks nothing that would reveal the votes or opinions of any of the grand jurors. To the extent the transcripts would reveal the identities of grand jurors, that information may be redacted. In short, other than reciting the anodyne proposition that grand jury proceedings are

ordinarily secret, the government identifies no reason why the transcripts the defendants seek should be kept secret.

As to the showing of a particularized need, the government argues that the defendants' reliance on misconduct revealed during the trial—and detailed concerns that such misconduct infected the grand jury proceedings, too—are not sufficiently particularized. After the Court concluded that the government's late or otherwise improper disclosures to the defendants impacted "significantly greater than a quarter of the testimony that [had] occurred," Trial Tr. Day 19 at 9:20-21 (Dec. 13, 2022), the government argues that the defendants must make "specific allegations regarding the grand jury process," and cites three cases from the Fifth and Eleventh Circuits in support. United States' Opp. 3-4, Dkt. 445. But in those cases, either the defendant offered *no* support for the assertion that misconduct occurred before the grand jury, or the court specifically considered the alleged misconduct and concluded it had not occurred. *See United States v. Howard*, 433 F.2d 1, 3 (5th Cir. 1970); *United States v. Price*, 582 F. App'x 846, 850 (11th Cir. 2014); *United States v. Burke*, 856 F.2d 1492, 1496 (11th Cir. 1988). In *Howard*, for example, the defendant speculated that an unauthorized person had been present in the grand jury—without substantiating this belief "in any way." *Howard*, 433 F.2d at 3.

Here, the defendants do not rest on mere speculation as the government contends. Rather, the defendants have detailed the misconduct that occurred throughout this case—including in the pretrial investigation—and provided "[a]t least four examples" that support the defendants' reasoned belief that this pattern of conduct occurred before the grand jury as well. *See* Defs.' Opp. Mot. for *In Camera* Review and to Inspect Grand Jury Material 4-6, Dkt. 427.

The government does not address any of these specific arguments. In fact, the circumstances of this case are analogous to those in *Dennis*, where the Supreme Court ordered

3

disclosure of grand jury testimony by certain witnesses. 384 U.S. at 875. There, disclosure was justified because the grand jury testimony was closer in time to the events in question, the testimony was important because "the question of guilt or innocence may turn on exactly what was said," and one witness during trial had admitted to confusing significant dates. *Id.* at 872-73. The defendants did not make "specific allegations regarding the grand jury process" or what was said during grand jury testimony. *Cf.* United States' Opp. 3, Dkt. 445. Nonetheless, the Court held that the defendants' showing for disclosure went "substantially beyond the minimum required by Rule 6(e) and the prior decisions of this Court." *Dennis,* 384 U.S. at 872.

      So too here. The government's misconduct—which is mostly undisputed and occurred both pre-trial and throughout trial—by itself demonstrates the particularized need for the grand jury transcripts requested by the defendants. Moreover, the government has not provided any need for continued secrecy, and the defendants have narrowly tailored their request to the testimony of certain individuals specifically implicated in prominent instances of government misconduct in this case. For all of these reasons, disclosure of the requested materials is "wholly proper," and indeed, the ends of justice require it. *See United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 234 (1940) ("[A]fter the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it.").

## CONCLUSION

The defendants respectfully request that this Court grant the defendants' motion, conduct an *in camera* review to determine who testified before the grand jury, and if any of the individuals identified in the motion testified, order the production of that testimony to the defendants.

Dated: April 10, 2023

Respectfully submitted,

*/s/ Samuel Louis*
Samuel Louis (Texas Bar No. 12588040)
Holland & Knight LLP
811 Main Street, Suite 2500
Houston, Texas 77002
(713) 244-6861
samuel.louis@hklaw.com
**Attorneys for Dr. Christopher Ince**

*/s/ Jeffrey J. Ansley*
Jeffrey J. Ansley (Texas Bar No. 00790235)
Arianna Goodman (Texas Bar No. 24109938)
Sam Deau (S.D. Tex. No. 3791231)
Vedder Price, P.C.
300 Crescent Court, Suite 400
Dallas, Texas 75201
(469) 895-4790
jansley@vedderprice.com
agoodman@vedderprice.com
sdeau@vedderprice.com
**Attorneys for Ronnie McAda, Jr.**

*/s/ Josh Schaffer*
Josh Schaffer (Texas Bar No. 24037439)
1021 Main, Suite 1440
Houston, Texas 77002
(713) 951-9555
josh@joshschafferlaw.com
**Attorneys for Scott Breimeister**

*/s/ Brandon McCarthy*
Brandon McCarthy (Texas Bar No. 24027486)
Rachel M. Riley (Texas Bar No. 24093044)
Katten Muchin Rosenman LLP
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
(214) 765-3600
brandon.mccarthy@katten.com
rachel.riley@katten.com
**Attorneys for Brian Swiencinski**

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the Reply in Support of Defendants' Motion for In Camera Review and to Inspect Grand Jury Material on all counsel of record by filing it with the Clerk on April 10, 2023, using the Court's CM/ECF System.

*/s/ Brandon McCarthy*
Brandon McCarthy