IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,

– v. –

BRIAN SWIENCINSKI, ET AL.,

*Defendants*.

No. 4:18-cr-00368

**BRIAN SWIENCINSKI'S OPPOSED MOTION FOR WITHDRAWAL
AND RECONSIDERATION OF THE COURT'S ORDER DENYING HIS
MOTION TO DISMISS ON DOUBLE JEOPARDY GROUNDS, AND
MOTION TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendant Brian Swiencinski respectfully files this motion for withdrawal, and reconsideration of, the Court's order denying his motion to dismiss the indictment on double jeopardy grounds (Dkt. 439). Mr. Swiencinski further requests a hearing on his double jeopardy motion, and respectfully requests that in deciding his motion, the Court make explicit findings of fact and conclusions of law, including a finding that his motion is not frivolous.

This motion is timely because it is being filed within 14 days after the Court's April 4, 2023, order denying Mr. Swiencinski motion to dismiss. *See United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995) ("[C]riminal case motions for reconsideration are timely if filed within the time prescribed for noticing an appeal under Fed. R. App. P. 4(b) [that is, 14 days]"); *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *1 (5th Cir. Mar. 9, 2022) (per curiam) ("McFadden timely moved for reconsideration within the fourteen-day period to notice an appeal." (citing Fed. R. App. P. 4(b)(1)(A)(i))).

Defendant Scott Breimeister previously filed a similar motion to withdraw the court's order denying his double jeopardy motion and for a hearing on the double jeopardy motion and related relief. *See* Dkt. 456. This Court granted Mr. Breimeister's motion for withdrawal; withdrew its

1

oral order of April 4, 2023, which denied Mr. Breimeister's motion to bar a retrial based on double jeopardy; ordered the government to respond to the motion by April 28, 2023; and set the motion for a hearing on May 4, 2023, at 2:30 p.m. *See* Dkt. 462.

Mr. Swiencinski respectfully incorporates and adopts herein the arguments made in Mr. Breimeister's motion that the Court granted, and requests that the Court grant Mr. Swiencinski the same relief it granted to Mr. Breimeister. This is appropriate because Mr. Swieincinski's double jeopardy motion incorporates Mr. Breimeister's double jeopardy arguments, and procedurally, Mr. Swiencinski is identically situated to Mr. Breimeister. In addition, Mr. Swiencinski respectfully submits the Court's ruling on his double jeopardy motion was premature because the double jeopardy issue turns in part on findings about the government's misconduct in this case, including whether it was intentional or in bad faith—an issue the Court has not yet decided.

## I.     BACKGROUND

On March 31, 2023, Mr. Swiencinski filed an opposed motion to dismiss the superseding indictment based on double jeopardy and outrageous government conduct, and for other relief (Dkt. 439). In that motion, Mr. Swiencinski noted his belief that the motion was premature because the Court had not yet ruled on his request for an evidentiary hearing on the government's misconduct, nor had the Court made findings as to the nature of the government's misconduct. In his double jeopardy motion, Mr. Swiencinski noted that "further factual development of the misconduct in this case will certainly affect Mr. Swiencinski' request for relief herein." *See* Dkt. 439 at 1-2. Nonetheless, Mr. Swiencinski filed the motion to dismiss "in an abundance of caution," given the government's prior arguments that Mr. Swiencinski's motion for an evidentiary hearing was not ripe unless a motion to dismiss was pending (*see* Dkt. 432 at 1-2, 7), and due to uncertainty as to the Court's expectations of the timing of motions for relief. *See* Dkt. 439 at 2. As the basis

for his double jeopardy motion, Mr. Swiencinski incorporated and adopted the arguments made in Mr. Breimeister's motion to dismiss the indictment on double jeopardy grounds. *See id.*

On April 4, 2023, the Court conducted a status conference, the purpose of which was for the government to report on the findings of its internal investigation into the misconduct of the trial team that resulted in the Court's *sua sponte* declaration of a mistrial. After the government made its presentation, the Court allowed defense counsel to offer "a brief" comment on the government's presentation of its internal investigation, but instructed counsel that they "don't need to argue" the pending motions to dismiss. Tr. 4/4/23 at 56:12-57:3. Accordingly, counsel for Mr. Swiencinski did not make any argument on his pending motion to dismiss the indictment.

At the conclusion of the status conference, the Court orally denied Mr. Swiencinski's motion to dismiss the indictment based on double jeopardy, and took under advisement Mr. Swiencinski's other requests for relief, including for dismissal of the indictment due to outrageous government misconduct. Tr. 4/4/23 at 93:1-20. Following the hearing, on April 4, 2023, the Court entered on the docket a minute entry reflecting the Court's ruling. But the Court did not make any findings or conclusions as to the basis for its denial of Mr. Swiencinski's motion to dismiss on double jeopardy grounds.

On April 12, 2023, the government filed an omnibus response opposing the motions to dismiss filed respectively by Mr. Swiencinski, Mr. Breimeister, and Ronnie McAda. *See* Dkt. 461. That opposition addresses the Defendants' claims that the superseding indictment should be dismissed based on "outrageous government misconduct," but does not address the argument that the superseding indictment should be dismissed on double jeopardy grounds.[1]

---

[1] Mr. Swiencinski intends to file a reply to the government's response addressing the "outrageous government misconduct" argument.

## II.    ANALYSIS

Mr. Swiencinski moves the Court to withdraw and reconsider its oral order denying his double jeopardy motion. In support, he adopts the arguments made in a similar motion by Mr. Breimeister (Dkt. 456), which was granted by this Court (Dkt. 462). Mr. Swiencinski's double jeopardy motion makes the same arguments as Mr. Breimeister's motion, and with respect to the timing and procedure underlying the Court's denial of his double jeopardy motion, Mr. Swiencinski is identically situated to Mr. Breimeister. In addition, Mr. Swiencinski maintains that any ruling on his motion to dismiss—including the part of the motion that is based on double jeopardy—is properly made only after the Court rules on Mr. Swiencinski's motion for evidentiary hearing, and makes fact findings and conclusions as to the nature and cause of the government's errors in this case that led to the Court's declaration of a mistrial.

Ordinarily, the Double Jeopardy Clause prohibits re-prosecution if the defendant did not consent to the mistrial and "manifest necessity for the mistrial" was lacking. *See United States v. Fisher*, 624 F.3d 713, 718 (5th Cir. 2010). As Mr. Swiencinski argued in his motion to dismiss, this test is satisfied because the Court declared a mistrial on its own motion, Mr. Sweincinski made clear during trial that the only adequate relief was dismissal of the indictment, and the Court's *sua sponte* declaration of a mistrial was not supported by manifest necessity such that double jeopardy would not apply. *See* Dkt. 439 at 2-3. And even if Mr. Swiencinski is deemed to have moved for a mistrial, double jeopardy still applies because any mistrial was forced by the government's misconduct. *See id.*

Also there is a first-order question presented by Mr. Swiencinski's double jeopardy motion. That is, does the extent and type of government misconduct in this case mean that the Double Jeopardy Clause bars a retrial, regardless of the test of "manifest necessity"? *See id.* at 3 (raising

4

this question); *see also* Dkt. 428 at 3-4 (Defendant Breimeister raising this question and citing cases); *United States v. Alford*, 516 F.2d 941, 946 (5th Cir. 1975) ("Manifest necessity does not exculpate the prosecution from the constrictions of the double jeopardy clause where there has been prosecutorial overreaching."). The answer to this question will be informed in part by the Court's fact findings as to the nature and scope of the government's misconduct—including whether it was intentional or in bad faith. And as Mr. Swiencinski has repeatedly argued, these factual questions are appropriately resolved only after an evidentiary hearing. *See* Dkts. 413, 424, 432, 440 (briefing on the Defendants' motion for an evidentiary hearing, which this Court has not yet decided).[2]

In short, the Court prematurely decided Mr. Swiencinski's motion to dismiss the indictment based on double jeopardy. The Court should withdraw and reconsider its order, allow the government time to respond to Mr. Swiencinski's motion and attempt meet its burden showing that double jeopardy does not apply, and hold a hearing on the double jeopardy motion. Further, the Court's decision on the double jeopardy issue should be premised on explicit fact findings and conclusions, including as to the scope and nature the government's misconduct in this case, and whether that misconduct was intentional and in bad faith.

## **CONCLUSION**

For the reasons stated herein and in Mr. Breimeister's motion to withdraw (Dkt. 456), Mr. Swiencinski moves the Court to: (1) withdraw and reconsider its order of April 4, 2023, denying his motion to dismiss based on double jeopardy; (2) order the government to respond to that

---

[2] In short order, Mr. Swiencinski intends to file a written response to the government's presentation on its internal investigation at the April 4, 2023 status conference. Mr. Swiencinski's response will explain why the government's investigation is insufficient to resolve the factual questions surrounding the government's misconduct, and only reinforces the need for an evidentiary hearing.

5

motion; (3) conduct a *Stricklin* hearing on the motion; (4) make explicit findings of fact and conclusions of law related to the double jeopardy issue, including whether the government's misconduct was intentional or in bad faith; and (5) specifically find that Mr. Swiencinski's double jeopardy argument is not frivolous. Even if the Court denies the requests (1) through (3) above, it still should make explicit findings and conclusions on the double jeopardy issue (after an evidentiary hearing on the government's misconduct), and also find that the double jeopardy argument is not frivolous.

Dated: April 17, 2023

Respectfully submitted,

/s/ Brandon McCarthy

| | |
|---|---|
| Michael A. Villa, Jr. | Brandon McCarthy (admitted *pro hac vice*) |
| Texas Bar No. 24051475 | Texas Bar No. 24027486 |
| MEADOWS, COLLIER, REED, | Rachel M. Riley |
| COUSINS, CROUCH & UNGERMAN, LLP | Texas Bar No. 24093044 |
| 901 Main Street, Suite 370 | KATTEN MUCHIN ROSENMAN LLP |
| Dallas, TX 75202 | 2121 N. Pearl Street, Suite 1100 |
| (214) 744-2700 | Dallas, TX 75201 |
| mvilla@meadowscollier.com | (214) 765-3600 |
| | brandon.mccarthy@katten.com |
| Scottie D. Allen (admitted *pro hac vice*) | rachel.riley@katten.com |
| THE ALLEN LAW FIRM | |
| 4144 N. Central Expressway | Mary C. Fleming (admitted *pro hac vice*) |
| Suite 650 | KATTEN MUCHIN ROSENMAN LLP |
| Dallas, TX 75204 | 2900 K Street NW, North Tower - Suite 200 |
| (214) 824-7711 | Washington, DC 20007 |
| scottiedallen@scottiedallenlaw.com | (202) 625-3754 |
| | mary.fleming@katten.com |

***Attorneys for Brian Swiencinski***

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 17, 2023, counsel to Mr. Swiencinski conferred with counsel to the Government via email regarding the relief requested herein. Counsel to the Government represented that it objects to this Motion and the relief requested herein.

                                                                       */s/ Brandon McCarthy*
                                                                       Brandon McCarthy

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Brian Swiencinski's Motion for Withdrawal and Reconsideration of the Court's April 4, 2023 Order Denying His Motion to Dismiss on Double Jeopardy Grounds, and Motion to Make Findings of Fact and Conclusions of Law, to be served on all counsel of record by filing it with the Clerk on April 17, 2023, using the Court's CM/ECF System.

                                                                       */s/ Brandon McCarthy*
                                                                       Brandon McCarthy