IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| United States of America,<br><br>– v. –<br><br>Brian Swiencinski, Scott Breimeister, Christopher Ince, M.D., and Ronnie McAda, Jr.,<br><br>*Defendants*. | No. 4:18-cr-00368 |

### NOTICE OF APPEAL OF DEFENDANT BRIAN SWIENCINSKI

Defendant Brian Swiencinski hereby notices an appeal to the United States Court of Appeals for the Fifth Circuit from the district court's order, which was entered on the criminal docket in this case on April 4, 2023, denying Mr. Swiencinski's motion to dismiss the superseding indictment on the ground that a retrial would violate his rights under the Double Jeopardy Clause of the Constitution of the United States. The jurisdiction of the court of appeals is invoked under 28 U.S.C. § 1291 and *Abney v. United States*, 431 U.S. 651 (1977).[*]

---

[*] Mr. Swiencinski is filing his notice of appeal now in an abundance of caution. Ordinarily, Mr. Swiencinski must file his notice of appeal within 14 days after the entry of the order being appealed. *See* Fed. R. App. P. 4(b)(1)(A)(i). However, on April 17, 2023, Mr. Swiencinski timely filed a motion for reconsideration of the order being appealed. And Mr. Swiencinski's timely motion for reconsideration tolls the period to notice an appeal. *See United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995) ("[C]riminal case motions for reconsideration are timely if filed within the time prescribed for noticing an appeal under Fed. R. App. P. 4(b) and, so filed, they 'destroy the finality' of the underlying judgment. . . . Thus, in essence . . . a timely filed motion for reconsideration [receives] the same tolling effect as the motions expressly addressed by Fed. R. App. 4(b)."); *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *1 (5th Cir. Mar. 9, 2022) ("[Defendant] timely moved for reconsideration within the fourteen-day period to notice an appeal. . . . [Defendant's] timely motion for reconsideration tolled the period to notice an appeal.").

Accordingly, this notice of appeal does not become "effective" until the District Court adjudicates Mr. Swiencinski's motion for reconsideration. *See* Fed. R. App. P. 4(b)(3)(B)(i). If the District Court grants Mr. Swiencinski's motion for reconsideration, and resolves the double

| | |
|---|---|
| Dated: April 18, 2023 | Respectfully submitted, |
| | |
| | /s/ Brandon McCarthy |
| Michael A. Villa, Jr. | Brandon McCarthy (admitted *pro hac vice*) |
| Texas Bar No. 24051475 | Texas Bar No. 24027486 |
| MEADOWS, COLLIER, REED, | Rachel M. Riley |
| COUSINS, CROUCH & UNGERMAN, LLP | Texas Bar No. 24093044 |
| 901 Main Street, Suite 370 | KATTEN MUCHIN ROSENMAN LLP |
| Dallas, TX 75202 | 2121 N. Pearl Street, Suite 1100 |
| (214) 744-2700 | Dallas, TX 75201 |
| mvilla@meadowscollier.com | (214) 765-3600 |
| | brandon.mccarthy@katten.com |
| Scottie D. Allen (admitted *pro hac vice*) | rachel.riley@katten.com |
| THE ALLEN LAW FIRM | |
| 4144 N. Central Expressway | Mary C. Fleming (admitted *pro hac vice*) |
| Suite 650 | KATTEN MUCHIN ROSENMAN LLP |
| Dallas, TX 75204 | 2900 K Street NW, North Tower - Suite 200 |
| (214) 824-7711 | Washington, DC 20007 |
| scottiedallen@scottiedallenlaw.com | (202) 625-3754 |
| | mary.fleming@katten.com |

*Attorneys for Brian Swiencinski*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing Notice of Appeal of Defendant Brian Swiencinski, and a true and correct copy of the foregoing was served on all parties and counsel of record via the court's ECF system on this 18th day of April, 2023.

/s/ Brandon McCarthy
Brandon McCarthy

---

jeopardy motion favorably to Mr. Swiencinski, then Mr. Swiencinski will move to voluntarily dismiss his appeal as moot. *See* Fed. R. App. P. 42(b).