**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

UNITED STATES OF AMERICA,

– v. –

BRIAN SWIENCINSKI, ET AL.,

　　　　*Defendants*.

No. 4:18-cr-00368

**BRIAN SWIENCINSKI'S  UNOPPOSED MOTION FOR RELIEF FROM AND TO
TOLL DEADLINES RELATED TO HIS FIFTH CIRCUIT APPEAL IN LIGHT OF
HIS PENDING MOTION FOR RECONSIDERATION OF THE ORDER ON APPEAL**

Defendant Brian Swiencinski respectfully files this motion for relief from and to toll all deadlines imposed by this Court related to his Notice of Appeal filed on April 18, 2023 (Dkt. 466), including any deadline to order transcripts and to file trial exhibits on the record. Mr. Swiencinski requests this relief because he has filed a motion for reconsideration of the Court's order on appeal, and respectfully asks that a tolling of deadlines remain in effect until his motion for reconsideration is fully resolved. In support, Mr. Swiencinski states as follows:

1.　　　On March 31, 2023, Mr. Swiencinski filed a motion to dismiss the superseding indictment, which argued in part that the Double Jeopardy Clause bars a retrial. *See* Dkt. 439.

2.　　　On April 4, 2023, this Court orally denied Mr. Swiencinski's motion to dismiss the superseding indictment on double-jeopardy grounds. *See* Tr. 4/4/23 at 93:1-20; *see also* Minute Entry dated April 4, 2024.

3.　　　On April 17, 2023, Mr. Swiencinski timely filed a motion for reconsideration of the Court's order denying his motion to dismiss on double jeopardy grounds, and among other things, requested a hearing on his motion. *See* Dkt. 463; *United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995) ("[C]riminal case motions for reconsideration are timely if filed within the time prescribed for noticing an appeal under Fed. R. App. P. 4(b) [that is, 14 days]."). The government filed a response

1

to that motion on April 28, 2023. Dkt. 479. Mr. Swiencinski intends to timely file a reply on May 5, 2023. A hearing on the double-jeopardy issue is currently scheduled for May 26, 2023.[1]

4.      The Supreme Court has held that a defendant may take an immediate interlocutory appeal of an order denying a motion to dismiss on double jeopardy. *Abney v. United States*, 431 U.S. 651, 659 (1977). Ordinarily, a notice of appeal must be filed within 14 days after the entry of the order being appealed. But Federal Rule of Appellate Procedure 4(b)(3) provides that some motions toll the time to file a notice of appeal, and the Fifth Circuit has recognized that "a timely filed motion for reconsideration [receives] the same tolling effect as the motions expressly addressed by [Rule] 4(b)." *Brewer*, 60 F.3d at 1143.

5.      On April 18, 2023, Mr. Swiencinski filed a notice of appeal (Dkt. 466) from the Court's double-jeopardy ruling. Though Mr. Swiencinski's motion for reconsideration was then pending, thus tolling any deadline to notice an appeal, he filed his notice 14 days after the Court's order denying his double-jeopardy motion, in an abundance of caution.

6.      The Fifth Circuit has docketed the appeal, but has noted the case will be processed after a ruling on Mr. Swiencinski's pending motion for reconsideration. *See* Dkt. 5, *United States v. Swiencinski*, No. 23-20163 (5th Cir.) ("INITIAL CASE CHECK by Attorney Advisor complete. Action: Case OK to Process after monitoring for ruling on dc #463, motion for reconsideration.").

7.      Given the foregoing, counsel to Mr. Swiencinski believed this Court's deadlines pertaining to the appeal were stayed. However, those deadlines have continued to run. In particular, Mr. Swiencinski was required to order any necessary transcripts within 14 days after filing his

---

[1] The scheduling of the hearing appears to have been prompted by Mr. Breimeister's motion for reconsideration of the Court's denial of his own double-jeopardy motion. The Court denied Mr. Breimeister's motion to dismiss at the same time it denied Mr. Swiencinski's, and the Court has since granted Mr. Breimeister's motion for reconsideration of that order. *See* Dkt. 462. Mr. Swiencinski's motion for reconsideration is still pending, and his motion to dismiss and motion for reconsideration largely mirror and incorporate Mr. Breimeister's motions.

Notice of Appeal. This Court has also entered an order directing the parties to file trial exhibits on the record for transmission to the Fifth Circuit. *See* Dkt. 481.

8.      Mr. Swiencinski respectfully requests that the deadline to order transcripts, and all other deadlines related to perfecting and processing his appeal, be tolled until this Court rules on his motion for reconsideration and finally disposes of his underlying request for dismissal based on double jeopardy. Compliance with the Court's ordinary schedule of deadlines while his reconsideration motion is pending would impose an undue hardship on Mr. Swiencinski. For example, if the motion for reconsideration is resolved in his favor, Mr. Swiencinski will have ordered (and made financial arrangements to pay for) transcripts he does not need. *See* Fifth Cir. R. 10 & Transcript Order Form Dkt-13 (providing that the appellant must make satisfactory financial arrangements when ordering transcripts). If he does not prevail on his motion for reconsideration, Mr. Swiencinski might have ordered transcripts he does not need, or failed to include transcripts relevant to the appeal.

9.      Ordinarily, when a notice of appeal is filed while motion for reconsideration is pending, the notice of appeal becomes effective only upon the entry of the District Court's order disposing of the motion. *See* Fed. R. App. P. 4(b)(3)(B); *see also id.* 4(b)(3)(C). Mr. Swiencinski respectfully requests that this Court treat his Notice of Appeal accordingly, such that any District Court deadlines triggered by the filing of his notice of appeal—including the 14-day period in which to request transcripts, and time to file trial exhibits on the record—begin to run only when the Court resolves his motion for reconsideration and underlying request for dismissal of the superseding indictment based on double jeopardy.

## CONCLUSION

In light of his pending motion for reconsideration of the District Court's order appealed from, Mr. Swiencinski requests that he be relieved of any District Court deadlines triggered by the filing of his notice of appeal—including the 14-day period in which to request transcripts, and time to file trial exhibits on the record. Mr. Swiencinski requests that those deadlines be tolled such that they will begin to run only when the District Court resolves his motion for reconsideration and finally disposes of his underlying request for dismissal of the superseding indictment based on double jeopardy.

Dated: May 5, 2023

Respectfully submitted,

/s/ Mary C. Fleming

| | |
|---|---|
| Michael A. Villa, Jr. | Brandon McCarthy (admitted *pro hac vice*) |
| Texas Bar No. 24051475 | Texas Bar No. 24027486 |
| MEADOWS, COLLIER, REED, | Rachel M. Riley |
| COUSINS, CROUCH & UNGERMAN, LLP | Texas Bar No. 24093044 |
| 901 Main Street, Suite 370 | KATTEN MUCHIN ROSENMAN LLP |
| Dallas, TX 75202 | 2121 N. Pearl Street, Suite 1100 |
| (214) 744-2700 | Dallas, TX 75201 |
| mvilla@meadowscollier.com | (214) 765-3600 |
| | brandon.mccarthy@katten.com |
| | rachel.riley@katten.com |
| Scottie D. Allen (admitted *pro hac vice*) | |
| THE ALLEN LAW FIRM | |
| 4144 N. Central Expressway | Mary C. Fleming (admitted *pro hac vice*) |
| Suite 650 | KATTEN MUCHIN ROSENMAN LLP |
| Dallas, TX 75204 | 2900 K Street NW, North Tower - Suite 200 |
| (214) 824-7711 | Washington, DC 20007 |
| scottiedallen@scottiedallenlaw.com | (202) 625-3754 |
| | mary.fleming@katten.com |

**Attorneys for Brian Swiencinski**

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 4 and 5, 2023, counsel to Mr. Swiencinski conferred with counsel to the Government via telephone and email regarding the relief requested herein. Counsel to the Government represented that it does not object to the relief requested herein.

*/s/ Mary C. Fleming*
Mary C. Fleming

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Brian Swiencinski's unopposed motion for relief from and to toll deadlines related to his Fifth Circuit appeal in light of his pending motion for reconsideration of the order on appeal, to be served on all counsel of record by filing it with the Clerk on May 5, 2023, using the Court's CM/ECF System.

*/s/ Mary C. Fleming*
Mary C. Fleming