IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>– v. –<br>BRIAN SWIENCINSKI, ET AL.,<br>*Defendants*. | No. 4:18-cr-00368<br><br>BRIAN SWIENCINSKI'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND MOTION TO DISMISS THE SUPERSEDING INDICTMENT ON DOUBLE JEOPARDY GROUNDS |

After a mistrial, a case may not be retried unless the defendant consented to the mistrial, or the government shows a manifest necessity for the mistrial. *Oregon v. Kennedy*, 456 U.S. 667, 672 (1982). Here, the government argues it may retry this case notwithstanding its pervasive misconduct because Mr. Swiencinski requested the mistrial, and even if he did not, the mistrial was supported by manifest necessity. The government ignores that this is not an ordinary case involving error by an overzealous prosecutor in the heat of trial. Rather, this case involves a pattern of misconduct that was so overwhelming and pervasive that it leads to the conclusion the government was attempting to fend off an acquittal, or—if its misconduct were discovered—force a mistrial, giving the government the ability to try again. This manipulation of double-jeopardy rights has been condemned by the Supreme Court, which has recognized that the government may not subvert the Double Jeopardy Clause by goading the defendant into requesting a mistrial. *Id.* at 673. Even if the Court finds that Mr. Swiencinski moved for a mistrial, the government's conduct goaded him to do so. Further, in these circumstances, the government's misconduct cannot create a manifest necessity for a mistrial. In short, a retrial is barred by the Double Jeopardy Clause.

**I.      To the extent Mr. Swiencinski is deemed to have moved for a mistrial, the government's misconduct goaded him into doing so.**

Even if the Court determines that Mr. Swiencinski consented to a mistrial (despite the Court's *sua sponte* ruling), double jeopardy protections still apply because any motion flowed from the prosecutor's intent "to subvert the protections afforded by the Double Jeopardy Clause."

1

*United States v. Buck*, 847 F.3d 267, 272 (5th Cir. 2017). That is, the guarantee against double jeopardy still applies if the government acted intentionally or recklessly to "induce the defendants' consent to the mistrial or to avoid an acquittal that it believed was likely." *United States v. El-Mezain*, 664 F.3d 467, 559 (5th Cir. 2011). The "existence or nonexistence of intent" to provoke a mistrial or "avoid an acquittal" may be inferred "from objective facts and circumstances." *Kennedy*, 456 U.S. at 675. The objective facts and circumstances of this case show an intent to subvert the protections afforded by the Double Jeopardy Clause. The sheer volume of recurring misconduct leads to the conclusion that the government's misdeeds were aimed at avoiding an acquittal, while knowing that if the misconduct came to light, Mr. Swiencinski would have almost no choice but to move for a mistrial. In the latter circumstance, the government could argue (as it currently argues) that double jeopardy offers no protection precisely because Mr. Swiencinski moved for a mistrial. This heads-I-win-tails-you-lose tactic employed by the government intentionally manipulates Mr. Swiencinski's double jeopardy rights, which is precisely what the "goading" doctrine is meant to prevent.

To be sure, the government has denied any intentional misconduct. Mr. Swiencinski disagrees with that conclusion based on the objective facts and circumstances surrounding the government's errors. To that end, he has filed a response identifying the deficiencies and bias in the government's April 4 presentation on the findings of its internal investigation. Dkt. 467. And Mr. Swiencinski has repeatedly urged that an evidentiary hearing is needed to fully and fairly develop the facts as to the government's intent. *See* Dkts. 413, 424, 440.[1]

---

[1] As Mr. Swiencinski has argued, the government's conduct and intent leading to the mistrial informs the double-jeopardy inquiry. To avoid repetition, he incorporates herein his prior filings detailing that conduct. *See* Dkts. 385, 412, 467, 471. Those filings, in turn, discuss 302s, interview notes, and other documents related to the mistrial. For ease of reference and so that the record is clear, Mr. Swiencinski is contemporaneously filing: (i) the government's binder from the April 4,

Moreover, government action in reckless disregard of a defendant's rights is sufficient to constitute goading. *See Butler v. Director, TDCJ-CID*, No. 16-cv-210, 2020 WL 1433576, at *21 (E.D. Tex. Mar. 20, 2020) ("The prosecutor's conduct in provoking a mistrial must be deliberate or reckless to show that the mistrial resulted from prosecutorial misconduct."); *Gov't of Virgin Islands v. Fahie*, 419 F.3d 249, 255 n.8 (3d Cir. 2005) (suggesting the government's withholding of documents "in bad faith or reckless disregard for the defendant's rights" might show "the government intentionally triggered a mistrial by withholding documents"); *accord Farmer v. Brennan*, 511 U.S. 825, 836 (1994) ("[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk."). And, as the Third Circuit has recognized, "[a] pattern of constitutional violations may indeed be used to show recklessness on the part of a prosecutor." *Fahie*, 419 F.3d at 256. Here, the government's repeated, pervasive misconduct is, at minimum, sufficient to show the government acted in reckless disregard of Mr. Swiencinski's double jeopardy rights.

In its response, the government argues that "gross negligence by the prosecutor, or even intentional conduct that seriously prejudices the defense, is insufficient to be characterized as goading." Dkt. 479 at 12. But there's an important distinction between error made by an overzealous prosecutor to secure a conviction, and error made because the prosecutor "thought that otherwise the jury would acquit and [the prosecutor] would therefore be barred from retrying the defendant." *El-Mezain*, 664 F.3d at 562 (quoting *United States v. Catton*, 130 F.3d 805, 807 (7th Cir. 1997)). The Supreme Court's decision in *Kennedy* involves the former category—in the heat of trial, the prosecutor inappropriately asked his own witness whether the defendant "is a

---

2023 hearing, which contains relevant documents and was admitted as an exhibit in that hearing; and (2) additional 302s and notes discussed in prior filings but not included in the April 4 binder.

crook." 456 U.S. at 669. The trial court then granted the defendant's motion for mistrial, but determined the prosecutor had not intended to cause a mistrial. *Id.* As another example, in *United States v. Singleterry*, the prosecutor repeatedly alluded to the defendant's prior conviction when cross-examining the defendant. 683 F.2d 122, 123 (5th 1982). In so doing, the prosecutor did not intend to provoke a mistrial, but rather "was merely attempting—however improperly—to ensure the conviction of the defendants in their first trial." *Id.* at 125. "[S]uch an attempt does not violate the double jeopardy clause." *Id.*

This case, in contrast, involves the latter category—where, based on the government's pervasive misconduct, this Court may find that the government believed it could avoid an acquittal only by engaging in misconduct. The government repeatedly concealed evidence and failed to correct testimony, among other errors. These actions were intentional or, at a minimum, taken in reckless disregard of Mr. Swiencinski's right to a fair trial and to receive a verdict from the first jury that was sworn. Thus, the government manifested an intent to "avoid an acquittal," rather than merely strike an unnecessary additional blow towards securing a conviction. *See Kennedy*, 456 U.S. at 674-79 (drawing a distinction between misconduct to avoid an acquittal versus to present additional "evidence leading to a finding of his guilt"). And once that misconduct was discovered, Mr. Swiencinski's ability to "retain control over the course to be followed" and "valued right to complete his trial before the first jury" was "a hollow shell." *Id.* at 673, 676. Thus, government's inducement of a mistrial does not render the Double Jeopardy Clause inapplicable.

II. **Manifest Necessity for a Retrial Cannot Be Created by the Government's Misconduct in this Case.**

As a fallback, the government argues that the mistrial of its own making was supported by manifest necessity. Dkt. 479 at 15-16. But "[m]anifest necessity does not exculpate the prosecution from the constrictions of the double jeopardy clause where there has been prosecutorial

4

overreaching." *United States v. Alford*, 516 F.2d 941, 946 (5th Cir. 1975); *see also Illinois v. Somerville*, 410 U.S. 458, 464 (1973) (holding, in a 5-4 decision, that a manifest necessity justified the mistrial in that case, but recognizing that a mistrial on a basis "that would lend itself to prosecutorial manipulation would involve an entirely different question").

This case involves intentional error (or at a minimum recklessness) and manipulation of Mr. Swiencinski's double jeopardy rights. Nearly every aspect of the prosecution's case was infected by government misconduct. As such, the mistrial cannot be supported by manifest necessity. This result makes sense. Otherwise, a prosecutor could goad the defendant into moving for a mistrial through misconduct he or she knows would supply manifest necessity for a mistrial, but then be free to retry the case by showing manifest necessity for the mistrial. Such a result would undermine *Kennedy*, and invite prosecutorial manipulation of a defendant's double jeopardy rights rather than deter it. *Accord United States v. Jorn*, 400 U.S. 470, 485-86 (1971) ("[U]nquestionably an important factor to be considered" in deciding whether double jeopardy bars retrial "is the need to hold litigants on both sides to standards of responsible professional conduct in the clash of an adversary criminal process."). The government's own creation of manifest necessity in this case cannot be used to supply it with another bite at the apple.

## CONCLUSION

Mr. Swiencinski requests that the Court grant his motion to dismiss the superseding indictment because retrial is barred by the Double Jeopardy Clause.

| | |
|---|---|
| Dated: May 5, 2023 | Respectfully submitted, |
| MEADOWS, COLLIER, REED, COUSINS CROUCH & UNGERMAN, LLP<br>Michael A. Villa, Jr. (Bar No. 24051475)<br>901 Main Street, Suite 370<br>Dallas, TX 75202; (214) 744-2700<br>mvilla@meadowscollier.com | KATTEN MUCHIN ROSENMAN LLP<br>*/s/ Mary C. Fleming*<br>Mary C. Fleming (admitted *pro hac vice*)<br>2900 K Street NW, North Tower - Suite 200<br>Washington, DC 20007; (202) 625-3754<br>mary.fleming@katten.com |

5

## CERTIFICATE OF SERVICE

  I hereby certify that I caused a true and correct copy of the foregoing reply of Brian Swiencinski in support of his motion for reconsideration and motion to dismiss the superseding indictment on double jeopardy grounds, to be served on all counsel of record by filing it with the Clerk on May 5, 2023, using the Court's CM/ECF System.

                       */s/ Mary C. Fleming*
                       Mary C. Fleming