UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Criminal No. 18-CR-368 |
| | § |
| BRIAN SWIENCINKSI, | § |
| SCOTT BREIMEISTER, | § |
| CHRISTOPHER INCE, and | § |
| RONNIE MCADA, | § |
| | § |
| Defendants. | § |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT BREIMEISTER'S MOTION FOR THE GOVERNMENT TO DISCLOSE THE REPORTS AND ROUGH NOTES FROM THE WITNESS INTERVIEWS THAT THE "REVIEW TEAM" CONDUCTED WITH MEMBERS OF THE "TRIAL TEAM" (DKT NO. 478)

Defendant Scott Breimeister moves to compel "the Government to disclose the reports and rough notes from the witness interviews that the 'Review Team' conducted with members of the 'Trial Team[.]'" Dkt. No. 478 at 1. No "reports" were created, and Defendant Breimeister offers no authority that would entitle him to production of rough notes of the Review Team's interviews ("Rough Notes"). Moreover, the Rough Notes at issue are not discoverable under Federal Rule of Criminal Procedure 16, the Jencks Act, or *Brady*. Defendant's motion should therefore be denied.

### BACKGROUND

On January 17, 2023, this Court held a "Brady hearing," during which the government's Review Team explained its review process and preliminary findings. The Review Team consisted of senior and line DOJ prosecutors and Postal Inspector Kevin Towers of the United States Postal Inspection Service. The Court ordered the government to complete its review, which it did.

On April 4, 2023, this Court held a Status Conference ("April 4 Hearing"). The government presented its completed review and findings. As explained at the April 4 Hearing,

1

members of the Review Team interviewed the three trial attorneys; Special Agents Derek Harmon (DCIS), Amel Khirieh (IRS), Steven Sandh (FBI), and Ashley Tucker (FBI); Sergeants Patricia Garcia (formerly of MFCU) and Dino Vergara (MFCU); and witness William Chan. Inspector Towers participated in these interviews and took notes, but he did not prepare interview reports. *See* Dkt. 478 at 1 n.1. The Rough Notes are not substantially verbatim recitals of the witnesses' oral statements. Neither Inspector Towers nor any witness interviewed by the Review Team has testified in this case since the Review Team conducted the interviews.

## ARGUMENT

Defendant Breimeister cites no law, precedent, or other authority that would entitle him to production of Inspector Towers's Rough Notes of the Review Team's interviews. Thus, his motion fails to meet the burden imposed on a defendant requesting discovery, and the motion could be denied on that basis alone. *See, e.g.*, *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978) ("[I]t is incumbent upon a defendant to make a [p]rima facie showing of 'materiality' in order to obtain discovery[.]").

Moreover, as explained below, neither Rule 16, the Jencks Act, nor *Brady* compel the government to produce the Rough Notes.

I.  **Rule 16 Does Not Compel Disclosure of the Rough Notes**.

First, the Rough Notes are not subject to disclosure under Rule 16. Rule 16(a)(2) provides, in relevant part, that, "[e]xcept as permitted by Rule 16(a)(1)(A)–(D), (F), and (G)," Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" or "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500."

The Rough Notes are the type of "internal government documents" made "in connection with investigating or prosecuting the case" that are specifically excluded from production under Rule 16(a)(2). *See United States v. George*, No. 3:05-CR-255-D, 2006 U.S. Dist. LEXIS 888, at *10–11 (N.D. Tex. Jan. 12, 2006) (denying defendant's request for "production of any notes and/memoranda . . . that may have been made by a government agent in this case . . . except to the extent the government is obligated under *Brady*, *Giglio*, Rule 26.2, or the Jencks Act").

II.   **The Jencks Act Does Not Compel Disclosure of the Rough Notes**

Second, the Rough Notes are not subject to the Jencks Act. The Act applies to "statements" that are a "substantially verbatim recital of an oral statement made by [a] witness and recorded contemporaneously with the making of such oral statement." 18 U.S.C. § 3500(e)(2). *See also United States v. Stroud*, No. 3:19-CR-00439-X, 2022 WL 1063029, at *2 (N.D. Tex. Apr. 8, 2022) (noting that "interview reports and agent notes are not discoverable under Rule 16 or the [Jencks] Act"). Here, Inspector Towers did not take "substantially verbatim" notes, and his occasional attempt to quote witnesses does not transform the Rough Notes into discoverable "statements" under the Jencks Act. *See United States v. Cruz*, 478 F.2d 408, 413 (5th Cir. 1973) ("The fact that investigators' notes contained occasional verbatim recitation of phrases used by the person interviewed did not make such notes Jencks Act material."). If Inspector Towers or someone he interviewed testifies as a witness for the United States, the government will re-evaluate the notes at that time. However, they are not discoverable under the Jencks Act at this juncture. *See* 18 U.S.C. § 3500(b) ("*After a witness called by the United States has testified on direct examination*, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.") (emphasis added).

3

III. ***Brady* Does Not Compel Disclosure of the Rough Notes**

Third, and finally, the investigator's notes do not implicate *Brady*. *Brady* applies to "material" evidence that is "favorable to the accused, either because it [is] exculpatory or impeaching." *United States v. Waguespack*, 935 F.3d 322, 335 (5th Cir. 2019) (citation and internal quotation marks omitted). The rough notes and interviews at issue here concern the government's interviews of the Trial Team on a collateral issue, not prospective fact witnesses who possess evidence that is "exculpatory or impeaching" and "material." *Id.* Defendant Breimeister posits that "[i]t stands to reason that the reports and rough notes from the witness interviews in the internal investigation will be just as fruitful to the outstanding issues of whether the government engaged in misconduct that should bar a retrial under Double Jeopardy or require dismissal of the superseding indictment based on a violation of Due Process." Dkt No. 478 at 2. However, speculation that the Rough Notes may contain *Brady* material is insufficient to compel relief. *See United States v. Stanford*, 823 F.3d 814, 842 (5th Cir. 2016) (denying *Brady* claim where, *inter alia*, defendant "has not pointed to particular documents that he believes contain *Brady* material").

IV. **There Is No Other Legal Basis on Which to Compel the Rough Notes**

Defendant fails to offer – and the government cannot locate – any other basis upon which to produce an investigator's notes from witness interviews relating not to underlying criminal conduct but rather to an internal investigation of the prosecution team's conduct. Accordingly, Defendant's motion should be denied.

## **CONCLUSION**

Defendant has failed to carry his burden of showing his entitlement to the requested relief, and the government has no affirmative obligation to produce the agent notes he requests. Defendant's motion should therefore be denied.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By:     */s/ Daniel J. Griffin*
       Daniel J. Griffin
       Assistant Chief
       Kelly M. Warner
       Trial Attorney
       Nicholas K. Peone
       Trial Attorney
       Fraud Section, Criminal Division
       U.S. Department of Justice
       1000 Louisiana, Suite 2300
       Houston, Texas 77002
       (202) 774-7985
       Daniel.Griffin3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed through ECF on May 17, 2023.

                                                  */s/ Daniel J. Griffin*
                                                  Daniel J. Griffin