IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | |
| BRIAN SWIENCINSKI (01)<br>SCOTT BREIMEISTER (02)<br>CHRISTOPHER INCE, M.D. (04)<br>RONNIE MCADA, JR. (05) | § § § § § | Case No. 4:18-CR-00368 |

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTIONS FOR EVIDENTIARY HEARINGS AND MOTIONS TO DISMISS SUPERSEDING INDICTMENTS

Defendants Brian Swiencinski, Scott Breimeister, Christopher Ince, M.D., and Ronnie McAda, Jr. file the following Notice of Supplemental Authority. This notice is in support of Defendants' various motions requesting an evidentiary hearing (ECF Nos. 391, 413, 424, and 440), and motions to dismiss (ECF No. 428, 439, 444, and 464).

A.  **FACTS**

At the April 4, 2023 hearing for the government's internal review team to report its findings on the trial team's misconduct, the Court addressed the Defendants' request for an evidentiary hearing. The Court asked defense counsel whether they were aware of instances in which courts have granted evidentiary hearings under similar circumstances. Defense counsel provided examples during and in pleadings before the hearing. *See* ECF Nos. 424 and attachments and 440.

Since then, Defendants learned that the Court need look no further than Dallas for the most recent example, which occurred a few days ago. Former Chief Judge of the Northern District of Texas Barbara Lynn granted the defendants' request for an evidentiary hearing in a health care

fraud case charged by members of this DOJ Health Care Fraud Strike Force. *United States v. Grisham,* No. 3:21-CR-440-M (N.D. Tex.). There, the defendants made various assertions of misconduct by the Strike Force, and so moved for an evidentiary hearing to inquire into the conduct underlying those allegations. The Court granted their motion, setting a multi-day evidentiary hearing beginning Monday, May 15, 2023.

But the hearing never happened. On the Friday before, May 12, 2023, the government Strike Force moved to dismiss its superseding indictment, with prejudice, against all defendants. *See* ECF No. 164 (attached as Exhibit A).[1] In doing so, it moved for dismissal of charges the grand jury returned in September 2021 (ECF No. 1) and superseded in December 2022 that described an alleged $107 million federal health care fraud scheme. ECF No. 42. The Court granted the Strike Force's generic, but final, motion on May 15, 2023. *See* ECF No. 165 (attached as Exhibit B).

In moving for the final dismissal of all of its charges against all charged defendants (including one who had pled guilty (ECF Nos. 57 and 58, 60, 62, 64)), the Strike Force successfully averted the evidentiary hearing set for the next business day. In doing so, it also averted a public, judicial inquiry into its conduct. Nothing can be found in the record setting forth any specific basis for the Strike Force's motion to dismiss one court day before the hearing was scheduled to begin.

**B. APPLICATION**

This supplemental notice is provided to the Court for two reasons, both relating to the Defendants' pending request for an evidentiary hearing into the government conduct leading up to the mistrial and motions for dismissal. First, the Court asked for known cases where courts have

---

[1] In a footnote, the Strike Force made a point to highlight the fact that this case was handled "exclusively by attorneys within the Fraud Section, Criminal Division, United States Department of Justice[,]" not the Northern District of Texas United States Attorneys Office. The same applies here. While the United States Attorney for the Southern District of Texas' signature appears on the filings, this matter was handled exclusively by attorneys within the Fraud Section, Criminal Division, United States Department of Justice.

permitted evidentiary hearings into the type of allegations made here. Judge Lynn did that here, and her granting of that motion is instructive here, too. Second, the Strike Force's dismissal of the indictment, on the literal eve of a sanitizing evidentiary hearing into its conduct, provides a bright-line example of why there is a limited public record of such cases being taken up on appeal: dismissal of the indictment stripped the hearing from the docket and dropped all charges. Consequently, nothing and no one was left to appeal. The net effect is that the Strike Force hid its misconduct and, through the sealed nature of the substantive pleadings, ensured that it remains sealed from public scrutiny.

That is precisely what the Strike Force is attempting to do here. At length, Defendants have described the biased and inadequate "review" that the trial team's colleagues conducted into the overwhelming misconduct. It is clear that the review by the trial team's colleagues was a last ditch effort to avoid an evidentiary hearing so that the Strike Force can continue to hide its misconduct. The only way to shine a light on the truth is to permit the requested hearing.

C. **CONCLUSION**

Based on the foregoing, the Defendants respectfully reurge their requests for an evidentiary hearing. There are numerous examples of the routine evidentiary hearing and there is ample authority to support the request, indeed it is required when a defendants' constitutional rights are infringed. *See United States v. Brink*, 39 F.3d 419, 422-24 (3d Cir. 1994) (holding a trial court must conduct an evidentiary hearing where defendant raised a colorable claim that the government violated his constitutional rights).

| Dated: May 26, 2023 | Respectfully submitted, |
|---|---|
| */s/ Samuel Louis*<br>Samuel Louis (Texas Bar No. 12588040)<br>samuel.louis@hklaw.com<br>Holland & Knight LLP | */s/ Josh Schaffer*<br>Josh Schaffer (Texas Bar No. 24037439)<br>1021 Main, Suite 1440<br>Houston, Texas 77002 |

| | |
|---|---|
| 811 Main Street, Suite 2500<br>Houston, Texas 77002<br>(713) 244-6861<br>**Attorneys for Dr. Christopher Ince** | (713) 951-9555<br>(713) 951-9854 (facsimile)<br>josh@joshschafferlaw.com<br>**Attorneys for Scott Breimeister** |
| */s/ Jeffrey J. Ansley*<br>Jeffrey J. Ansley (Texas Bar No. 00790235)<br>Arianna Goodman (Texas Bar No. 24109938)<br>Sam Deau (S.D. Tex. No. 3791231)<br>Vedder Price, P.C.<br>300 Crescent Court, Suite 400<br>Dallas, Texas 75201<br>(469) 895-4790<br>jansley@vedderprice.com<br>**Attorneys for Ronnie McAda, Jr.** | */s/ Michael A. Villa*<br>Michael A. Villa, Jr.<br>(Texas Bar No. 24051475)<br>Meadows, Collier, Reed, Cousins, Crouch & Ungerman, LLP<br>901 Main Street, Suite 370<br>Dallas, TX 75202<br>(214) 744-2700<br>mvilla@meadowscollier.com<br>**Attorneys for Brian Swiencinski** |

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Notice of Supplemental Authority in Support of Defendants' Motion for Evidentiary Hearing and Motions to Dismiss the Superseding Indictment to be served on all counsel of record by filing it with the Clerk on May 26, 2023, using the Court's CM/ECF System.

*/s/ Jeff Ansley*
Jeff Ansley