IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | |
| § | |
| BRIAN SWIENCINSKI (01) § | Case No. 4:18-CR-00368 |
| SCOTT BREIMEISTER (02) § | |
| CHRISTOPHER INCE, M.D. (04) § | |
| RONNIE MCADA, JR. (05) § | |

**DEFENDANTS' RESPONSE TO REQUEST FOR ALTERNATIVE
RELIEF IN THE EVENT OF RETRIAL**

Defendants Brian Swiencinski, Scott Breimeister, Christopher Ince, M.D., and Ronnie McAda, Jr. file the following response to the Court's Request for Alternative Relief in the Event of a Retrial.

**I.   INTRODUCTION**

The following identifies potential alternative relief for the defendants should the Court refuse to dismiss the superseding indictment based on outrageous governmental misconduct or a violation of the Double Jeopardy Clause and determine, instead, that a retrial is permissible and appropriate following the mistrial caused by the government's misconduct.[1] Defendants maintain that the facts and law bar retrial. The appropriate and just relief is dismissal of the superseding indictment, pursuant to the Court's supervisory powers or as a consequence of the government's due process violations or double jeopardy. ECF Nos. 385, 428, 439, 444, 456, 463, and 464. Defendants have also requested an evidentiary hearing. ECF Nos. 391, 413, 424, and 440. Given the government's recent admission that its misconduct necessitated and caused the mistrial, the

---

[1] The government acknowledged last week, for the first time, that its misconduct alone caused the mistrial.

**DEFENDANTS' RESPONSE TO REQUEST FOR ALTERNATIVE RELIEF IN THE EVENT OF RETRIAL – PAGE 1**

requested relief is both necessary and just. Defendants accordingly reurge those requests here and in a forthcoming supplement.

Subject to the foregoing, Defendants submit the following proposed alternative remedies and sanctions should the Court permit a retrial. However, to frame the scope and nature of these proposed remedies stemming from the government's misconduct, this response first discusses the law's deeply-rooted concerns with successive prosecutions and the perils faced by defendants when successive prosecutions are allowed. It then discusses the Court's broad authority to fashion appropriate remedies for the government's admitted misconduct, should it permit a retrial. Finally, it proposes alternative remedies.

## II. LEGAL AUTHORITY

The Supreme Court has repeatedly highlighted defendants' rights and the related perils when it comes to successive prosecutions. These rights include the basic right to be free from the "financial and emotional burden[s]" and the "embarrassment, expense and ordeal" of successive prosecutions. *See, e.g., Arizona v. Washington*, 434 U.S. 497, 503 (1978); *Green v. United States*, 355 U.S. 184, 187-88 (1957). More importantly, the Court has recognized that defendants are at greater risk of being convicted when subjected to successive trials. *Id.* (noting that "repeated attempts to convict" "enhanc[e] the possibility that even though innocent he may be found guilty"). The Supreme Court has also held that, in a successive prosecution, the government should be prevented from garnering evidence that it "failed to muster in the first proceeding." *Burks v. United States*, 437 U.S. 1, 11 (1978). The risks associated with a second prosecution are staggering and substantially prejudicial to defendants.

To address the Supreme Court's concerns, district courts are endowed with broad discretion, under both their supervisory powers and Federal Rule of Criminal Procedure 16(d)(2).

First, its broad supervisory powers may be used: "(1) to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal conduct." *See United States v. Bundy*, 968 F.3d 1019, 1031 (9th Cir. 2010) (quoting *United States v. Hasting*, 461 U.S. 499, 505 (1983)) (holding a court may fashion a remedy—including dismissing an indictment—under its inherent supervisory powers).

Additionally, Federal Rule of Criminal Procedure 16(d)(2) provides that trial courts may exclude testimony or evidence as a sanction for "bad faith" prejudicial discovery violations. *See, e.g., United States v. Pherigo*, 327 F.3d 690, 694 (8th Cir. 2003) ("We review for abuse of discretion the district court's decision whether to exclude evidence to sanction a Government discovery violation. . . . In our review we consider (1) whether the Government acted in bad faith and the reason(s) for delay in production; (2) whether there is any prejudice to the defendant; and (3) whether any lesser sanction is appropriate to secure future Government compliance."); *United States v. Herrera*, 366 Fed. App'x 674, 676 (7th Cir. 2010) ("When considering a motion to exclude evidence [for a discovery violation], a district court should take into account whether the government acted in bad faith and whether any unfair prejudice to the defendant can be cured by a less severe alternative.").

### III. <u>RELIEF REQUESTED</u>

Should the Court permit a retrial, Defendants seek alternative remedies tailored to account for the Supreme Court's concerns, allowing for this Court's appropriately broad discretion. Certain requests are tailored to prevent the government from unfairly garnering evidence that it failed to muster in the first proceeding and unfairly adjusting for defense theories that it learned during the first trial; allowing either result would be fundamentally unfair to the Defendants and allow the

government to benefit from what its misconduct caused. While a retrial unjustly increases the risk that innocent men might be convicted, the requested remedies seek to minimize those concerns. They cannot eliminate them; only barring retrial can.

Additionally, certain other requests are tailored to address the Supreme Court's concerns that a successive prosecution causes a substantial financial burden on defendants. Considering the concerns articulated by the Supreme Court, combined with this Court's broad authority to fashion remedies to ensure that justice might prevail at a retrial, Defendants request the following specific relief if the Court orders a retrial:

1. Disqualify the Department of Justice Fraud Unit and the Health Care Fraud Task Force, including all prosecutors within the Fraud Unit, from participating in or representing the government at a retrial;

2. Order that the government cannot present any exhibits not introduced in its case-in-chief at the first trial, and that the government cannot introduce any of the exhibits that related in any way to the government misconduct—including, but not limited to, Government Exhibit 1 (the omnibus spreadsheet of all the insurance claims), all related summary charts, and any other exhibits admitted during the examination of any witnesses whom the Court bars from testifying at a retrial;

3. Order that the government cannot present testimony from any witnesses that it did not present in its case-in-chief at the first trial;

4. Order that the government cannot present testimony from any of the witnesses who were the subjects of the suppressed evidence, including, but not limited to:

    A. Leonard Carr;

    B. Stacy Mayeur;

**DEFENDANTS' RESPONSE TO REQUEST FOR ALTERNATIVE RELIEF IN THE EVENT OF RETRIAL – PAGE 4**

        C.      Brad Madrid;

        D.      Terry Brickman;

        E.      Maries Laurel;

        F.      Tony Clark;

        G.      Helen Vinzant;

        H.      James Buckingham

        I.      Chad Southard;

        J.      Erik Underwood;

        K.      William Chan;

        L.      Steven Sandh; and

        M.      Grace Hinton.

5. Order that the government pay all Defendants' legal fees and expenses associated with being required to defend themselves moving forward, including at a retrial;

6. Instruct the jury panel during the *voir dire* examination and in the jury charge that the retrial is necessary because the Court had to declare a mistrial at the first trial based on extensive governmental misconduct;

7. Permit Defendants at a retrial to present evidence, if they choose, of the governmental misconduct that caused the Court to declare the mistrial;

8. Give each Defendant the same number of peremptory strikes as the government, and allow Defendants to confer on using their strikes (so there would be four times more defense strikes as government strikes);

9. Order that the government cannot present or use, whether direct or derivative, any evidence, information, witness testimony or information, documents, or other investigative leads

that it learned of or developed after the mistrial on December 13, 2022, including, but not limited to, defendant Brian Swincienski's proffer on or about March 27, 2023;

10. During *voir dire* examination, permit defense counsel to question the panel regarding the members' beliefs and opinions on issues relating to the governmental misconduct that caused the mistrial, specifically, whether the venire may be fair in a case if they learned that government agents had tried to suppress information favorable to Defendants;

11. Order the government to make early production of all Jencks Act materials by a date certain; and

12. Order that the government cannot present evidence in its case-in-chief that is inconsistent with the evidence presented by the government before the Court declared the mistrial.

## IV.  CONCLUSION

Based on the foregoing, Defendants Brian Swiencinski, Scott Breimeister, Christopher Ince, M.D., and Ronnie McAda, Jr. respectfully request the alternative relief if the Court refuses to dismiss the superseding indictment or bar a retrial based on the Double Jeopardy Clause.

Dated: June 2, 2023

Respectfully submitted,

*/s/ Samuel Louis*
Samuel Louis (Texas Bar No. 12588040)
samuel.louis@hklaw.com
Holland & Knight LLP
811 Main Street, Suite 2500
Houston, Texas 77002
(713) 244-6861
**Attorneys for Dr. Christopher Ince**

*/s/ Jeff Ansley*
Jeffrey J. Ansley (Texas Bar No. 00790235)
Arianna Goodman (Texas Bar No. 24109938)
Sam Deau (S.D. Tex. No. 3791231)
Vedder Price, P.C.
300 Crescent Court, Suite 400
Dallas, Texas 75201

*/s/ Josh Schaffer*
Josh Schaffer (Texas Bar No. 24037439)
1021 Main, Suite 1440
Houston, Texas 77002
(713) 951-9555
josh@joshschafferlaw.com

*/s/ Dan Cogdell*
Dan L. Cogdell (Texas Bar No. 04501500)
1000 Main Street, Suite 2300
Houston, Texas 77002
(713) 426-2244
dan@cogdell-law.com
**Attorneys for Scott Breimeister**

| | |
|---|---|
| (469) 895-4790<br>jansley@vedderprice.com<br>**Attorneys for Ronnie McAda, Jr.** | */s/ Michael A. Villa*<br>Michael A. Villa, Jr.<br>(Texas Bar No. 24051475)<br>Meadows, Collier, Reed, Cousins, Crouch & Ungerman, LLP<br>901 Main Street, Suite 370<br>Dallas, Texas 75202<br>(214) 744-2700<br>mvilla@meadowscollier.com<br>**Attorneys for Brian Swiencinski** |

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, I caused a true and correct copy of the foregoing Defendants' Response to the Court's Request for Alternative Relief in the Event of Retrial to be served on all counsel of record by filing it with the Clerk using the Court's CM/ECF System.

*/s/ Jeff Ansley*
Jeff Ansley