UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:18-CR-00368 |
| | § | |
| BRIAN SWIENCINSKI, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are numerous motions and filings: first, Defendants' Joint Motion for an Evidentiary Hearing (Doc. #413), Defendants' Memorandum in Support (Doc. #424), the Government's Response (Doc. #432), and Defendants' Reply (Doc. #440); second, Defendants' Joint Motion for *In Camera* Review (Doc. #427), the Government's Response (Doc. #445), and Defendants' Reply (Doc. #454); third, Defendants' Double Jeopardy Motions (Doc. Nos. 428, 439, 444, 464), the Government's Response (Doc. #461), Defendant Brian Swiencinski's Reply (Doc. #471), Defendant Ronnie McAda's Reply (Doc. #486), and Defendants' Supplemental Brief (Doc. #509); fourth, Defendants' Motions to Reconsider (Doc. Nos. 463, 465),[1] the Government's

---

[1] At the April 4 status conference, the Court orally denied Defendants Swiencinski, Breimeister, and McAda's Double Jeopardy Motions (Doc. Nos. 428, 439, and 444) on the record. On April 11, Breimeister filed a Motion for Relief, asking the Court to withdraw its Order denying Defendants' Double Jeopardy Motions and to conduct a hearing. Doc. #456. The Court granted Breimeister's Motion for Relief on April 17, reviving the previously denied Double Jeopardy Motions. Doc. #462. Also on April 17, Ince joined the other three Defendants in filing his own Double Jeopardy Motion (Doc. #464) and Swiencinski filed a Motion for Reconsideration (Doc. #463). The next day, McAda filed a Motion for Reconsideration. Doc. #465. Because the Court already withdrew its Order denying Defendants' Double Jeopardy Motions, Swiencinski and McAda's Motions for Reconsideration (Doc. Nos. 463 & 465) are DENIED as MOOT.

Response (Doc. #470), Defendant Brian Swiencinski's Reply (Doc. #488); and fifth, the Government's *Ex Parte, In Camera* Submission (Doc. #508).[2] Having reviewed the parties' submissions, arguments, and the applicable legal authority, the Court denies the Defendants' Joint Motion for Evidentiary Hearing (Doc. #413) and Defendants' Double Jeopardy Motions (Doc. Nos. 428, 439, 444, 464). Defendants' Joint Motion for *In Camera* Review (Doc. #427) and Defendants' Motions to Reconsider (Doc. Nos. 463, 465) are denied as moot.

Defendants Brian Swiencinski, Scott Breimeister, Dr. Christopher Ince, and Ronnie McAda (the "Defendants") moved for a bar on retrial and total dismissal of the case on double jeopardy grounds. Doc. #428; Doc. #439; Doc. #444; Doc. #464. *Downum v. United States* is "understood as explicit authority for the proposition that jeopardy attaches when the jury is empaneled and sworn." *Crist v. Bretz*, 437 U.S. 28, 35 (1978) (citing 372 U.S. 734). However, when a mistrial is declared prior to verdict, the conclusion that jeopardy has attached begins, rather than ends, the court's inquiry into whether it is required to bar retrial. *Illinois v. Somerville*, 410 U.S. 458, 467 (1973). Only after jeopardy has attached is a court called upon to determine whether the declaration of a mistrial was required by "manifest necessity" or the "ends of public justice." *Id.* at 468.

Here, the record was clear—the United States of America (the "Government") failed to make required *Brady* disclosures for a third of its witnesses, which equated to approximately half of the evidence presented from a number-of-hours perspective. Before declaring a mistrial, the Court carefully and weightily considered every possible alternative, including a jury instruction to disregard certain testimony and evidence, recalling witnesses for a third (and potential fourth)

---

[2] This submission was made in response to the Court's request, independent of Defendants' Joint Motion for *In Camera* Review (Doc. #427).

2

examination, and an on-the-record admonishment of the Government for its conduct. If the Court had ordered the jury to disregard the tainted evidence, the jury would have had to "unhear weeks of testimony." If the Court had allowed witnesses to be recalled and examined afresh, the trial would have been extended an untold number of weeks without resolving the attendant problem of disregarding previous testimony and substituting new testimony or evidence in its place. If the Court had admonished the Government on the record before the jury, the severity of that admonishment may have had the unintended impact of tainting the jury's view of the Government's untainted evidence. In the Court's view, these potential consequences were too heavy a burden for the jury to shoulder with the expectation that it would or could reach a fair and just result.[3] Any verdict would have been looked upon as askew. As such, the declaration of a mistrial was a "manifest necessity."[4]

Separately, the Superseding Indictment (Doc. #111) supports probable cause that Defendants engaged in criminal conduct. Granting Defendants' Double Jeopardy Motions would essentially erase the Defendants' conduct and eliminate the Government's opportunity to hold the Defendants accountable for actions that have been deemed potentially criminal by a grand jury. Alternatively, the Government getting a "second bite at the apple" after their failure to disclose *Brady* material and seeing the Defendants' trial strategy also seems unjust. The Court resolves these two competing tensions by focusing on the nature of the Government's conduct. Intentional prosecutorial misconduct should not be rewarded with a second chance at prosecution.

---

[3] At the May 26 hearing, the Government admitted that the Court's declaration of a mistrial was a just consequence and necessary in light of its failure to make proper *Brady* disclosures.
[4] Although the Court reached has this conclusion, it does not find that the Defendants' Motions seeking to bar retrial on double jeopardy grounds were frivolous.

Since declaring a mistrial on December 13, 2022, the Court has held multiple hearings and status conferences (January 17, April 4, and May 26, 2023). At these hearings, the Court heard from the Government regarding its investigation into the prosecution team's conduct that led the Court to declare a mistrial. The Court also invited input from the Defendants, giving them multiple opportunities to argue their positions regarding consequences and pathways forward. Most recently, the Court requested the *in camera* production of certain materials from the Government to help the Court in its review of the Government's conduct. Doc. #499. Per the Court's request, the Government filed its *Ex Parte, In Camera* Submission (Doc. #508) detailing the relationship between the trial team (Aleza Remis, Devon Helfmeyer, and Katherine Raut) and the investigation team (Allan Medina and Alexander Kramer). Doc. #508. The Government's *Ex Parte* Submission also describes the interviews conducted by the investigation team. *Id.*

The Court, while greatly dissatisfied with the conduct of prosecutors Aleza Remis, Devon Helfmeyer, and Katherine Raut, has reached the conclusion that said conduct was not malicious or intentionally fraudulent. Based on the Court's own review and the results of the Government's own investigation into its trial team's actions, the prosecutors did not withhold the legally required *Brady* disclosures with nefarious intent or motive. The failure to disclosure by the Government's trial team was clearly substandard of the conduct expected of prosecutors appearing before this Court and must not happen again. Having made this determination and issued this written admonishment, the Defendants' Joint Motion requesting an Evidentiary Hearing (Doc. #413) is DENIED. Moreover, the Defendants' Double Jeopardy Motions (Doc. Nos. 428, 439, 444, 464) are DENIED. Lastly, Defendants' Joint Motion for *In Camera* Review (Doc. #427) and Defendants' Motions to Reconsider (Doc. Nos. 463, 465) are DENIED as MOOT.

The Court has yet to make its final determination about what sanction(s) will be appropriate for the retrying of this case.

It is so ORDERED.

JUN 2 7 2023
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge