Gmail - Independent Sales Rep Agreement | Page 1 of 1



Chad Southard <southardconsulting@gmail.com>

## Independent Sales Rep Agreement
1 message

**Scott Breimeister** <sbreimeister@sbcglobal.net>  Thu, Jan 16, 2014 at 5:50 AM
To: southardconsulting@gmail.com
Cc: Brian Ski <brianski9966@gmail.com>, Dan Milosevic <dejanmi@gmail.com>

Chad:

Please find attached Independent Sales Rep Agreement.

Please fill in the blank at the top of the page, complete Section 11 regarding address and contact information, execute and return along with your tax ID.

Upon receipt, we'll execute and forward you fully executed copy for your records.

Should you have any questions, please don't hesitate to contact me at 713 305-5545.

Have a good day.

Scott

---

📄 **Pharms - Sales Rep Agreement - Southard Consulting, LLC.docx**
32K

**GOVERNMENT EXHIBIT**
**618**
4:18-CR-368

INTUITIVE_0002478

https://mail.google.com/mail/u/1/?ui=2&amp;ik=30f2535b94&amp;view=pt&amp;search...   1/16/2014

SALES REPREENTATION AGREEMENT

THIS SALES REPREENTATION AGREEMENT (the "Agreement"), effective as of this first day of January 2014 (the "Effective Date"), by and between Southard Consulting llc a Texas limited liability company ("Sales Representative"), and PHARMS, LLC, a Texas limited liability company ("Company").

RECITALS:

A. Company is engaged in the business of consulting and management of pharmacy establishments (each a "Client"); and

B. Company desires to retain the services of Sales Representative to help market its services, including but not limited to, Clients' pharmaceutical products; and

C. Sales Representative has experience and skill in the area of marketing of pharmaceutical products; and

D. Company desires to have the benefit of Sales Representative's services, and Sales Representative desires to provide those services to Company.

AGREEMENT

NOW, THEREFORE, in recognition of the above Recitals and in consideration of the mutual covenants set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Sales Representation Services. Company agrees to engage the services of Sales Representative, and Sales Representative agrees to provide such services upon the terms and conditions hereinafter set forth, for a term of one (1) year from the date hereof (the "Initial Term"). Upon the expiration of the Initial Term, the Agreement may be renewed for successive terms upon agreement of the parties. During the Initial Term and any renewal terms, Sales Representative shall provide time and effort toward marketing of Clients' pharmaceutical products, which shall include (a) direct marketing to licensed prescribers authorized to prescribe prescription drugs; and (b) general promotion and marketing of Company's consulting and management services to the healthcare community as may be reasonably requested by the Company (collectively, "Sales Activities"). Sales Representative shall provide Sales Activities on a regular basis as requested by Company. Sales Representative shall perform Sales Activities both off-site and on the premises of the Company, but shall not be subject to the direct supervision of the Company. All Sales Activities rendered by Sales Representative shall be conducted in its capacity as an independent contractor.

Solely in connection to the rendering of the Sales Activities, the Sales Representative may use certain property of the Company, including Company's copyrights, trade secrets and trademarks (collectively, the "Company Property"). The use of the Company Property by Sales

Representative shall be nonexclusive and nontransferable. All Sales Activities, whether or not involving the use of the Company Property, shall be pre-approved by Company and shall at all times comply with the ethical and legal requirements to which Company and its professionals are subject. Sales Representative shall be solely responsible for any and all expenses incidental to the Sales Activities, including but not limited to, activities related to printing, phone/fax, travel, meal and lodging.

2. <u>Compensation</u>. Company agrees to pay to Sales Representative, as full compensation hereunder, a sum equal to fifty percent (50%) of gross collections less Pharmacy Cost as defined in Exhibit "A" herein. Pharmacy Cost is subject to change at the sole discretion of the Company subject to thirty (30) days written notice to the Sales Representative.

3. <u>Patient Referrals</u>. Company and Sales Representative agree (a) that the benefits to Company hereunder do not require, are not payment for, and are not in any way contingent upon the referral, admission, or any other arrangement for the provision of any item or service offered by Sales Representative to customers of Sales Representative in any facility, laboratory, or health-care operation controlled, managed, or operated by Sales Representative or its affiliates and (b) that the benefits to Sales Representative hereunder do not require, are not payment for, and are not in any way contingent upon the referral, admission, or any other arrangement for the provision of any item or service offered by Sales Representative to customers of Sales Representative in any facility, laboratory, or health care operation controlled, managed, or operated by Sales Representative or its affiliates.

4. <u>Termination</u>. The Initial Term shall terminate on its date of expiration or earlier, at the election of either party, with or without cause, upon ten (10) days prior written notice to the other party.

5. <u>Effect of Termination</u>. The Company shall retain the rights associated with sole ownership of the Company Property at all times. Upon termination, Sales Representative shall halt all current use of the Company Property, including arranging for the disconnection and discontinuance of any phone services rendered on behalf of Company, and shall be prohibited from any further use of the Property.

6. <u>Relationship between the Parties</u>. Sales Representative and Company understand that the relationship established hereunder is that of an independent contractor and not that of an employee/employer relationship. Company shall not be responsible for any withholding or liability for income tax, social security, unemployment insurance, medical insurance, pension plans or other benefits on the basis of such relationship.

7. <u>Responsibility of Each Party</u>. At all times during the term of this Agreement, Sales Representative shall use its best commercially reasonable efforts to provide Sales Activities. Neither party to this Agreement shall be liable for any claim, loss, damage or expense that the other party or its customers or clients may sustain or incur by reason of any act or omission of the other party, or in any way related to the relationship established hereunder.

Specifically, Sales Representative shall not be liable for any claim, loss, change or expense resulting from any medical treatment provided to the patients of Clients. Additionally, neither party shall, at all times during the term and after the expiration or termination of this Agreement, make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame or disparage the business reputation and practices of the other party, including any of the parties' owners, members, shareholders, directors, officers or employees.

8.      Confidentiality. In the course of the engagement pursuant to this Agreement, Sales Representative may come in contact or become familiar with information which Company, its shareholders, directors, officers, employees, affiliates or Clients may consider proprietary and confidential, including, but not limited to, any oral, written, graphic or machine-readable information which relates to any protected health information, or individually identifiable health information, concerning a patient (other than pursuant to the requirements of the relevant state and federal privacy regulations), business plans and opportunities, business and marketing models, recipes as well as related trade secrets owned and developed by the Company or its Clients, financial structures and methodologies, inventions, processes, designs, drawings, client and customer lists, and agreements with third parties (collectively, the "Confidential Information"). Sales Representative shall keep in confidence all Confidential Information and shall not disclose it to any third party without the prior written approval of Company. Sales Representative shall take all reasonable measures to protect the secrecy, and avoid disclosure or use, of the Confidential Information in order to prevent it from falling into the public domain or the possession of any third parties. Confidential Information furnished by Company to Sales Representative shall be deemed the property of Company and, within five (5) business days upon written request from Company, Sales Representative shall return to Company all such Confidential Information received in tangible form. This provision shall survive any modification, expiration or termination of this Agreement.

9.      Compliance with All Laws and Regulations. When performing duties under Section 1 of this Agreement, Sales Representative shall comply with all federal, state and local laws, rules and regulations. In the event that Sales Representative violates any law, rule or regulation, Sales Representative shall immediately notify Company of such violation and shall fully cooperate with Company to take all steps necessary and lawful to rectify such violation.

10.     Arbitration. Any controversy, dispute, or disagreement arising out of or relating to this Agreement or the breach of this Agreement shall be settled by final and binding arbitration, which shall be conducted in Houston, Texas in accordance with the American Arbitration Association, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction. Damages shall be limited to actual damages only and shall exclude without limitation lost profits and punitive, exemplary, consequential, mental-anguish, pain-and-suffering, and intangible damages.

11.     Miscellaneous.

(a)     Additional Acts. Each party shall deliver or cause to be delivered at such times

3

and places as shall be reasonably agreed on, such additional instruments as the other may reasonably request for the purpose of carrying out this Agreement.

(b) <u>Legal Fees and Costs</u>. In the event either party elects to incur legal expenses to enforce or interpret any provision of this Agreement, the prevailing party will be entitled to recover such legal expenses, including, without limitation, attorneys' fees, costs and necessary disbursements, in addition to any other relief to which such party shall be entitled.

(c) <u>Choice of Law and Venue</u>. The parties agree that this Agreement shall be governed by and construed in accordance with the laws of the State of Texas, and that the state or federal courts located in Harris County, Texas shall be the exclusive courts of jurisdiction and venue for any litigation, special proceeding or other proceeding as between the parties that may be brought, or arise out of, in connection with or by reason of this Agreement.

(d) <u>Benefit/Assignment</u>. Subject to provisions herein to the contrary, this Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective legal representatives, successors and assigns; provided, however, that no party may assign this Agreement without the prior written consent of the other party.

(e) <u>Waiver of Breach</u>. The waiver by either party of breach or violation of any provision of this Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of the same or other provision hereof.

(f) <u>Notice</u>. Any notice, demand or communication required, permitted or desired to be given hereunder shall be deemed effectively given when personally delivered or mailed by prepaid certified mail, return receipt requested, addressed as follows:

Sales Representative: Southard Consulting llc
Address: 15807 CR 1870
Lubbock, Texas 79424

Fax Number: southardconsulting@gmail.com
Attn: Chad R. Southard, Manager

Company: PHARMS, LLC
Address: 4916 Main Street, Suite 100
Houston, Texas 77002

Fax Number: (713) 637-4576
Attn: Dejan Milosevic, Manager

or to such other address, and to the attention of such other person or officer as any party may designate, with copies thereof to the respective counsel thereof as notified by such party.

4

among the parties respecting the within subject matter and no party shall be entitled to benefits other than those specified herein. This Agreement may be executed in two or more counterparts, each and all of which shall be deemed an original and all of which together shall constitute but one and the same instrument.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

SALES REPRESENTATIVE:

*[signature]*
Name: Chad Southard
Title: Southard Consulting, LLC

COMPANY:

PHARMS, LLC

By: *[signature]*
Name: Dejan Mizosevic
Title: MANAGER

5

INTUITIVE_0002469

GX618.006          DOJ_18CR368-0143751

# EXHIBIT "A"

| Gross Collections | Pharmacy Cost |
|---|---|
| $ 500 or less | $ 150 |
| $ 501 - $ 1000 | $ 200 |
| $ 1001 - $ 4500 | $ 450 |
| $ 4501 or more | $ 1000 |

6