GOVERNMENT EXHIBIT
**1087**
4:18-CR-368

**From**: Leonard Carr [leonard.carr@omnipluspharmacy.com]
**Sent**: 10/5/2015 10:01:53 PM
**To**: 'peterherbst@me.com' [peterherbst@me.com]
**CC**: Scott Breimeister [Scott.Breimeister@pharmsmgmt.com]; Brian Ski (brianski9966@gmail.com) [brianski9966@gmail.com]
**Subject**: Agreements to be executed
**Attachments**: ASSIGNMENT OF MEMBERSHIP INTEREST SHT Acquisitions LLC - Herbst to Aguillon.pdf; CONSENT in lieu of special meeting of members - sale interest - SHT Acquisitions 12-01-2014.pdf; Purchase and Sale Agreement - Herbst to Aguillon.pdf; Breimeister Consent to Sale 12-01-2014.pdf; Redko Consent to Sale 12-01-2014.pdf; Swiencinski Consent to Sale 12-01-2014.pdf; Third AMENDMENT TO Operating Agreement - SHT Acquisitions LLC 12-01-2014.pdf; ASSIGNMENT OF MEMBERSHIP INTEREST SHT Acquisitions LLC - Herbst to Dieter.pdf; Purchase and Sale Agreement - Herbst to Dieter.pdf; Breimeister Consent to Sale 08-31-2015.pdf; Redko Consent to Sale 08-31-2015.pdf; Swiencinski Consent to Sale 08-31-2015.pdf; ASSIGNMENT OF MEMBERSHIP INTEREST Pharms LLC Herbst to Swiencinski.pdf; Letter exercising Option - Pharms LLC.pdf

Peter,

In connection with your separation, attached are documents for the transactions to which we have agreed: (i) the sale of 1% of your interest in S&HT to Marco Aguillon, (ii) the sale of 99% of your interest in S&HT to Michael Dieter, and (ii) the assignment of your 2.5% interest in Pharms LLC to Brian pursuant to the exercise of his repurchase option. Please sign, scan, and return the following documents as soon as possible:

1. Assignment of Membership Interest in S&HT Acquisitions from you to Marco Aguillon;
2. Consent by the members for the sale to Aguillon;
3. Purchase and Sale Agreement for the sale to Aguillon;
4. Breimeister, Redko and Swiencinski's consents to the sale to Aguillon;
5. Third amendment to the Operating Agreement of S&HT for sale to Aguillon;
6. Assignment of Membership Interest in S&HT Acquisitions from you to Michael Dieter;
7. Purchase and Sale Agreement for the sale to Dieter;
8. Breimeister, Redko and Swiencinski's consents to the sale to Dieter;
9. Assignment of Membership Interest in Pharms LLC from you to Brian Swiencinski; and
10. Form of exercise option signed by Brian.

If you have any questions, please feel free to contact me.

Best,
Leo

Leonard Carr | Vice President of Operations | leonard.carr@omnipluspharmacy.com | (832) 742-8377 direct | (713) 874-0300 pharmacy | (713) 874-0314 fax
4916 Main Street, #100, Houston, TX 77002 | www.omniplushealthcare.com

*"Please consider the environment before printing this e-mail"*

CONFIDENTIALITY: This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed. This communication may contain material such as identifiable patient health information or business information which is privileged and legally protected from disclosure and subject to protection under applicable state and federal law, including the Health Insurance Portability and Accountability Act (HIPAA). If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email, or any

files transmitted with it, is strictly prohibited. If you have received this email in error, please immediately notify the sender at (713) 874-0300 and delete this message. Unauthorized interception of this e-mail is a violation of federal criminal law.

# ASSIGNMENT AND ASSUMPTION OF MEMBERSHIP INTEREST

This Assignment and Assumption of Membership Interest (the "Assignment") is made as of the Effective Date (defined below) by and between Peter Herbst (the "Assignor") and Marco Aguillon (the "Assignee").

RECITALS

WHEREAS, Assignor owns one hundred percent (100.00%) of the Membership Interest in S&HT Acquisitions, LLC, a Texas limited liability company (the "Company"), as the term Membership Interest is defined in the Operating Agreement of S&HT Acquisitions, LLC dated August 25, 2014, as amended by that certain First Amendment to Operating Agreement of S&HT Acquisitions, LLC dated September 30, 2014, and that certain Second Amendment to Operating Agreement of S&HT Acquisitions, LLC dated December 1, 2014 (as amended, the "Operating Agreement");

WHEREAS, the Assignor desires by this Assignment to assign to Assignee a portion of his Membership Interest in the Company, being a one percent (1.0%) undivided Membership Interest in the Company (the "Assigned Interest"), and the Assignee desires by this Assignment to acquire from Assignor and accept and assume the same.

NOW, THEREFORE, FOR AND IN CONSIDERATION of the purchase price of the Assigned Interest as set forth in that certain Purchase and Sale Agreement of even date herewith, entered into by and among the Assignor and the Assignee, and subject to the terms and conditions set forth therein, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged by each party, and the above recitals which are incorporated herein by reference, the parties agree as follows:

ASSIGNMENT

Effective as of December 1, 2014 (the "Effective Date"), Assignor conveys, transfers, and assigns to Assignee and Assignee accepts and assumes from the Assignor the Assigned Interest, as well as any and all right, title, and interest of Assignor under the provisions of the Operating Agreement, or in and to any of the assets of the Company. Assignor represents and warrants that the Assigned Interest conveyed, transferred and assigned pursuant to this Assignment represents all of Assignor's interest in the Company. Assignor further represents and warrants that (a) he is the owner of the Assigned Interest free and clear of all liens, charges, pledges, encumbrances, security interests or rights of third parties, except as set forth in the Purchase and Sale Agreement; (b) he has full power and authority to enter into this Assignment and to sell and convey the Assigned Interest upon the terms provided in this Assignment to the Company, (c) there are no outstanding option rights, rights of first refusal or other arrangements relating to the Assigned Interest (other than as set forth in the Purchase and Sale Agreement between Assignor and Assignee, and the Operating Agreement), and Assignor has not sold, granted, transferred or otherwise assigned to any person, entity or any party any right, title or interest in the Assigned Interest; (d) this Assignment constitutes the valid, binding and enforceable obligation of Assignor; and (e) the execution and delivery by Assignor of this Assignment and the performance of his respective

DOJ-SMUBSSB-0000117903-1

obligations hereunder do not violate, conflict with, invalidate, cancel, or interfere with, or constitute a default under any contract, agreement or court order to which Assignor is a party or is bound.

Assignee represents and warrants to Assignor that Assignee has received a copy of the Operating Agreement, has read it, and agrees to be bound by its terms.

IN WITNESS WHEREOF, each party hereto has executed this Assignment or caused it to be executed on its behalf by its duly authorized representatives, the day and year first above written.

**"ASSIGNOR":**

________________________________

Peter Herbst

"**ASSIGNEE":**

_____________________________________

Marco Aguillon

# CONSENT AGREEMENT

This Consent Agreement is executed as of the date set forth below by Scott A. Breimeister ("Breimeister"), Peter Herbst ("Herbst"), and Michael Dieter ("Dieter").

## RECITALS

Whereas, Breimeister and Herbst entered into that certain Purchase and Sale Agreement dated December 1, 2014 (the "Purchase and Sale Agreement") whereby Breimeister sold to Herbst all of Breimeister's Membership Interest in S&HT Acquisitions, LLC, a Texas limited liability company (the "Company"); and

Whereas, in the Purchase and Sale Agreement, Breimeister reserved a repurchase option and right of first refusal with respect to the Membership Interest in the Company; and

Whereas, the Purchase and Sale Agreement provides that Herbst may not sell all or part of his Membership Interest in the Company without obtaining the consent of Breimeister; and

Whereas, Herbst proposes to sell all of his Membership Interest in the Company, being a ninety-nine percent (99.00%) Membership Interest in the Company to Dieter.

## AGREEMENT

Now, Therefore, Breimeister hereby grants consent to the sale of the ninety-nine percent (99.00%) Membership Interest in the Company by Herbst to Dieter effective as of the date of its signature below subject to the following conditions:

1. Nothing contained herein shall limit, release, modify, impair, or otherwise reduce Herbst's obligations under the Purchase and Sale Agreement.

2. Dieter acknowledges that the ninety-nine percent (99.00%) Membership Interest in the Company being acquired from Herbst is expressly subordinate to and subject to (i) the Repurchase Option contained in Article 6 of the Purchase and Sale Agreement; and (ii) the Right of First Refusal contained in Article 7 of the Purchase and Sale Agreement.

3. The assignment instrument from Herbst to Dieter shall contain language reciting that the Membership Interest remains subject to the rights of Breimeister as set forth in the Purchase and Sale Agreement.

Executed by the parties hereto this 31st day of August 2015.

____________________________

Scott Breimeister

____________________________

Peter Herbst

____________________________

Michael Dieter

DOJ-SMUBSSB-0000117905
DOJ-SMUBSSB-0000117905-1

# CONSENT AGREEMENT

This Consent Agreement is executed as of the date set forth below by Vladimir Redko ("Redko"), Peter Herbst ("Herbst"), and Michael Dieter ("Dieter").

## RECITALS

Whereas, Redko and Herbst entered into that certain Purchase and Sale Agreement dated December 1, 2014 (the "Purchase and Sale Agreement") whereby Redko sold to Herbst all of Redko's Membership Interest in S&HT Acquisitions, LLC, a Texas limited liability company (the "Company"); and

Whereas, the Purchase and Sale Agreement reserved to Redko a repurchase option and right of first refusal in connection with the Membership Interest in the Company; and

Whereas, the Purchase and Sale Agreement provides that Herbst may not sell all or part of his Membership Interest in the Company without obtaining the consent of Redko; and

Whereas, Herbst proposes to sell all of his Membership Interest in the Company, being a ninety-nine percent (99.00%) Membership Interest in the Company to Dieter.

## AGREEMENT

Now, Therefore, Redko hereby grants consent to the sale of the ninety-nine percent (99.00%) Membership Interest in the Company by Herbst to Dieter effective as of the date of its signature below subject to the following conditions:

1. Nothing contained herein shall limit, release, modify, impair, or otherwise reduce Herbst's obligations under the Purchase and Sale Agreement.

2. Dieter acknowledges that the Membership Interest in the Company being acquired from Herbst is expressly subordinate to and subject to (i) the Repurchase Option contained in Article 6 of the Purchase and Sale Agreement; and (ii) the Right of First Refusal contained in Article 7 of the Purchase and Sale Agreement.

3. The assignment instrument from Herbst to Dieter shall contain language reciting that the Membership Interest remains subject to the rights of Redko as set forth in the Purchase and Sale Agreement.

Executed by the parties hereto this 31st day of August, 2015.

____________________________
Vladimir Redko

____________________________
Peter Herbst

____________________________
Michael Dieter

# CONSENT AGREEMENT

This Consent Agreement is executed as of the date set forth below by Brian Swiencinski ("Swiencinski"), Peter Herbst ("Herbst"), and Michael Dieter ("Dieter").

RECITALS

Whereas, Swiencinski and Herbst entered into that certain Purchase and Sale Agreement dated December 1, 2014 (the "Purchase and Sale Agreement") whereby Swiencinski sold to Herbst all of Swiencinski's Membership Interest in S&HT Acquisitions, LLC, a Texas limited liability company (the "Company"); and

Whereas, the Purchase and Sale Agreement reserved to Swiencinski a repurchase option and right of first refusal with respect to the Membership Interest in the Company; and

Whereas, the Purchase and Sale Agreement provides that Herbst may not sell all or part of his Membership Interest in the Company without obtaining the consent of Swiencinski; and

Whereas, Herbst proposes to sell all of his Membership Interest in the Company, being a ninety-nine percent (99.00%) Membership Interest in the Company to Dieter.

AGREEMENT

Now, Therefore, Swiencinski hereby grants consent to the sale of the ninety-nine percent (99.00%) Membership Interest in the Company by Herbst to Dieter effective as of the date of its signature below subject to the following conditions:

1. Nothing contained herein shall limit, release, modify, impair, or otherwise reduce Herbst's obligations under the Purchase and Sale Agreement.

2. Dieter acknowledges that the Membership Interest in the Company being acquired from Herbst is expressly subordinate to and subject to (i) the Repurchase Option contained in Article 6 of the Purchase and Sale Agreement; and (ii) the Right of First Refusal contained in Article 7 of the Purchase and Sale Agreement.

3. The assignment instrument from Herbst to Dieter shall contain language reciting that the Membership Interest remains subject to the rights of Swiencinski as set forth in the Purchase and Sale Agreement.

Executed by the parties hereto this 31st day of August, 2015.

__________________________
Brian Swiencinski

__________________________
Peter Herbst

__________________________
Michael Dieter

GX1087.007

DOJ-SMUBSSB-0000117907

DOJ-SMUBSSB-0000117907-1

# ASSIGNMENT AND ASSUMPTION OF MEMBERSHIP INTEREST

This Assignment and Assumption of Membership Interest (the "Assignment") is made as of the Effective Date (defined below) by and between Peter Herbst (the "Assignor"), and Brian Swiencinski (the "Assignee").

RECITALS

WHEREAS, Assignor owns a two and one-half percent (2.5%) Membership Interest in Pharms, LLC, a Texas limited liability company (the "Company"), as the term "Membership Interest" is defined in the Operating Agreement of Pharms, LLC dated June 17, 2013, as amended by that certain First Amendment to Operating Agreement of Pharms, LLC dated September 30, 2014, and that certain Second Amendment to Operating Agreement of Pharms, LLC dated September 30, 2014, and that certain Third Amendment to Operating Agreement of Pharms, LLC dated January 1, 2015 (as amended, the "Operating Agreement"); and

WHEREAS, the Assignor desires by this Assignment to assign to Assignee all of its Membership Interest in the Company, being a two and one-half percent (2.5%) Membership Interest (the "Assigned Interest"), and the Assignee desires by this Assignment to acquire from Assignor and accept the same.

NOW, THEREFORE, FOR AND IN CONSIDERATION of the purchase price of the Assigned Interest as set forth in that certain Purchase and Sale Agreement dated January 1, 2015, by and between the Assignor and the Assignee, and subject to the terms and conditions contained therein, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged by each party, and the above recitals which are incorporated herein by reference, the parties agree as follows:

ASSIGNMENT

Effective as of August 31, 2015 (the "Effective Date"), Assignor conveys, transfers, and assigns to Assignee and Assignee accepts and assumes from the Assignor the Assigned Interest, as well as Assignor's right, title, and interest with respect to the Assigned Interest under the provisions of the Operating Agreement, or in and to any of the assets of the Company. Assignor represents and warrants that (a) he is the owner of the Assigned Interest free and clear of all liens, charges, pledges, encumbrances, security interests or rights of third parties; (b) he has full power and authority to enter into this Assignment and to sell and convey the Assigned Interest upon the terms provided in this Assignment to the Company, (c) there are no outstanding option rights, rights of first refusal or other arrangements relating to the Assigned Interest (other than as set forth in the Operating Agreement), and Assignor has not sold, granted, transferred or otherwise assigned to any person, entity or any party any right, title or interest in the Assigned Interest; (d) this Assignment constitutes the valid, binding and enforceable obligation of Assignor; and (e) the execution and delivery by Assignor of this Assignment and the performance of his respective obligations hereunder do not violate, conflict with, invalidate, cancel, or interfere with, or constitute a default under any contract, agreement or court order to which Assignor is a party or is bound.

DOJ-SMUBSSB-0000117908-1

IN WITNESS WHEREOF, each party hereto has executed this Assignment or caused it to be executed on its behalf by its duly authorized representatives, the day and year first above written.

**"ASSIGNOR":**

______________________________
Peter Herbst

**"ASSIGNEE":**

______________________________
Brian Swiencinski

2
Assignment and Assumption of Membership Interest – Pharms LLC – Herbst to Swiencinski

GX1087.009

DOJ-SMUBSSB-0000117909
DOJ-SMUBSSB-0000117909-2

BRIAN SWIENCINSKI
2215 Cedar Springs Rd. #1217
Dallas, Texas 75201

September 24, 2015

Mr. Peter Herbst
4916 Main Street, Suite 100
Houston, TX 77002

Re: Pharms, LLC

Dear Mr. Herbst:

This letter shall serve as notice to you that I am exercising my option to purchase your two and one half percent (2.5%) membership interest in Pharms, LLC, a Texas limited liability company, in accordance with that certain Purchase and Sale Agreement between us dated January 1, 2015 (the "PSA"). In accordance with the PSA, the effective date of the purchase will be August 31, 2015. The purchase price for your interest in Pharms LLC is determined under the PSA to be the total distributions made to you by Pharms, LLC during the three (3) months immediately preceding the date of this notice. My understanding is that there have been no distributions made to the members of Pharms, LLC during that time frame, and accordingly the purchase price for your interest shall be Ten Dollars ($10.00). Attached hereto are documents for your signature to evidence the assignment of your interest in Pharms, LLC back to me. Please contact me if you have any questions.

Sincerely,

Brian Swiencinski

**CONSENT OF THE MEMBERS OF**
**S&HT ACQUISITIONS, LLC**
**IN LIEU OF SPECIAL MEETING**

The undersigned, being the Members of S&HT Acquisitions, LLC, a Texas limited liability company (the "Company"), hereby, pursuant to the terms and provisions of the Company's Operating Agreement and the Texas Business Organizations Code, consent to and adopt in all respects the following resolutions and such consent shall have the same force and effect as a vote by the undersigned at a special meeting of the Members called by the undersigned.

NOW THEREFORE, BE IT RESOLVED, that the Members hereby consent to the sale of a 1.00% Membership Interest in the Company by Peter Herbst to Marco Aguillon; and further

RESOLVED, that following the sale of Membership Interests as described above, the total outstanding Membership Interests of the Company are owned as follows:

| Member | Total Membership Interest |
|---|---|
| Peter Herbst | 99.00% |
| Marco Aguillon | 1.00% |

And further;

RESOLVED, that the Managers of the Company be, and are hereby authorized, empowered and directed to issue new and/or revised certificates evidencing the ownership of the Membership Interests as provided above; and further

RESOLVED, that the Managers of the Company are hereby authorized to (a) sign, execute, certify to, verify, acknowledge, deliver, accept, file and record any and all such instruments and documents, and (b) take, or cause to be taken, any and all such action in the name of and on behalf of the Company or otherwise (as in any such Manager's judgment shall be necessary, desirable or appropriate) in order to effect the purposes of the foregoing resolutions.

Dated December 1, 2014.

MEMBERS:

____________________________
Peter Herbst

____________________________
Marco Aguillon

GX1087.011

DOJ-SMUBSSB-0000117913

DOJ-SMUBSSB-0000117913-1

# PURCHASE AND SALE AGREEMENT

This Purchase and Sale Agreement (this "Agreement") is entered into as of December 1, 2014 (the "Effective Date") by and between Peter Herbst ("Seller") and Marco Aguillon ("Purchaser").

## RECITALS

A. Seller owns one hundred percent (100.00%) of the Membership Interests in S&HT Acquisitions, LLC, a Texas limited liability company (the "Company"), as the term "Membership Interest" is defined in the Operating Agreement of S&HT Acquisitions, LLC dated August 25, 2014, as amended by that certain First Amendment to Operating Agreement of S&HT Acquisitions, LLC dated September 30, 2014, and that certain Second Amendment to Operating Agreement of S&HT Acquisitions, LLC dated December 1, 2014 (as amended, the "Operating Agreement");

B. Seller has agreed to sell and assign to Purchaser, and Purchaser has agreed to purchase from Seller, a portion of his Membership Interest in the Company for the price and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto covenant and agree as follows:

1. Sale of Interests.

1.1 At Closing (as such term is defined below), Seller shall sell, transfer, convey and assign to Purchaser, and Purchaser shall purchase from Seller, at the price and upon the terms and conditions provided in this Agreement, an undivided one percent (1.00%) Membership Interest in the Company, which interest shall be free and clear of all liens, restrictions, encumbrances or rights of third parties, except as set forth herein.

1.2 Subject to the terms and conditions of this Agreement, the closing of Seller's transfer and conveyance of the Membership Interest to Purchaser (the "Closing") shall be simultaneous with the execution of this Agreement by the parties hereto and shall take place on December 1, 2014 (the "Closing Date").

2. Consideration. In consideration for Seller's conveyance, transfer and assignment of the Membership Interest, at Closing, Purchaser shall pay Seller the sum of One Thousand and no/100 Dollars ($1,000.00).

3. Representations and Warranties.

3.1. Seller's Representations and Warranties. Seller warrants and represents to Purchaser as of the Closing Date, that (a) it is the sole and exclusive owner of the Membership

DOJ-SMUBSSB-0000117914-1

Interest, free and clear of all liens, charges, pledges, encumbrances, security interests or rights of third parties, except as set forth herein; (b) it has full power and authority to enter into this Agreement and to sell and convey the Membership Interest upon the terms provided in this Agreement to Purchaser, (c) there are no outstanding option rights, rights of first refusal or other arrangements relating to the Membership Interest (other than as set forth herein and in the Operating Agreement), and Seller has not sold, granted, transferred or otherwise assigned to any person, entity or any party any right, title or interest in or to the Membership Interest; (d) this Agreement constitutes the valid, binding and enforceable obligation of Seller; (e) the execution and delivery by Seller of this Agreement and the performance of its respective obligations hereunder do not violate, conflict with, invalidate, cancel, or interfere with, or constitute a default under any contract, agreement or court order to which Seller is a party or is bound.

3.2 Purchaser's Representations and Warranties. Purchaser represents and warrants to Seller that (a) Purchaser has full power and authority to enter into this Agreement and to perform all of its obligations hereunder; (b) the execution and delivery by Purchaser of this Agreement and the performance of its obligations hereunder do not violate, conflict with, invalidate, cancel or interfere with, or constitute a default under any contract or other written agreement of Purchaser, or any permit, regulation, order, law or rule applicable to Purchaser; (c) Purchaser is acquiring the Membership Interest without notice of any adverse claim to such interests; (d) Purchaser has received a copy of the Operating Agreement, has read it, and agrees to be bound by its terms; and (e) Purchaser has had an opportunity to review and examine the financial records of the Company and is familiar with the assets, debts and liabilities of the Company.

4. Survival. The representations, warranties, covenants and all other provisions contained in this Agreement shall survive for a period of one (1) year after the date hereof.

5. Miscellaneous.

5.1. This Agreement is made under and shall be governed by, and construed in accordance with, the laws of the State of Texas, without regard to its conflict of laws provisions.

5.2. Neither this Agreement nor any provision hereof may be modified, waived, amended, discharged or terminated except by an instrument in writing signed by the party against whom enforcement of the modification, waiver, amendment, discharge or termination is sought, and then only to the extent set forth in such instrument.

5.3. The headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

5.4. This Agreement, along with the other documents and agreements to be executed which are attached as exhibits hereto, contains the full and entire agreement between the parties hereto, and neither they nor their agents shall be bound by any terms, conditions or representations not herein written, and this Agreement supersedes all other agreements concerning the subject matter.

5.5.    This Agreement may not be assigned by any party hereto without the prior written consent of all other parties, which consent shall not be unreasonably withheld.

5.6.    Time shall be of the essence with respect to all of the obligations of the parties hereunder.

5.7.    This Agreement shall not be recorded or filed and any attempted recordation or filing shall be void and shall constitute a default by the party attempting such recording or filing.

5.8.    This Agreement shall be binding upon and inure to the benefit of the parties hereto and their heirs, personal representatives, successors and permitted assigns.

5.9.    This Agreement may be executed in one (1) or more counterparts.

5.10.    This Agreement, as well the other documents and agreements executed in connection with this Agreement, have been negotiated by the parties hereto and their respective legal counsel, and legal or equitable principles that might require the construction of this Agreement, or the other documents and agreements executed in connection herewith, or any provisions thereof for or against the party drafting this Agreement (or the other documents and agreements executed in connection herewith) will not apply in any construction or interpretation of this Agreement (or the other documents and agreements executed in connection herewith).

5.11.    If any term or provision of this Agreement is found to be invalid or illegal or incapable of being enforced by any rule of law or public policy, all other provisions and conditions of this Agreement shall nevertheless be legally binding and shall remain in full force and effect.  Upon the determination that any term or other provision is invalid, illegal, or incapable of being enforced, the parties hereto agree that such provision shall be amended so as to be legal and enforceable and as nearly as possible to give effect to the intentions of the parties hereto.

6.    Repurchase Option.  Purchaser understands and acknowledges that the Membership Interest is encumbered by and subject to (i) that certain Repurchase Option as set forth in that certain Purchase and Sale Agreement dated December 1, 2014 between Seller and Brian Swiencinski; (ii) that certain Repurchase Option as set forth in that certain Purchase and Sale Agreement dated December 1, 2014 between Seller and Vladimir Redko; (iii) that certain Repurchase Option as set forth in that certain Purchase and Sale Agreement dated December 1, 2014 between Seller and Scott Breimeister.  Purchaser has read the foregoing agreements and agrees that the Membership Interest shall be subject to the terms thereof.

7.    Right of First Refusal.  Purchaser understands and acknowledges that the Membership Interest is encumbered by and subject to (i) that certain Right of First Refusal as set forth in that certain Purchase and Sale Agreement dated December 1, 2014 between Seller and Brian Swiencinski; (ii) that certain Right of First Refusal as set forth in that certain Purchase and Sale Agreement dated December 1, 2014 between Seller and Vladimir Redko; and (iii) that certain Right of First Refusal as set forth in that certain Purchase and Sale Agreement dated December 1, 2014 between Seller and Scott Breimeister.  Purchaser has read the foregoing agreements and agrees that the Membership Interest shall be subject to the terms thereof.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement under their respective hands and seals as of the day and year first above written.

"SELLER":

______________________________
Peter Herbst

"PURCHASER":

______________________________
Marco Aguillon

DOJ-SMUBSSB-0000117917-4

# CONSENT AGREEMENT

This Consent Agreement is executed as of the date set forth below by Scott A. Breimeister ("Breimeister"), Peter Herbst ("Herbst"), and Marco Aguillon ("Aguillon").

RECITALS

Whereas, Breimeister and Herbst entered into that certain Purchase and Sale Agreement dated December 1, 2014 (the "Purchase and Sale Agreement") whereby Breimeister sold to Herbst all of Breimeister's membership interest in S&HT Acquisitions, LLC, a Texas limited liability company (the "Company"); and

Whereas, in connection with such sale, Herbst executed and delivered that certain Promissory Note and that certain Security Agreement (the "Loan Documents"), each dated of even date with the Purchase and Sale Agreement, whereby Herbst granted to Breimeister a security interest in Herbst's Membership Interest in the Company to secure the payment of the sums due under the Promissory Note and to secure the repurchase option and right of first refusal reserved by Breimeister in the Purchase and Sale Agreement; and

Whereas, the Loan Documents and the Purchase and Sale Agreement provide that Herbst may not sell all or part of his Membership Interest in the Company without obtaining the consent of Breimeister; and

Whereas, Herbst proposes to sell a portion of his Membership Interest in the Company, being a one percent (1.00%) Membership Interest in the Company to Aguillon.

AGREEMENT

Now, Therefore, Breimeister hereby grants consent to the sale of the one percent (1.00%) Membership Interest in the Company by Herbst to Aguillon effective as of the date of its signature below subject to the following conditions:

1. Nothing contained herein shall limit, release, modify, impair, or otherwise reduce Herbst's obligations under the Loan Documents or the Purchase and Sale Agreement.

2. Aguillon acknowledges that the one percent (1.00%) Membership Interest in the Company being acquired from Herbst is expressly subordinate to and subject to (i) the Repurchase Option contained in Article 6 of the Purchase and Sale Agreement; (ii) the Right of First Refusal contained in Article 7 of the Purchase and Sale Agreement; (iii) all the terms and provisions of the Loan Documents.

3. The assignment instrument from Herbst to Aguillon shall contain language reciting that the Membership Interests remain subject to the rights of Breimeister as set forth in the Loan Documents and Purchase and Sale Agreement.

Executed by the parties hereto this 1st day of December, 2014.

___________________________
Scott Breimeister

___________________________
Peter Herbst

___________________________
Marco Aguillon

Consent Agreement 2

GX1087.017

DOJ-SMUBSSB-0000117919
DOJ-SMUBSSB-0000117919-2

# CONSENT AGREEMENT

This Consent Agreement is executed as of the date set forth below by Vladimir Redko ("Redko"), Peter Herbst ("Herbst"), and Marco Aguillon ("Aguillon").

RECITALS

Whereas, Redko and Herbst entered into that certain Purchase and Sale Agreement dated December 1, 2014 (the "Purchase and Sale Agreement") whereby Redko sold to Herbst all of Redko's membership interest in S&HT Acquisitions, LLC, a Texas limited liability company (the "Company"); and

Whereas, in connection with such sale, Herbst executed and delivered that certain Promissory Note and that certain Security Agreement (the "Loan Documents"), each dated of even date with the Purchase and Sale Agreement, whereby Herbst granted to Redko a security interest in Herbst's Membership Interest in the Company to secure the payment of the sums due under the Promissory Note and to secure the repurchase option and right of first refusal reserved by Redko in the Purchase and Sale Agreement; and

Whereas, the Loan Documents and the Purchase and Sale Agreement provide that Herbst may not sell all or part of his Membership Interest in the Company without obtaining the consent of Redko; and

Whereas, Herbst proposes to sell a portion of his Membership Interest in the Company, being a one percent (1.00%) Membership Interest in the Company to Aguillon.

AGREEMENT

Now, Therefore, Redko hereby grants consent to the sale of the one percent (1.00%) Membership Interest in the Company by Herbst to Aguillon effective as of the date of its signature below subject to the following conditions:

1. Nothing contained herein shall limit, release, modify, impair, or otherwise reduce Herbst's obligations under the Loan Documents or the Purchase and Sale Agreement.

2. Aguillon acknowledges that the one percent (1.00%) Membership Interest in the Company being acquired from Herbst is expressly subordinate to and subject to (i) the Repurchase Option contained in Article 6 of the Purchase and Sale Agreement; (ii) the Right of First Refusal contained in Article 7 of the Purchase and Sale Agreement; (iii) all the terms and provisions of the Loan Documents.

3. The assignment instrument from Herbst to Aguillon shall contain language reciting that the Membership Interests remain subject to the rights of Redko as set forth in the Loan Documents and Purchase and Sale Agreement.

Executed by the parties hereto this 1st day of December, 2014.

____________________________
Vladimir Redko

____________________________
Peter Herbst

____________________________
Marco Aguillon

Consent Agreement 2

GX1087.019

DOJ-SMUBSSB-0000117921

DOJ-SMUBSSB-0000117921-2

# CONSENT AGREEMENT

This Consent Agreement is executed as of the date set forth below by Brian Swiencinski ("Swiencinski"), Peter Herbst ("Herbst"), and Marco Aguillon ("Aguillon").

RECITALS

Whereas, Swiencinski and Herbst entered into that certain Purchase and Sale Agreement dated December 1, 2014 (the "Purchase and Sale Agreement") whereby Swiencinski sold to Herbst all of Swiencinski's membership interest in S&HT Acquisitions, LLC, a Texas limited liability company (the "Company"); and

Whereas, in connection with such sale, Herbst executed and delivered that certain Promissory Note and that certain Security Agreement (the "Loan Documents"), each dated of even date with the Purchase and Sale Agreement, whereby Herbst granted to Swiencinski a security interest in Herbst's Membership Interest in the Company to secure the payment of the sums due under the Promissory Note and to secure the repurchase option and right of first refusal reserved by Swiencinski in the Purchase and Sale Agreement; and

Whereas, the Loan Documents and the Purchase and Sale Agreement provide that Herbst may not sell all or part of his Membership Interest in the Company without obtaining the consent of Swiencinski; and

Whereas, Herbst proposes to sell a portion of his Membership Interest in the Company, being a one percent (1.00%) Membership Interest in the Company to Aguillon.

AGREEMENT

Now, Therefore, Swiencinski hereby grants consent to the sale of the one percent (1.00%) Membership Interest in the Company by Herbst to Aguillon effective as of the date of its signature below subject to the following conditions:

1. Nothing contained herein shall limit, release, modify, impair, or otherwise reduce Herbst's obligations under the Loan Documents or the Purchase and Sale Agreement.

2. Aguillon acknowledges that the one percent (1.00%) Membership Interest in the Company being acquired from Herbst is expressly subordinate to and subject to (i) the Repurchase Option contained in Article 6 of the Purchase and Sale Agreement; (ii) the Right of First Refusal contained in Article 7 of the Purchase and Sale Agreement; (iii) all the terms and provisions of the Loan Documents.

3. The assignment instrument from Herbst to Aguillon shall contain language reciting that the Membership Interests remain subject to the rights of Swiencinski as set forth in the Loan Documents and Purchase and Sale Agreement.

Executed by the parties hereto this 1st day of December, 2014.

________________________
Brian Swiencinski

________________________
Peter Herbst

________________________
Marco Aguillon

**THIRD AMENDMENT**
**TO OPERATING AGREEMENT OF**
**S&HT ACQUISITIONS, LLC**

This Third Amendment to Operating Agreement of S&HT Acquisitions, LLC is made effective December 1, 2014, and is as follows:

Whereas, S&HT Acquisitions is governed by that certain Operating Agreement of S&HT Acquisitions, LLC dated August 25, 2014, as amended by that certain First Amendment to Operating Agreement of S&HT Acquisitions, LLC dated September 30, 2014, and that certain Second Amendment to Operating Agreement of S&HT Acquisitions, LLC dated December 1, 2014 (as amended, the "Operating Agreement"); and

Whereas, Peter Herbst ("Herbst"), a Member of the Company, has sold a one percent (1.00%) Membership Interest in the Company to Marco Aguillon ("Aguillon"); and

Whereas, all the Members in the Company have approved the sale of the Membership Interest from Herbst to Aguillon, as required under the Operating Agreement.

Now, Therefore, the Members agree as follows:

1. Section 4.1 of the Operating Agreement is amended to read as follows:

4.1 Members. The names and addresses of the Members and their Interests in the Company are as follows:

| Member | Interest |
|---|---|
| Peter Herbst<br>4916 Main Street, Suite 100<br>Houston, TX 77002 | 99.00% |
| Marco Aguillon<br>4916 Main Street, Suite 100<br>Houston, TX 77002 | 1.00% |

2. All conditions to the sale and purchase of the Membership Interest described above, as set forth in the Operating Agreement have been satisfied, and to the extent they have not been satisfied, are hereby waived by the undersigned.

Executed as of the date set forth above.

Members:

______________________________
Peter Herbst

______________________________
Marco Aguillon

# ASSIGNMENT AND ASSUMPTION OF MEMBERSHIP INTEREST

This Assignment and Assumption of Membership Interest (the "Assignment") is made as of the Effective Date (defined below) by and between Peter Herbst (the "Assignor") and Michael Dieter (the "Assignee").

RECITALS

WHEREAS, Assignor owns ninety-nine percent (99.00%) of the Membership Interest in S&HT Acquisitions, LLC, a Texas limited liability company (the "Company"), as the term Membership Interest is defined in the Operating Agreement of S&HT Acquisitions, LLC dated August 25, 2014, as amended by that certain First Amendment to Operating Agreement of S&HT Acquisitions, LLC dated September 30, 2014, and that certain Second Amendment to Operating Agreement of S&HT Acquisitions, LLC dated December 1, 2014, and that certain Third Amendment to Operating Agreement of S&HT Acquisitions, LLC dated December 1, 2014 (as amended, the "Operating Agreement");

WHEREAS, the Assignor desires by this Assignment to assign to Assignee all of his Membership Interest in the Company (the "Assigned Interest"), and the Assignee desires by this Assignment to acquire from Assignor and accept and assume the same.

NOW, THEREFORE, FOR AND IN CONSIDERATION of the purchase price of the Assigned Interest as set forth in that certain Purchase and Sale Agreement of even date herewith, entered into by and among the Assignor and the Assignee, and subject to the terms and conditions set forth therein, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged by each party, and the above recitals which are incorporated herein by reference, the parties agree as follows:

ASSIGNMENT

Effective as of August 31, 2015 (the "Effective Date"), Assignor conveys, transfers, and assigns to Assignee and Assignee accepts and assumes from the Assignor the Assigned Interest, as well as any and all right, title, and interest of Assignor under the provisions of the Operating Agreement, or in and to any of the assets of the Company. Assignor represents and warrants that the Assigned Interest conveyed, transferred and assigned pursuant to this Assignment represents all of Assignor's interest in the Company. Assignor further represents and warrants that (a) he is the owner of the Assigned Interest free and clear of all liens, charges, pledges, encumbrances, security interests or rights of third parties, except as set forth in the Purchase and Sale Agreement; (b) he has full power and authority to enter into this Assignment and to sell and convey the Assigned Interest upon the terms provided in this Assignment to the Company, (c) there are no outstanding option rights, rights of first refusal or other arrangements relating to the Assigned Interest (other than in the Purchase and Sale Agreement between Assignor and Assignee, and in the Operating Agreement), and Assignor has not sold, granted, transferred or otherwise assigned to any person, entity or any party any right, title or interest in the Assigned Interest; (d) this Assignment constitutes the valid, binding and enforceable obligation of Assignor; and (e) the execution and delivery by Assignor of this Assignment and the performance of his respective obligations

hereunder do not violate, conflict with, invalidate, cancel, or interfere with, or constitute a default under any contract, agreement or court order to which Assignor is a party or is bound.

Assignee represents and warrants to Assignor that Assignee has received a copy of the Operating Agreement, has read it, and agrees to be bound by its terms.

IN WITNESS WHEREOF, each party hereto has executed this Assignment or caused it to be executed on its behalf by its duly authorized representatives, the day and year first above written.

**"ASSIGNOR":**

__________________________________
Peter Herbst

"**ASSIGNEE**":

______________________________________
Michael Dieter

2
Assignment and Assumption of Membership Interests – S&HT Acquisitions LLC – Herbst to Aguillon

GX1087.024

DOJ-SMUBSSB-0000117926
DOJ-SMUBSSB-0000117926-2

# PURCHASE AND SALE AGREEMENT

This Purchase and Sale Agreement (this "Agreement") is entered into as of August 31, 2015 (the "Effective Date") by and between Peter Herbst ("Seller") and Michael Dieter ("Purchaser").

## RECITALS

A. Seller owns ninety-nine percent (99.00%) of the Membership Interests in S&HT Acquisitions, LLC, a Texas limited liability company (the "Company"), as the term "Membership Interest" is defined in the Operating Agreement of S&HT Acquisitions, LLC dated August 25, 2014, as amended by that certain First Amendment to Operating Agreement of S&HT Acquisitions, LLC dated September 30, 2014, and that certain Second Amendment to Operating Agreement of S&HT Acquisitions, LLC dated December 1, 2014, and that certain Third Amendment to Operating Agreement of S&HT Acquisitions, LLC dated December 1, 2014 (as amended, the "Operating Agreement");

B. Seller has agreed to sell and assign to Purchaser, and Purchaser has agreed to purchase from Seller, all of his Membership Interest in the Company for the price and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto covenant and agree as follows:

1. Sale of Interests.

1.1 At Closing (as such term is defined below), Seller shall sell, transfer, convey and assign to Purchaser, and Purchaser shall purchase from Seller, at the price and upon the terms and conditions provided in this Agreement, an undivided ninety-nine percent (99.00%) Membership Interest in the Company, which interest shall be free and clear of all liens, restrictions, encumbrances or rights of third parties, except as set forth herein.

1.2 Subject to the terms and conditions of this Agreement, the closing of Seller's transfer and conveyance of the Membership Interest to Purchaser (the "Closing") shall be simultaneous with the execution of this Agreement by the parties hereto and shall take place on August 31, 2015 (the "Closing Date").

2. Consideration. In consideration for Seller's conveyance, transfer and assignment of the Membership Interest, at Closing, Purchaser shall pay Seller the sum of Ten Thousand and no/100 Dollars ($10,000.00).

3. Representations and Warranties.

3.1. Seller's Representations and Warranties. Seller warrants and represents to

DOJ-SMUBSSB-0000117927-1

Purchaser as of the Closing Date, that (a) it is the sole and exclusive owner of the Membership Interest, free and clear of all liens, charges, pledges, encumbrances, security interests or rights of third parties, except as set forth herein; (b) it has full power and authority to enter into this Agreement and to sell and convey the Membership Interest upon the terms provided in this Agreement to Purchaser, (c) there are no outstanding option rights, rights of first refusal or other arrangements relating to the Membership Interest (other than as set forth herein and in the Operating Agreement), and Seller has not sold, granted, transferred or otherwise assigned to any person, entity or any party any right, title or interest in or to the Membership Interest; (d) this Agreement constitutes the valid, binding and enforceable obligation of Seller; (e) the execution and delivery by Seller of this Agreement and the performance of its respective obligations hereunder do not violate, conflict with, invalidate, cancel, or interfere with, or constitute a default under any contract, agreement or court order to which Seller is a party or is bound.

3.2 Purchaser's Representations and Warranties. Purchaser represents and warrants to Seller that (a) Purchaser has full power and authority to enter into this Agreement and to perform all of its obligations hereunder; (b) the execution and delivery by Purchaser of this Agreement and the performance of its obligations hereunder do not violate, conflict with, invalidate, cancel or interfere with, or constitute a default under any contract or other written agreement of Purchaser, or any permit, regulation, order, law or rule applicable to Purchaser; (c) Purchaser is acquiring the Membership Interest without notice of any adverse claim to such interests; (d) Purchaser has received a copy of the Operating Agreement, has read it, and agrees to be bound by its terms; and (e) Purchaser has had an opportunity to review and examine the financial records of the Company and is familiar with the assets, debts and liabilities of the Company.

4. Survival. The representations, warranties, covenants and all other provisions contained in this Agreement shall survive for a period of one (1) year after the date hereof.

5. Miscellaneous.

5.1. This Agreement is made under and shall be governed by, and construed in accordance with, the laws of the State of Texas, without regard to its conflict of laws provisions.

5.2. Neither this Agreement nor any provision hereof may be modified, waived, amended, discharged or terminated except by an instrument in writing signed by the party against whom enforcement of the modification, waiver, amendment, discharge or termination is sought, and then only to the extent set forth in such instrument.

5.3. The headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

5.4. This Agreement, along with the other documents and agreements to be executed which are attached as exhibits hereto, contains the full and entire agreement between the parties hereto, and neither they nor their agents shall be bound by any terms, conditions or representations not herein written, and this Agreement supersedes all other agreements concerning the subject matter.

DOJ-SMUBSSB-0000117928-2

5.5. This Agreement may not be assigned by any party hereto without the prior written consent of all other parties, which consent shall not be unreasonably withheld.

5.6. Time shall be of the essence with respect to all of the obligations of the parties hereunder.

5.7. This Agreement shall not be recorded or filed and any attempted recordation or filing shall be void and shall constitute a default by the party attempting such recording or filing.

5.8. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their heirs, personal representatives, successors and permitted assigns.

5.9. This Agreement may be executed in one (1) or more counterparts.

5.10. This Agreement, as well the other documents and agreements executed in connection with this Agreement, have been negotiated by the parties hereto and their respective legal counsel, and legal or equitable principles that might require the construction of this Agreement, or the other documents and agreements executed in connection herewith, or any provisions thereof for or against the party drafting this Agreement (or the other documents and agreements executed in connection herewith) will not apply in any construction or interpretation of this Agreement (or the other documents and agreements executed in connection herewith).

5.11. If any term or provision of this Agreement is found to be invalid or illegal or incapable of being enforced by any rule of law or public policy, all other provisions and conditions of this Agreement shall nevertheless be legally binding and shall remain in full force and effect. Upon the determination that any term or other provision is invalid, illegal, or incapable of being enforced, the parties hereto agree that such provision shall be amended so as to be legal and enforceable and as nearly as possible to give effect to the intentions of the parties hereto.

6. Repurchase Option. Purchaser understands and acknowledges that the Membership Interest is encumbered by and subject to (i) that certain Repurchase Option as set forth in that certain Purchase and Sale Agreement dated December 1, 2014 between Seller and Brian Swiencinski; (ii) that certain Repurchase Option as set forth in that certain Purchase and Sale Agreement dated December 1, 2014 between Seller and Vladimir Redko; (iii) that certain Repurchase Option as set forth in that certain Purchase and Sale Agreement dated December 1, 2014 between Seller and Scott Breimeister. Purchaser has received copies of, and has read the foregoing agreements, and agrees that the Membership Interest is and shall be subject to the terms thereof.

7. Right of First Refusal. Purchaser understands and acknowledges that the Membership Interest is encumbered by and subject to (i) that certain Right of First Refusal as set forth in that certain Purchase and Sale Agreement dated December 1, 2014 between Seller and Brian Swiencinski; (ii) that certain Right of First Refusal as set forth in that certain Purchase and Sale Agreement dated December 1, 2014 between Seller and Vladimir Redko; and (iii) that certain Right of First Refusal as set forth in that certain Purchase and Sale Agreement dated December 1,

DOJ-SMUBSSB-0000117929-3

2014 between Seller and Scott Breimeister. Purchaser has received copies of, and has read the foregoing agreements and agrees that the Membership Interest is and shall be subject to the terms thereof.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement under their respective hands and seals as of the day and year first above written.

"SELLER":

______________________________
Peter Herbst

"PURCHASER":

______________________________
Michael Dieter