## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 18-CR-368** |
| | § | |
| **BRIAN SWIENCINSKI,** | § | |
| **SCOTT BREIMEISTER,** | § | |
| **CHRISTOPHER INCE, and** | § | |
| **RONNIE MCADA,** | § | |
| | § | |
| **Defendants.** | § | |

### UNITED STATES' OPPOSED[1] MOTION FOR
### CLARIFICATION OF APPLICATION OF THE SPEEDY TRIAL ACT
### AS TO DEFENDANTS INCE & MCADA

The United States, by and through the undersigned counsel, respectfully submits this Motion for Clarification of Application of the Speedy Trial Act as to Defendants Ince and McAda (the "Motion"), seeking a finding that the time from May 4, 2023, through the date on which the Fifth Circuit issues the mandate on certain defendants' interlocutory appeals constitutes excludable delay under the Speedy Trial Act.

Two of the four defendants remaining in this case have appealed this Court's Order denying their motion for dismissal of the indictment pursuant to the Double Jeopardy clause of the United States Constitution (*see* DE 515; 518), resulting in excludable delay pursuant to 18 U.S.C. §§ 3161(h)(1)(C). Defendant Ince has not appealed the Court's Order, and while defendant McAda initially appealed the Court's ruling (DE 523), he recently dismissed the appeal with the Fifth Circuit. (DE 572). A finding of excludable delay as to the government's prosecution of Ince and McAda is appropriate as well pursuant to 18 U.S.C. § 3161(h)(6). Alternatively, an ends of

---

[1] Defendants Ince, McAda, and Swiencinski oppose the relief sought in this motion. Defendant Breimeister opposes the motion "based on mootness/ripeness and lack of jurisdiction."

justice exclusion is and has been appropriate in the interest of avoiding multiple trials of this action involving a number of defendants and counts and a sophisticated alleged fraud scheme. *See* 18 U.S.C. § 3161(h)(7). Accordingly, the government seeks an Order clarifying that the time from May 4, 2023, through the date on which the Fifth Circuit issues its mandate regarding certain defendants' interlocutory appeals constitutes excludable delay under the Speedy Trial Act.

## **BACKGROUND**

On October 23, 2019, Defendants were charged by Superseding Indictment. (DE 111). On November 8, 2022, trial commenced. On December 13, 2022, the Court declared a mistrial. *See* Tr. Trans. 12/13/22 at 9–13.

Following the declaration of mistrial, defendant Breimeister filed, *inter alia*, a motion to dismiss the indictment under the Double Jeopardy Clause of the U.S. Constitution. (*See* DE 428). Defendants Swiencinski, McAda, and Ince all eventually filed their own motions on the same grounds, or joined in Breimeister's motion. (*See* DE 439 (Swiencinski), 444 (McAda), 464 (Ince)). On June 27, 2023, the Court denied the Defendants' motions for dismissal. (*See* DE 413).

On July 7, 2023, Breimeister filed a notice of appeal with the Fifth Circuit Court of Appeals. (DE 515; US Cir. Ct. of Appeals, 5th Circuit, No. 23-20163). Defendants Swiencinski and McAda ultimately followed suit. (DE 518, 523). On August 23, 2023, McAda dismissed his appeal. (DE 572). Defendant Ince has not filed an appeal. The Fifth Circuit has jurisdiction over the appealing defendants' request for relief.

This Court has previously ruled that earlier time periods following mistrial were excluded pursuant to 18 U.S.C. § 3161(h)(7). (*See* DE 500 (finding excusable delay through May 4, 2023)).

**LEGAL STANDARD**

Under the Speedy Trial Act, following the declaration of a mistrial, "trial shall commence within seventy days from the date the action occasioning the retrial becomes final."  18 U.S.C. § 3161(c).  Periods of delay enumerated in 18 U.S.C. § 3161(h) are excluded in computing time limitations.  *See* 18 U.S.C. § 3161(e).  Allowable justifications for delay include:

(i)     delay resulting from any interlocutory appeal (*see* 18 U.S.C. § 3161(h)(1)(C));

(ii)    delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion (*see* 18 U.S.C. § 3161(h)(1)(D));

(iii)   when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted (*see* 18 U.S.C. § 3161(h)(6)); and

(iv)    when the ends of justice are served by exclusion (*see* 18 U.S.C. § 3161(h)(7)).

**ARGUMENT**

First, the government respectfully requests that this Court clarify that time between May 4, 2023, through June 26, 2023 constitutes excludable delay under 18 U.S.C. § 3161(h)(1)(D) due to pending pretrial motions.  Second, the government requests the Court hold that the time between June 27, 2023, and July 7, 2023, constitutes excludable delay under 18 U.S.C. § 3161(h)(7) "on the basis . . . that the ends of justice served by taking such action outweigh the best interest of the public and the [D]efendant[s] in a speedy trial."  Third, the government requests this Court find the time between July 7, 2023, and the date on which the Fifth Circuit issues the mandate with respect to certain defendants' interlocutory appeals constitutes excludable delay under 18 U.S.C. § 3161(h)(1)(C) and 18 U.S.C. § 3161(h)(6).  Alternatively, if the Court finds the provisions of 18 U.S.C. § 3161(h)(1) inapplicable, the government requests that the Court find the entire time between May 4, 2023, and the date on which the Fifth Circuit issues the mandate with

respect to certain defendants' interlocutory appeals constitutes excludable delay under 18 U.S.C. § 3161(h)(7).

I.       **The Time Between May 4 and June 26 is Excludable Due to Pending Pretrial Motions**

Under the Speedy Trial Act, pretrial motions by defendants automatically constitute excludable delay.  *See* 18 U.S.C. § 3161(h)(1)(D) ("delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); *United States v. Green*, 508 F.3d 195, 200 (5th Cir. 2007) ("any pretrial motion … tolls the speedy trial clock automatically, and the Government is not required to prove that the motion actually delayed trial.").   Moreover, courts are allowed a reasonable period of time following a hearing to issue a ruling (i.e., the "prompt disposition").   *See* 18 U.S.C. § 3161(h)(1)(H).   Courts recognize the Act excludes a reasonable period of time following the hearing on a pretrial motion to "allow the trial court to assemble all papers reasonably necessary to dispose of the motion."   *United States v. Johnson*, 29 F.3d 940, 944 (5th Cir. 1994).   *See also United States v. Calle*, 120 F.3d 43, 45 (5th Cir. 1997) ("Once the court has received all of the submissions, it is deemed to have taken the motion 'under advisement,' after which the court has a maximum of 30 excludable days, pursuant to 18 U.S.C. § 3161(h)(1)[H], to decide the motion before the Speedy Trial clock begins to run.")

Following this Court's declaration of mistrial in December 2022, Defendants filed a number of pretrial motions seeking various relief, including motions to dismiss the superseding indictment, for depositions, for evidentiary hearings, and for production of information related to the government's investigation of the trial team's late disclosures.  (*See, e.g.,* DE 413, 427, 428, 439, 463).

On May 30, 2023, this Court ordered that the time between December 20 and May 4, 2023 was properly excluded pursuant to 18 U.S.C. § 3161(h)(7).  (DE 500).  At the time the Court entered the May 30 Order, several pretrial motions remained pending.  Indeed, the hearing on Defendants' motions to dismiss had just been held by the Court a few days prior, on May 26, 2023. Ultimately, the many outstanding motions under consideration by the Court would not be decided for a month following the May hearing, until June 26, 2023.  (*See* DE 513).

The same rationale pursuant to which the Court found the time between December 20, 2022, and May 4, 2023, properly excludable applies to the time between May 4 and June 26 as well. Between May 4 and May 26, a number of pre-trial motions remained pending, and then the Court was allowed a reasonable period of time thereafter (May 26 – June 26) to dispose of the pending motions.  *See Johnson,* 29 F.3d at 944 (holding that the thirty days following the date of the hearing during which a motion is taken under advisement constitutes excludable delay).

Accordingly, the government requests the Court clarify that, pursuant to 18 U.S.C. § 3161(h)(1), the time between May 4 and June 26 constitutes excludable delay.

## II.  The Time Between June 27 and July 7 is Excludable

An "ends-of-justice" continuance allows a district court to toll the speedy trial clock if it finds that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  When determining whether to grant an ends-of-justice continuance, the district court must consider various factors, including, *inter alia*, "[w]hether the failure to grant such a continuance . . . would result in a miscarriage of justice" and "[w]hether . . . due to . . . the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section[.]"  18 U.S.C. § 3161(h)(7)(B)(i)–(ii).

Here, the delay between the Court's denial of the Defendants' motions for dismissal (June 27, 2023) and certain defendants' notices of appeals (July 7, 2023) should be excluded in the ends of justice as delay necessary for (1) the Defendants' preparation of the interlocutory appeal and further pretrial proceedings and (2) the Court's consideration of a potential framework for a retrial (*see, e.g.*, DE 503).  It would not have served the parties or the ends of justice to proceed headlong into retrial following the denial of the Defendants motions to dismiss.  Despite their objection to the Motion, the Defendants obviously needed time to decide whether to appeal.  Such delay is excludable.  *See United States v. Westbrook*, 119 F.3d 1176, 1188 (5th Cir. 1997) (noting that a defendant "may not seek to turn the benefit [of a continuance] he accepted into an error [under the Speedy Trail Act] that would undo his conviction") (citation and internal quotation marks omitted).

Moreover, even if none of the Defendants' had filed an appeal, the Court was considering frameworks for the retrial and had not yet decided whether the government's proposed framework (*see* DE 503) was adequate.  This delay may not technically fall within the sweep of 18 U.S.C. § 3161(h)(1)(D) because it was not a pretrial motion, but it nevertheless meets the requirements of 18 U.S.C. § 3161(h)(7).

Accordingly, the government requests the Court exclude the time from June 27 to July 7 under 18 U.S.C. § 3161(h)(7)(A).

## III.    The Time Between July 7 and the Date This Court Receives the Fifth Circuit's Mandate is Excludable

Under the Speedy Trial Act, interlocutory appeals automatically toll the speedy trial clock. *See* 18 U.S.C. § 3161(h)(1)(C) ("delay resulting from any interlocutory appeal"); *United States v. Grosz*, 76 F.3d 1318 (5th Cir. 1996).  *See also United States v. Hoskins*, 44 F.4th 140, 152 (2d Cir. 2022) ("Some periods of time are automatically excluded from the STA clock, including, as

relevant here, time related to an interlocutory appeal . . . ."); *United States v. Davenport*, 935 F.2d 1223, 1227 (11th Cir. 1991) ("The Speedy Trial Act excludes certain periods of time, however, from the calculation of the seventy-day limit."); *United States v. Pelfrey*, 822 F.2d 628, 635 (6th Cir. 1987) (automatically excluding the time between when the interlocutory appeal was filed by the government and decided by the court of appeals notwithstanding that the district court refused to stay the lower court proceedings during the pendency of the appeal).   In addition, the Act excludes time when a defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.  *See* 18 U.S.C. § 3161(h)(6).

Courts have found these provisions work together to toll the speedy trial clock for a defendant who has not appealed while a co-defendant has filed an interlocutory appeal.  *See, e.g., United States v. Holyfield,* 802 F.2d 846, 847–48 (6th Cir. 1986) (finding an exclusion applicable to one defendant as a result of an interlocutory appeal is excludable as to other defendants who have not appealed).  *Cf. United States v. Tedesco*, 726 F.2d 1216, 1219 (7th Cir. 1984) (noting defendants' failure to contest trial court's ruling that interlocutory appeal filed by one defendant also excludes time for defendant who did not file appeal); *United States v. Campbell*, 706 F.2d 1138 (11th Cir. 1983) (finding pending pre-trial motions filed by one defendant also exclude time for defendant who did not file motion).  Accordingly, the government requests the Court clarify that, pursuant to 18 U.S.C. § 3161(h)(1)(C) and (h)(6), time between July 7 and the date the Fifth Circuit issues the mandate on co-defendants' appeal constitutes excludable delay.

## IV.   <u>The Ends of Justice Further Support Exclusion of Time</u>

An "ends-of-justice" continuance allows a district court to toll the speedy trial clock if it finds that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  When determining whether to

grant an ends-of-justice continuance, the district court must consider various factors, including "[w]hether the failure to grant such a continuance . . . would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," and "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. *Id.*, § 3161(h)(7)(B)(i)–(ii). In *Zedner v. United States*, 547 U.S. 489, 497 (2006), the Supreme Court observed that the Act "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases."

The initial trial of this matter spanned four weeks and 19 trial days. Over 20 witnesses were called by the government. Holding two subsequent trials of this matter would cause significant duplication in the Court's and the government's efforts. It would also burden an additional jury. In addition, multiple witnesses would be required to testify in both subsequent trials.

Accordingly, the government requests the Court clarify that, pursuant to 18 U.S.C. § 3161(h)(7), time from May 4 through and including the date on which the Fifth Circuit issues its mandate is properly excludable from the speedy trial clock applicable to all defendants, due to the number of defendants involved here, the overlap in allegations and witnesses across the various defendants, and the further complexity introduced by the initial trial proceedings, such that the ends of justice are served by the exclusion of time.

## CONCLUSION

For these reasons, the government respectfully requests that this Court clarify and enter an Order holding that time from May 4, 2023, through the date on which the Fifth Circuit issues the

mandate on certain defendants' interlocutory appeals constitutes excludable delay under 18 U.S.C.

§ 3161(h).

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By:       _/s/ Daniel J. Griffin_____
           Daniel J. Griffin
           Assistant Chief
           Kelly M. Warner
           Trial Attorney
           Nicholas K. Peone
           Trial Attorney
           Fraud Section, Criminal Division
           U.S. Department of Justice
           1000 Louisiana, Suite 2300
           Houston, Texas 77002
           (202) 774-7985
           Daniel.Griffin3@usdoj.gov

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on August 25, 2023, counsel for the United States consulted with

counsel for the Defendants, who indicated the following responses:

| Counsel for Brian Swiencinski | Opposed |
| Counsel for Scott Breimeister | Opposed, "based on mootness/ripeness and lack of jurisdiction." |
| Counsel for Christopher Ince, M.D. | Opposed |
| Counsel for Ronnie McAda, Jr. | Opposed |

*/s/ Daniel J. Griffin*
Daniel J. Griffin
Assistant Chief

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed via

CM/ECF on August 28, 2023.

_/s/ Daniel J. Griffin_____
Daniel J. Griffin
Assistant Chief