United States District Court
Southern District of Texas
**ENTERED**
January 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CRIMINAL ACTION NO. 4:18-CR-00368 |
| BRIAN SWIENCINSKI, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are (1) the Government's Opposed Motion for Clarification of Application of the Speedy Trial Act as to Defendants Ince and McAda (the "Motion for Clarification") (Doc. #573) and Defendants Christopher Ince, M.D. ("Dr. Ince.") and Ronnie McAda, Jr.'s ("McAda") Response (Doc. #576); and (2) Dr. Ince and McAda's[1] Motion for Severance (the "Motion for Severance") (Doc. #580) and the Government's Response (Doc. #583). The Court heard oral arguments regarding the Motions on December 20, 2023. Having reviewed the parties' submissions, arguments, and the applicable legal authority, the Court grants the Motion for Clarification (Doc. #573) in part and grants the Motion for Severance (Doc. #580).

Defendants Scott Breimeister ("Breimeister"), Brian Swiencinski ("Swiencinski"), McAda, and Dr. Ince were indicted on multiple counts relating to an alleged government healthcare fraud scheme. Doc. #111. Trial in this case commenced on November 8, 2022. On December 13, 2022, the Court declared a mistrial. Following the Court's declaration of mistrial, each

---

[1] Also before the Court is McAda's Motion to Adopt Dr. Ince's Motion for Severance (the "Motion to Adopt"). Doc. #592. The Court hereby GRANTS the Motion to Adopt. *Id.*

Defendant moved to dismiss the superseding indictment on double jeopardy grounds. Doc. Nos. 428, 439, 444, 464. On June 27, 2023, the Court denied Defendants' motions for dismissal. Doc. #513. On July 7, 2023, Breimeister and Swiencinski filed notices of appeal of the Court's June 27 Order. Doc. Nos. 515, 518. On July 10, 2023, McAda also appealed. Doc. #523. However, McAda ultimately dismissed his appeal, and Dr. Ince did not appeal. Doc. #572. Thus, Breimeister and Swiencinski have pending appeals of the June 27 Order, and McAda and Dr. Ince do not.

On May 30, 2023, the Court held that the period from December 20, 2022, to May 4, 2023, constituted a period of excludable delay pursuant to 18 U.S.C. § 3161(h)(7). Doc. #500. On August 8, 2023, the Government filed its Motion for Clarification, requesting that the Court hold that the time between May 4, 2023, and the date on which the Fifth Circuit resolves Swiencinski and Breimeister's pending appeals constitutes excludable delay under the Speedy Trial Act. Doc. #573 at 3. On October 10, 2023, Dr. Ince filed his Motion for Severance, seeking to sever his case from the remaining Defendants. Doc. #580. At the December 20 hearing, McAda orally moved for severance. On January 8, 2024, McAda moved to adopt Dr. Ince's Motion for Severance, which the Court has granted. Doc. #592. The Court will first turn to the Motion for Clarification. Then, the Court will consider Dr. Ince and McAda's Motion for Severance.

In its Motion for Clarification, the Government argues that the time between May 4, 2023, and the date when the Fifth Circuit resolves Swiencinski and Breimeister's pending appeals constitutes excludable delay. Doc. #573. Under the Speedy Trial Act, following the declaration of a mistrial, "trial shall commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). However, "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section." *Id.* Allowable justifications for delay include, but are not limited to: "delay resulting from any

interlocutory appeal," "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," and when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h).

The Government argues—and Dr. Ince and McAda do not dispute—that, under the Speedy Trial Act, (1) the time between May 4, 2023, and June 26, 2023, constitutes excludable delay due to pending pretrial motions, and (2) the time between July 7, 2023, and the date on which the Fifth Circuit resolves the pending appeals constitutes excludable delay. Doc. #573 at 3; *see* Doc. #576. However, the Government also avers that the time between June 27, 2023, when the Court issued its Order denying Defendants' motions to dismiss, and July 7, 2023, when Swiencinski and Breimeister appealed the June 27 Order, constitutes excludable delay because it serves the ends of justice. Doc. #573 at 3. In particular, the Government claims that these ten days should be excluded because (1) the delay was necessary for Defendants to prepare appeals, and (2) the Court was considering a potential framework for retrial. *Id.* at 6. Dr. Ince and McAda argue that the time period between a district court's order and the filing of an interlocutory appeal is not excludable under the Speedy Trial Act. Doc. #576 at 3.

The Speedy Trial Act sets forth various factors for courts to consider when determining whether an ends-of-justice continuance is warranted, including: (1) whether denying a continuance would "make a continuation of such proceeding impossible, or result in a miscarriage of justice," (2) whether the complexity of the case makes it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section," and (3) whether denying a continuance "would deny the defendant reasonable time to obtain counsel,

would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7). The Court finds that none of these factors weigh in favor of excluding the ten-day period between when the Court issued its June 27 Order and certain Defendants appealed that Order. *See id.* Moreover, while the Fifth Circuit has not spoken on this issue, courts outside of this Circuit have determined that "the time between the district court's order and the filing of an interlocutory appeal is not excludable." *United States v. Pete*, 525 F.3d 844, 849 n.5 (9th Cir. 2008) (collecting cases).

Thus, the Court finds that the period between June 27, 2023, and July 7, 2023, is not excludable under the Speedy Trial Act. However, the time between May 4, 2023, and June 26, 2023, constitutes excludable delay because there were pending pretrial motions. *See* 18 U.S.C. 3161(h)(1)(D). In addition, the time between July 7, 2023, and the date on which the Fifth Circuit resolves the pending appeals constitutes excludable delay. *Id.* § 3161(h)(1)(C). The Government's Motion for Clarification is therefore granted in part and denied in part.

Next, Dr. Ince and McAda argue that their cases should be severed from the remaining Defendants, Swiencinski and Breimeister. Doc. Nos. 580, 592. Under Rule 14 of the Federal Rules of Criminal Procedure, "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). "In ruling on a motion to sever, the court must weigh any prejudice the defendants might suffer against the government's interest in the judicial economy of a joint trial." *United States v. Erwin*, 793 F.2d 656, 665 (5th Cir. 1986).

Here, the Court finds that Dr. Ince and McAda would be prejudiced by continued joinder

4

with the remaining Defendants. The reason that Dr. Ince and McAda's cases have not been resolved is because, after a five-week trial, a mistrial was declared due to the Government's conduct. Now, this case, which has been pending for more than five years, remains delayed due to pending appeals by Swiencinski and Breimeister, while Dr. Ince and McAda are prepared to move forward. Severing Dr. Ince and McAda's cases will allow them to proceed while the remaining Defendants await a decision by the Fifth Circuit. In addition, trying Dr. Ince and McAda separately from Swiencinski and Breimeister promotes judicial efficiency given that the issues will be significantly narrowed. Indeed, at the December 20 hearing, Dr. Ince and McAda's counsel estimated that a trial of these two Defendants together would last approximately two weeks, as opposed to the five-week endeavor of the first trial with all Defendants. Thus, the Court finds that a severance is warranted pursuant to Federal Rule of Criminal Procedure 14.

In conclusion, the Court finds that the Government's Motion for Clarification is GRANTED IN PART. Doc. #573. It is ORDERED that a period of excludable delay shall consist of the period starting on May 4, 2023, and ending on June 26, 2023, as well as the period starting on July 7, 2023, and the date on which the Fifth Circuit resolves the pending appeals. However, the period between June 27, 2023, and July 7, 2023, is not excluded. Furthermore, McAda's Motion to Adopt is GRANTED. Doc. #592. Dr. Ince and McAda's Motion for Severance is GRANTED. Doc. #580. Dr. Ince and McAda will proceed to trial together, separately from Swiencinski and Breimeister.

It is so ORDERED.

__JAN 1 0 2024__
Date

_____
The Honorable Alfred H. Bennett
United States District Judge